## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Charles Clayton,                            )
                                            )
    Plaintiff,                          )       CIVIL ACTION NO.
                                            )
vs.                                         )
                                            )
Metropolitan Life Insurance Co., et. al.,   )
                                            )
    Defendants                          )
_____)

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 et seq., the Defendant DaimlerChrysler Corporation ("Chrysler") hereby removes from the Superior Court of Middlesex County, Massachusetts to the United States District Court for the District of Massachusetts, the state court action entitled *Charles Clayton v. Metropolitan Life Insurance Co., et al.,* Civil Action No. 05-0925 ("*Clayton* action"). As grounds for removal, Chrysler states the following:

1.    Plaintiff originally commenced this civil action on April 28, 2005, alleging bodily injury resulting from exposure to asbestos and asbestos-containing materials. A copy of the Plaintiff's Complaint is attached hereto as composite Exhibit A pursuant to the provisions of 28 U.S.C. § 1446 (a).

2.    In Plaintiff's Complaint, Plaintiff Charles Clayton identified having exposure to asbestos-containing products at Federal Enclaves. Accordingly, this action falls within the Courts' original federal question jurisdiction pursuant to 28 U.S.C. § 1331.

3.    Specifically, the Complaint provides that Plaintiff Charles Clayton was

exposed to asbestos-containing products while working as a food service worker aboard various ships at the Portsmouth Naval Shipyard, Kittery, Maine, in approximately 1953. *See* Exhibit A.

4.   Pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction over the claims of Plaintiff in the *Clayton* action, because such action asserts claims arising under the "Federal Enclave" Clause of the U.S. Constitution, Art. I, Sec. 8, cl. 17, thereby giving rise to federal question jurisdiction. Accordingly, removal is appropriate pursuant to 28 U.S.C. § 1441(a)(b) and (c). *See Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1034 n. 1 (10th Cir. 1998); *Akin v. Big Three Industries, Inc.*, 851 F. Supp. 819, 822 (E.D. Tex. 1994); *Reed v. Fina Oil & Chem. Co.*, 995 F. Supp. 705, 713 (E.D. Tex. 1998); and *Hines v. Acand S, Inc.*, 128 F. Supp.2d 1003 (N.D. Tex. 2001).

5.   Removal of this action is timely under the provisions of 28 U.S.C. § 1446(b), as this Notice of Removal was filed within thirty (30) days of receipt of information from which it first could be ascertained that the case was removable. *See Hines v. Acends, Inc.*, 128 F. Supp.2d 1003 (N.D. Tex. 2001).

6.   The remaining claims in this action are so related to the federal claims that they form part of the same transaction or controversy. Accordingly, this Court has supplemental jurisdiction over such claims pursuant to 28 U.S.C. § 1367(a).

7.    Pursuant to 28 U.S.C. § 1446(d), all adverse parties are being provided

with written notice of removal, and a copy of this Notice of Removal is being filed with

the Clerk of the Superior Court, Middlesex County, Massachusetts.

This the $23$ day of May 2005.

DAIMLERCHRYSLER CORPORATION
By Its Attorneys,
CAMPBELL, CAMPBELL EDWARDS
& CONROY

Charles K. Mone, BBO#: 351660
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

## CERTIFICATE OF SERVICE

I, Charles K. Mone, Counsel for the Defendant, do hereby certify that on May, $23$ 2005, a true copy of the above document was served on the plaintiff via Federal Express and email and on all defendants via email.

Charles K. Mone

# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX:  ss.                          SUPERIOR COURT
                                         DEPARTMENT OF THE
                                         TRIAL COURT

--------------------------------------------------------X
CHARLES CLAYTON,

                Plaintiff,               Civil Action
                                         No. 05-0925
        v.
                                              COMPLAINT
METROPOLITAN LIFE INSURANCE COMPANY
EASTERN REFRACTORIES COMPANY, INC.       PLAINTIFF DEMANDS
ECKEL INDUSTRIES, INC.                    A TRIAL BY JURY
P.T. BRAKELINING COMPANY, INC.
OWENS-ILLINOIS, INC.
OWENS-ILLINOIS GLASS COMPANY
RAPID-AMERICAN CORPORATION
GARLOCK, INC.
INGERSOLL-RAND COMPANY
JOHN CRANE, INC.
UNIROYAL, INC.
BAYER CROPSCIENCE, INC. f/k/a
   AMCHEM PRODUCTS, INC.
PARKER-HANNIFIN CORPORATION
ITT INDUSTRIES, INC., AS
   SUCCESSOR TO GOULDS PUMPS, INC.
UNION CARBIDE CORPORATION
HONEYWELL INTERNATIONAL INC. f/k/a ALLIEDSIGNAL,
   INC. f/k/a THE BENDIX CORPORATION
BORG-WARNER CORPORATION n/k/a BURNS
   INTERNATIONAL SERVICES CORPORATION
DAIMLERCHRYSLER CORPORATION
FORD MOTOR COMPANY
GENERAL MOTORS CORPORATION
PNEUMO-ABEX CORPORATION
HAMPDEN AUTOMOTIVE SALES CORP.,

                Defendants.
--------------------------------------------------------X

     Now comes the plaintiff, by his attorneys, and

files the following complaint:

     1.  PARTY PLAINTIFF

     Plaintiff, Charles Clayton, a single person,

resides at 3 Hillcrest Road, Apt. #2, Foxboro,

1

Massachusetts  02035.

2.  PARTY DEFENDANTS

2A.  The defendant, Metropolitan Life Insurance Company (hereinafter "Metropolitan"), is a foreign corporation which does or has done business in the Commonwealth of Massachusetts.

2B.  The defendant, Eastern Refractories Company, Inc., is a corporation organized under the laws of the Commonwealth of Massachusetts with its principal place of business located in the Commonwealth of Massachusetts.

2C.  The defendant, Eckel Industries, Inc., is a corporation organized under the laws of the Commonwealth of Massachusetts with a principal place of business located in the Commonwealth of Massachusetts.

2D.  The defendant, P.T. Brakelining Company, Inc., is a Massachusetts corporation with a principal place of business in the Commonwealth of Massachusetts and has conducted business in the Commonwealth of Massachusetts.

2E.  The defendant, Owens-Illinois, Inc., is a corporation incorporated under the laws of the State of Ohio, having a principal place of business outside the Commonwealth of Massachusetts, and has conducted business in the Commonwealth of Massachusetts.

2F.  The defendant, Owens-Illinois Glass Company, is a corporation incorporated under the laws of the

2

State of Ohio, having a principal place of business outside the Commonwealth of Massachusetts and has conducted business in the Commonwealth of Massachusetts.

2G.  The defendant, <u>Rapid-American Corporation</u>, is the legal successor to the Philip Carey Manufacturing Company and is a corporation incorporated under the laws of the State of Delaware, having a principal place of business outside the Commonwealth of Massachusetts, and on information and belief has conducted business in the Commonwealth of Massachusetts itself and through its predecessor corporation.

2H.  The defendant, <u>Garlock, Inc.</u>, is a foreign corporation having a principal place of business in the State of New York and has conducted business in the Commonwealth of Massachusetts.

2I.  The defendant, <u>Ingersoll-Rand Company</u>, is a New Jersey corporation having a principal place of business in New Jersey and is registered to and has conducted business in the Commonwealth of Massachusetts.

2J.  The defendant, <u>John Crane, Inc.</u>, is a Delaware corporation with a principal place of business in the State of Illinois and has conducted business in the Commonwealth of Massachusetts.

2K.  The defendant, <u>Uniroyal, Inc.</u>, is a foreign corporation with a principal place of business outside

3

the Commonwealth of Massachusetts and has conducted
business in the Commonwealth of Massachusetts.

2L.   The defendant, <u>Bayer CropScience, Inc. f/k/a
Amchem Products, Inc.</u>, is a Delaware corporation having
a principal place of business in Pennsylvania which has
conducted business in the Commonwealth of
Massachusetts.

2M.   The defendant, <u>Parker-Hannifin Corporation</u>,
is a corporation incorporated under the laws of the
State of Ohio having a principal place of business in
the State of Ohio and has conducted business in the
Commonwealth of Massachusetts.

2N.   The defendant, <u>ITT Industries, Inc., as
Successor to Goulds Pumps, Inc.</u>, is a foreign
corporation incorporated under the laws of the State of
Indiana having a principal place of business in White
Plains, New York, and has conducted business in the
Commonwealth of Massachusetts.

2O.   The defendant, <u>Union Carbide Corporation</u>, is
a Connecticut corporation with a principal place of
business outside the Commonwealth of Massachusetts and
has conducted business in the Commonwealth of
Massachusetts.

2P.   The defendant, <u>Honeywell International Inc.
f/k/a AlliedSignal, Inc., f/k/a The Bendix Corporation</u>,
is a Delaware corporation having a principal place of
business outside the Commonwealth of Massachusetts and

4

has conducted business in the Commonwealth of
Massachusetts.

2Q.   The defendant, Borg-Warner Corporation n/k/a
Burns International Services Corporation, is a Delaware
corporation with a principal place of business in the
State of Illinois and has conducted business in the
Commonwealth of Massachusetts.

2R.   The defendant, DaimlerChrysler Corporation,
is a Delaware corporation with a principal place of
business in the State of Michigan which has conducted
business in the Commonwealth of Massachusetts.

2S.   The defendant, Ford Motor Company, is a
Delaware corporation with a principal place of business
in the State of Michigan and has conducted business in
the Commonwealth of Massachusetts.

2T.   The defendant, General Motors Corporation, is
a Delaware corporation with a principal place of
business in the State of Michigan and has conducted
business in the Commonwealth of Massachusetts.

2U.   The defendant, Pneumo-Abex Corporation, as
Successor in Interest to Abex Corporation, is a foreign
corporation, with a principal place of business outside
the Commonwealth of Massachusetts which has conducted
business in the Commonwealth of Massachusetts.

2V.   The defendant, Hampden Automotive Sales
Corp., is a corporation incorporated under the laws of
the Commonwealth of Massachusetts, having a principal

5

place of business at 117 Heath Street, Boston, Massachusetts.

As used in this Complaint, the term "defendant" shall include any party defendants identified in paragraphs 2A-2V hereof, and their predecessors, which shall include, but is not limited to, any person, corporation, company or business entity:  which formed part of any combination, consolidation, merger or reorganization from which any party defendant was created or was the surviving corporation; whose assets, stock, property, products or product line was acquired by any party defendant; whose patent rights, trademark rights, trade secrets or goodwill was acquired by any party defendant; or, which was dominated or controlled by any party defendant to such an extent that said party defendant was the "alter ego" of said corporation.

3.   The plaintiff's cause of action arises from the defendants: (a) transacting business in Massachusetts; (b) contracting to supply and/or sell goods in Massachusetts; (c) doing or causing a tortious act to be done within Massachusetts; and/or, (d) causing the consequence of a tortious act to occur within Massachusetts.

4.   Plaintiff, Charles Clayton, was exposed to defendants' asbestos and asbestos-containing materials while working as a mechanic from approximately 1938 to

6

1948; and as a food service worker aboard various ships
at the Portsmouth Naval Shipyard, Kittery, Maine in
approximately 1953.

5.   During the period of time set forth in
Paragraph 4, the plaintiff was exposed to and did
inhale and/or ingest asbestos dust, fibers, and
particles, which dust, fibers, and particles came from
the asbestos or asbestos-containing products which were
mined, milled, manufactured, fabricated, supplied
and/or sold by the defendant corporations.

6.   The asbestos and asbestos-containing products
which the plaintiff was exposed to were mined, milled,
manufactured, fabricated, supplied, and/or sold by the
defendant corporations, acting through their duly
authorized agents, servants, and employees, who were
then and there acting in the course and scope of their
employment and in furtherance of the business of the
defendants.

7.   At all times pertinent hereto, the defendant
corporations were engaged in the business of mining,
milling, manufacturing, fabricating, supplying, and/or
selling asbestos and asbestos-containing products.

8.   At all times pertinent hereto, the asbestos
products were products mined, milled, manufactured,
fabricated, supplied and/or sold by the defendant
corporations and reached the plaintiff without any
substantial change in the condition of the product or

7

products from the time that they were sold.

## COUNT I

### NEGLIGENCE

9.  Plaintiff realleges the allegations of Paragraphs 1 through 8 of the Complaint, and by reference, makes them part of this Count.

10.  It was the duty of the defendant corporations to use and exercise reasonable and due care in the manufacture, fabricating, testing, inspection, production, marketing, packaging and sale of their asbestos and asbestos-containing products.

11.  It was also the duty of the defendant corporations to provide detailed and adequate instructions relative to the proper and safe handing and use of their asbestos and asbestos products, and to provide detailed and adequate warnings concerning any and all dangers, characteristics, and potentialities of their asbestos and asbestos-containing products.

12.  It was the continuing duty of the defendant corporations to advise and warn purchasers, consumers, users, and prior purchasers, consumers, and users of all dangers, characteristics, potentialities and defects discovered subsequent to their initial marketing or sale of their asbestos and asbestos-containing products.

13.  Yet, nevertheless, wholly disregarding the aforesaid duties, the defendant corporations breached

8

their duties by: (a) failing to warn the plaintiff of the dangers, characteristics, and potentialities of their asbestos-containing product or products when the defendant corporations knew or should have known that exposure to their asbestos-containing products would cause disease and injury; (b) failing to warn the plaintiff of the dangers to which he was exposed when they knew or should have known of the dangers; (c) failing to exercise reasonable care to warn the plaintiff of what would be safe, sufficient, and proper protective clothing, equipment, and appliances when working with or near or being exposed to their asbestos and asbestos-containing products; (d) failing to provide safe, sufficient and proper protective clothing, equipment and appliances with their asbestos-containing product or products; (e) failing to test their asbestos and asbestos products in order to ascertain the extent of dangers involved upon exposure thereto; (f) failing to conduct such research as should have been conducted in the exercise of reasonable care, in order to ascertain the dangers involved upon exposure to their asbestos and asbestos-containing products; (g) failing to remove the product or products from the market when the defendant corporations knew or should have known of the hazards of exposure to their asbestos and asbestos-containing products; (h) failing upon discovery of the dangers, hazards, and

9

potentialities of exposure to asbestos to adequately warn and apprise the plaintiff of the dangers, hazards, and potentialities discovered; (i) failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos to package said asbestos and asbestos-containing products so as to eliminate said dangers, hazards, and potentialities; and, (j) generally using unreasonable, careless, and negligent conduct in the manufacture, fabricating, supply, or sale of their asbestos and asbestos-containing products.

14. As a direct and proximate result of the unreasonable, careless, and negligent conduct of the defendant corporation, the plaintiff has developed malignant mesothelioma and other asbestos-related disease, as a result of which the plaintiff has incurred medical expenses, suffered a dramatic reduction in his life expectancy, incurred great mental and physical pain and suffering, and suffered an impairment in his enjoyment of life, which damages are continuing in nature.

15. The defendants knew, or with the reasonable exercise of care, should have known of the dangerous characteristics, properties, and potentialities of asbestos and asbestos-containing products.

WHEREFORE, plaintiff, Charles Clayton, demands compensatory damages, plus interest and costs.

10

## COUNT II

### BREACH OF EXPRESSED AND IMPLIED WARRANTIES

16.   Plaintiff realleges the allegations of Paragraphs 1 through 15 of the Complaint, and by reference, makes them part of this Count.

17.   The plaintiff was a person whom the defendants could reasonably have expected to use, consume, or be affected by the defendants' asbestos and asbestos-containing products within the meaning of Massachusetts General Laws c. 106, sec. 2-318, as the defendants knew or had reason to know that their asbestos-containing products would be used in the insulation or construction industry and that individuals such as the plaintiff would come in contact with such asbestos materials.

18.   The defendants expressly and impliedly warranted that the asbestos and asbestos-containing products described above were merchantable, safe, and fit for their ordinary and the particular purposes and requirements of plaintiff.

19.   The defendants had reason to know of the particular purposes for which their asbestos and asbestos-containing products would be used.

20.   The plaintiff relied upon the defendants' skill or judgment in selecting suitable insulation or construction products for safe use.

21.   The defendants breached these warranties, in

11

that the asbestos-containing products they sold were not merchantable, safe, suitable, or fit for their ordinary or particular purposes.

22.  As a direct and proximate result of the defendants' breach of warranties, the plaintiff has developed malignant mesothelioma and other asbestos-related disease, as a result of which the plaintiff has incurred medical expenses, suffered a dramatic reduction in his life expectancy, incurred great mental and physical pain and suffering, and suffered an impairment in his enjoyment of life, which damages are continuing in nature.

WHEREFORE, plaintiff, Charles Clayton, demands compensatory damages, plus interest and costs.

### COUNT III

### CONSPIRACY OR CONCERT OF ACTION:  METROPOLITAN ONLY

23.  Plaintiff realleges the allegations of Paragraphs 1 through 22 of the Complaint, and by reference, makes them part of this Count.

24.  In addition, during the time period set forth in Paragraph 4, the plaintiff was exposed to and did inhale and/or ingest asbestos dust, fibers, and particles, which dust, fibers, and particles came from the asbestos or asbestos-containing products which were mined, milled, manufactured, fabricated, supplied and/or sold by the Johns Manville Corporation (hereinafter "Manville") and/or Raymark Industries,

12

Inc. (hereinafter "Raymark").

25.    The defendant, Metropolitan Life Insurance
Company, (hereinafter "Metropolitan") together with
Manville, Raymark and other persons and entities, known
and unknown at times relevant hereto, engaged in a
conspiracy or concert of action to inflict injury on
the plaintiff, and to withhold, alter, suppress and
misrepresent information about the health effects of
asbestos exposure.  One or more of said conspirators
did cause tortious injury to the plaintiff in the
course of or as a consequence of the conspiracy or
concert of action.  At least the following enumerated
acts were undertaken by the conspirators in the course
of and in furtherance of the conspiracy or concert of
action.

     a.    In 1932, Metropolitan, through its agents,
          Dr. Anthony Lanza and others, assisted
          Manville with medical examinations of over
          1,000 employees of Manville's factory in
          Manville, New Jersey.  The report of this
          study shows that a large percentage of the
          employees suffered from asbestosis including
          employees not directly involved in the
          manufacturing process.  This 1932 medical
          survey was not published in the medical
          literature and, therefore, was unavailable to
          scientists studying the issue of asbestos

13

disease.   Further collaboration between
Manville and Metropolitan continued the
cover-up.

b.    Beginning in approximately 1934, Manville,
through its agents, Vandiver Brown and
Attorney J.C. Hobart, suggested to Dr.
Anthony Lanza, Associate Director of
Metropolitan, (insurer of Manville and
Raymark) that Lanza publish a study on
asbestosis in which Lanza would affirmatively
misrepresent material facts about the health
consequences of asbestos exposure.   This was
accomplished through intentional deletion of
Lanza's description of asbestosis as "fatal"
and through other selective editing that
affirmatively misrepresented asbestosis as a
disease process less serious than it actually
is and was known to be. As a result, Lanza's
study was published in the medical literature
in this misleading fashion in 1935.   The
conspirators were motivated, in part, to
effectuate this fraudulent misrepresentation
and fraudulent nondisclosure by the desire to
influence proposed legislation to regulate
asbestos exposure and to provide a defense in
lawsuits involving Manville, Raymark and
Metropolitan, as insurer.   Furthermore, upon

14

information and belief, it is alleged that
Metropolitan, at all times relevant hereto,
had substantial monetary investments in
Manville and Raymark, among other asbestos
product manufacturers and distributors.

c.   In 1936, the conspirators or some of them
including Manville, Raymark, and other
companies entered into an agreement with the
Saranac Laboratories in New York.  Under this
agreement, these conspirators acquired the
power to decide what information Saranac
Laboratories could publish about asbestos
disease and to control in what form such
publications were to occur.  This agreement
gave these conspirators power to
affirmatively misrepresent the results of the
work at Saranac, and also gave these
conspirators power to suppress material facts
included in any study.  On numerous occasions
thereafter, the conspirators exercised their
power to prevent Saranac scientists from
disclosing material scientific data,
resulting in numerous misstatements of fact
being made at scientific meetings.

d.   By November 1948, or earlier, Manville,
Metropolitan (acting through Dr. Lanza),
Raymark, and others decided to exert their

15

influence to materially alter and
misrepresent material facts about the
substance of research started by Dr. Leroy
Gardner at the Saranac Laboratories beginning
in 1936.  Dr. Gardner's research involved
carcinogenicity of asbestos in mice and also
included an evaluation of the health effects
of asbestos on humans with a critical review
of the then-existing standards of dust
exposure for asbestos and asbestos products.

e.  At a meeting on November 11, 1948, these
conspirators and others intentionally and
affirmatively determined that Dr. Gardner's
work should be edited to specifically delete
material facts about the cancer-causing
propensity of asbestos and the health effects
of asbestos on humans and they determined
that only an edited version would be
published.  These conspirators thereby
fraudulently misrepresented the risks of
asbestos exposure to the public, in general,
and to the class of persons exposed to
asbestos, including the plaintiff.

f.  As a direct result of influence exerted by
the above-described conspirators, Dr. Arthur
Vorwald published Dr. Gardner's edited work
in the Journal of Industrial Hygiene, AMA

16

<u>Archives of Industrial Hygiene and</u>

<u>Occupational Health</u> in 1951 in a form that

stressed those portions of Dr. Gardner's work

that the conspirators wished stressed, but

which omitted references to human asbestosis

and cancer, thereby fraudulently and

affirmatively misrepresenting the extent of

the risks.  The conspirators affirmatively

and deliberately disseminated this misleading

Vorwald publication to university libraries,

government officials, agencies and others.

g.    Such action constituted a material

affirmative misrepresentation of the material

facts involved in Dr. Gardner's work and

resulted in creating an appearance that

inhalation of asbestos was a less serious

health concern than Dr. Gardner's unedited

work indicated.

26.    Plaintiff further alleges that Metropolitan,

Manville, Raymark and/or their predecessors in interest

knowingly agreed, contrived, combined, confederated and

conspired among themselves to cause plaintiff injuries,

diseases, and/or illnesses by exposing plaintiff to

harmful and dangerous asbestos-containing products

and/or machinery requiring or calling for the use of

asbestos and/or asbestos-containing products.

Metropolitan, Manville, and Raymark further knowingly

agreed, contrived, combined, confederated and conspired to deprive plaintiff of the opportunity of informed free choice as to whether to use said asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products or to expose themselves to said dangers.  In this connection, plaintiff has sued the Metropolitan Life Insurance Company in its capacity as a conspirator and because it committed tortious act in concert with others pursuant to a common design. Metropolitan, Manville, and Raymark committed the above-described wrongs by willfully misrepresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to Manville's and/or Raymark's asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

27.  In furtherance of said conspiracies, Metropolitan, Manville, and Raymark performed the following overt acts:

a.    for many decades, Metropolitan, individually, jointly and in conspiracy with Manville and Raymark, have been in possession of medical and scientific data, literature and test reports which clearly indicated that the inhalation of asbestos dust and fibers resulting from the ordinary foreseeable use

18

of said asbestos-containing products and/or
machinery requiring or calling for the use of
asbestos or asbestos-containing products were
unreasonably dangerous, hazardous,
deleterious to human health, carcinogenic,
and potentially deadly;

b.  despite the medical and scientific data,
literature and test reports possessed by and
available to Metropolitan, individually and
in conspiracy with Manville and Raymark,
fraudulently, willfully and maliciously:

(i)  withheld, concealed and suppressed said
medical and scientific data, literature,
and test reports regarding the risks of
asbestosis, cancer, mesothelioma and
other illnesses and diseases from
plaintiff who were using and being
exposed to Manville or Raymark asbestos-
containing products and/or machinery
requiring or calling for the use of
asbestos and/or asbestos-containing
products;

(ii) caused to be released, published and
disseminated medical and scientific
data, literature, and test reports
containing information and statements
regarding the risks of asbestosis,

19

cancer, mesothelioma and other illnesses
and diseases, which Metropolitan,
Manville, and Raymark knew were either
incorrect, incomplete, outdated and
misleading; and

(iii) distorted the results of medical
examinations conducted upon workers such
as plaintiff who were using asbestos-
containing products and/or machinery
requiring or calling for the use of
asbestos and/or asbestos-containing
products and being exposed to the
inhalation of asbestos dust and fibers
by falsely stating and/or concealing the
nature and extent of the harm to which
workers such as plaintiff has suffered;
and

(iv) failing to adequately warn the plaintiff
of the dangers to which he was exposed
when they knew of the dangers.

c.    by the false and fraudulent representations,
omissions, failures, and concealments set
forth above, Metropolitan, Manville, and
Raymark, individually, jointly, and in
conspiracy with each other, intended to
induce the plaintiff to rely upon said false
and fraudulent representations, omissions,

20

failures, and concealments, to continue to
expose themselves to the dangers inherent in
the use of and exposure to their asbestos-
containing products and/or machinery
requiring or calling for the use of asbestos
and/or asbestos-containing products.

Said misrepresentations were false, incomplete,
and misleading and constitute negligent
misrepresentations as defined by Sections 311 and 522
of the Restatement (Second) of Torts.

28.  Plaintiff reasonably and in good faith relied
upon the false and fraudulent representations,
omissions, failures, and concealments made by
Metropolitan, Manville, and Raymark regarding the
nature of their asbestos-containing products and/or
machinery requiring or calling for the use of asbestos
and/or asbestos-containing products.

29.  As a direct and proximate result of the
conspiracy and concert of action between Metropolitan,
Manville and Raymark, the plaintiff has been deprived
of the opportunity of informed free choice and
connection with the use of and exposure to Manville and
Raymark's asbestos and asbestos-containing products,
and therefore continued to work with and be exposed to
the co-conspirator corporation's asbestos and asbestos-
containing products and as a result contracted
asbestos-related diseases and other conditions, and/or

21

aggravated pre-existing conditions, as a result of which the plaintiff has suffered a dramatic reduction of his life expectancy, incurred great mental and physical pain and suffering, sustained lost wages and lost earning capacity, incurred medical expenses, and their enjoyment of life has been greatly impaired, which damages are continuing in nature.

WHEREFORE, Plaintiff, Charles Clayton, demands compensatory damages, plus interest and costs.

## COUNT IV

### UNDERTAKING OF SPECIAL DUTY: METROPOLITAN ONLY

30.    Plaintiff realleges the allegations of Paragraphs 1 through 29 of the Complaint, and by reference, makes them part of this Count.

31.    Defendant Metropolitan, through its Policyholders Service Bureau, undertook duties owed by entities which manufactured, sold, supplied, or distributed asbestos-containing products, including Manville and Raymark to plaintiff by testing of asbestos workers and the conduct of scientific studies. These duties included, without limitation, as follows:

    a.    to test fully and adequately for health risks
           concomitant to the normal and intended use of
           their products; and

    b.    to instruct fully and adequately in the use
           of their products so as to eliminate or
           reduce the health hazards concomitant with

22

their normal or intended use.

In undertaking these duties, Metropolitan knew or should have known that it was providing testing services for the ultimate protection of third persons, including the plaintiff.

32.   In both conducting said tests and publishing their alleged results, Metropolitan failed to exercise reasonable care to conduct or publish complete, adequate, and accurate tests of the health effects of asbestos.  Metropolitan also caused to be published intentionally false, misleading, inaccurate and deceptive information about the health effects of asbestos exposure.  In so acting, Metropolitan breached their special responsibility by failing to exercise reasonable care to protect their undertaking, as described above.

33.   The plaintiff unwittingly but justifiably relied upon the thoroughness of Metropolitan's tests and information dissemination, the results of which Metropolitan published in leading medical journals.

34.   In failing to test fully and adequately for the adverse health effects from exposure asbestos; in delaying the publication of such results; and in falsely editing such results as were obtained; in suppressing relevant medical inquiry and knowledge about those hazards to promote the sale and distribution of asbestos as a harmless product; and in

23

collaborating with entities which manufactured, sold, supplied, or distributed asbestos-containing products, including Manville and Raymark materially to understate the hazards of asbestos exposure, all for pecuniary profit and gain, Metropolitan acted recklessly, wantonly, and in calculated disregard for the welfare of the general public, including the plaintiff.

35.  As a direct and proximate result of Metropolitan's failures to conduct or accurately publish adequate test or disseminate accurate and truthful information, after undertaking to do so; (i) the risk of harm to the plaintiff from asbestos exposure was increased, and (ii) plaintiff contracted asbestos-related diseases and other conditions, and/or aggravated pre-existing conditions, as a result of which the plaintiff has suffered a dramatic reduction of their life expectancy, incurred great mental and physical pain and suffering, sustained lost wages and lost earning capacity, incurred medical expenses, and their enjoyment of life has been greatly impaired, which damages are continuing in nature.

WHEREFORE, Plaintiff, Charles Clayton, demands compensatory damages, plus interest and costs.

### COUNT V

### MALICIOUS, WILLFUL, WANTON AND RECKLESS
### CONDUCT OR GROSS NEGLIGENCE

36.  Plaintiff realleges the allegations of

24

41. The defendants acted maliciously, willfully, wantonly, and recklessly, or with gross negligence, by continuing to market their asbestos products, with reckless disregard for the health and safety of Plaintiff's and other users and consumers, knowing the dangerous characteristics and propensities of said asbestos products, but still depriving those affected by the dangers from information about those dangers.

42. Because the defendants acted maliciously, willfully, wantonly, and recklessly, or with gross negligence, in marketing their hazardous asbestos and asbestos-containing products, in ignoring the medical and scientific data which was available to them, and depriving consumers, users, and the general public from that medical and scientific data, the plaintiff is entitled to compensatory damages.

WHEREFORE, the plaintiff, Charles Clayton, demands punitive damages in addition to the damages demanded in Counts I through IV, plus interest and costs.

Plaintiff demands a trial by jury on all issues.

DATED: March 18, 2005

Respectfully submitted,

Brad J. Mitchell
(BBO #639845)
THORNTON & NAUMES, LLP
100 Summer Street, 30th floor
Boston, MA 02110
(617) 720-1333

26

**COMMONWEALTH OF MASSACHUSETTS**

5846286

May 18 2005
4:36PM

**MIDDLESEX, ss.**

**SUPERIOR COURT**
**CIVIL ACTION NO. 05-0925**

**CHARLES CLAYTON,**
    **Plaintiff,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, et al.**
    **Defendants.**

## ACKNOWLEDGMENT OF SERVICE AND NOTICE OF INTENT

The defendant, Ingersoll-Rand Company, hereby acknowledges receipt of a summons and a copy of plaintiff's complaint in this action.

The defendant, Ingersoll-Rand Company, hereby asserts its standard set of affirmative defenses on file in the Massachusetts asbestos consolidated docket.

The defendant, Ingersoll-Rand Company, does not adopt the model cross-claim of defendants.

The defendant, Ingersoll-Rand Company, demands a trial by jury on all issues brought by or against it in this action.

The defendant, Ingersoll-Rand Company, hereby gives notice of its intent to assert a third-party claim against the Manville Corporation Asbestos Disease Compensation Fund pursuant to paragraph I.B. (1) of the order dated October 18, 1989, amendments to Pretrial Order No. 4

Respectfully submitted,
For the defendant,
Ingersoll-Rand Company,
by its attorneys.

Richard B. Kirby, B.B.O. No.: 273600
Keegan Werlin LLP
265 Franklin Street
Boston, MA 02110
(617) 951-1400
(617) 951-1354 (facsimile)

## CERTIFICATE OF SERVICE

I, Richard B. Kirby, Attorney for the defendant, Ingersoll-Rand Company, in the above-entitled action, hereby certify that I served upon the attorneys of record a copy of the Acknowledgment of Service and Notice of Intent, by electronic filing, via LexisNexis File & Serve, on this, the 18th day of May, 2005.

47161-70772

Richard B. Kirby



COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, S.S.

SUPERIOR COURT
C.A. NO. 05-0925

CHARLES CLAYTON,

Plaintiff,

v.

RAPID-AMERICAN CORPORATION,
ET AL.,

Defendants.

## ACKNOWLEDGEMENT OF SERVICE OF
## RAPID-AMERICAN CORPORATION

The defendant, Rapid-American Corporation, hereby acknowledges receipt of a summons

and a copy of the plaintiff's complaint in this action.

The defendant adopts the Model Cross-Claim of Defendants.

The defendant demands a trial by jury on all issues brought by or against it in this action.

RAPID-AMERICAN CORPORATION,

By its Attorney,

[original signature on file]

_____

Barbara S. Hamelburg, BBO#218670
Foley Hoag, LLP
155 Seaport Boulevard
Boston, MA 02110
(617) 832-1000

Date: May 18, 2005

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2005, I served the foregoing electronically, via Lexis/Nexis File and Serve, to plaintiff counsel and to all defense counsel of record.

[original signature on file]

Barbara S. Hamelburg

**COMMONWEALTH OF MASSACHUSETTS**

**MIDDLESEX, ss.**

**SUPERIOR COURT**
**DEPARTMENT OF THE**
**TRIAL COURT**

| | |
|---|---|
| **Charles Clayton,** | ) |
| | ) |
| Plaintiff, | ) **DOCKET NO.: 05-0925** |
| Vs. | ) |
| | ) |
| **Metropolitan Life Insurance Co., et. al.,** | ) |
| | ) |
| Defendants | ) |
| | ) |

**ACKNOWLEDGMENT OF SERVICE**

Pursuant to Pre-Trial Order No. 4, DaimlerChrysler Corporation, hereby acknowledges receipt of a

summons and a copy of Plaintiff's Complaint in this action.

DaimlerChrysler Corporation hereby asserts its standard set of Affirmative Defenses on file in the

Massachusetts asbestos consolidated docket.

DaimlerChrysler Corporation does not adopt the Model Cross-Claim of Defendants.

DaimlerChrysler Corporation demands a trial by jury on all issues brought by or against defendant in this

action.

DaimlerChrysler Corporation hereby gives notice of its intent to assert a third-party claim against the

Manville Corporation Asbestos Disease Compensation Fund pursuant to paragraph I.B. (1) of the Order dated

October 18, 1989, amending Pretrial Order No. 4.

**DAIMLERCHRYSLER CORPORATION**
By Its Attorneys,

**CAMPBELL CAMPBELL EDWARDS &**
**CONROY**
**PROFESSIONAL CORPORATION**

/s/
Holly M Polglase, BBO #553271
Charles K. Mone, BBO #351660
One Constitution Plaza
Boston, MA 02129

**CERTIFICATE OF SERVICE**
A true and correct copy of this document was electronically served on Verilaw which is charged with the
responsibility of electronic service on all counsel of record.

/s/
Holly M. Polglase BBO# 553271
Charles K. Mone, BBO# 351660

## COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX, ss.**

**SUPERIOR COURT
DEPARTMENT OF THE
TRIAL COURT**

**Charles Clayton,**                      )
                                         )
        Plaintiff,                        )          **DOCKET NO.: 05-0925**
                                         )
Vs.                                       )
                                         )
**Metropolitan Life Insurance Co., et. al.,**  )
                                         )
        Defendants                        )
                                         )

## ACKNOWLEDGMENT OF SERVICE

Pursuant to Pre-Trial Order No. 4, Ford Motor Company, hereby acknowledges receipt of a summons and a

copy of Plaintiff's Complaint in this action.

Ford Motor Company hereby asserts its standard set of Affirmative Defenses on file in the Massachusetts

asbestos consolidated docket.

Ford Motor Company does not adopt the Model Cross-Claim of Defendants.

Ford Motor Company demands a trial by jury on all issues brought by or against defendant in this action.

Ford Motor Company hereby gives notice of its intent to assert a third-party claim against the Manville

Corporation Asbestos Disease Compensation Fund pursuant to paragraph I.B. (1) of the Order dated October 18,

1989, amending Pretrial Order No. 4.

                            **FORD MOTOR COMPANY**
                            By Its Attorneys,

                            **CAMPBELL CAMPBELL EDWARDS &
                            CONROY
                            PROFESSIONAL CORPORATION**

                            _____/s/_____
                            Holly M Polglase, BBO #553271
                            Charles K. Mone, BBO #351660
                            One Constitution Plaza
                            Boston, MA 02129

## CERTIFICATE OF SERVICE
A true and correct copy of this document was electronically served on Verilaw which is charged with the
responsibility of electronic service on all counsel of record.

                            _____/s/_____
                            Holly M. Polglase BBO# 553271
                            Charles K. Mone, BBO# 351660

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                          SUPERIOR COURT DEPARTMENT
                                        OF THE TRIAL DEPARTMENT

| | |
|---|---|
| CHARLES CLAYTON | ) |
|     Plaintiff, | ) |
| | ) CIVIL ACTION NO.: 05-0925 |
|     v. | ) |
| | ) |
| GARLOCK SEALING TECHNOLOGIES | ) |
| LLC, Successor by Merger to Garlock, Inc et al., | ) |
|     Defendants. | ) |

## ACKNOWLEDGEMENT

Defendant, Garlock Sealing Technologies LLC, Successor by Merger to Garlock Inc, hereby acknowledges receipt of a summons and a copy of plaintiff's complaint in this action.

Defendant:

(a)   adopts the Model Cross-Claim of Defendants;
(b)   demands a trial by jury on all issues brought by or against defendant in this action.

Date:   5/12/05

Respectfully submitted,
The Defendant,
GARLOCK SEALING TECHNOLOGIES
LLC, Successor by Merger to GARLOCK INC,
By Its Attorneys,

Craig R. Waksler, B.B.O. # 566087
Lawrence T. Gingrow, III, B.B.O. # 651475
TAYLOR, DUANE, BARTON
& GILMAN, LLP
160 Federal Street
Boston, MA 02110
(617) 654-8200
(617) 482-5350 fax

## **CERTIFICATE OF SERVICE**

I, Lawrence T. Gingrow, III, hereby certify that I served the foregoing Acknowledgement of Service, electronically to all parties of record, this date May 13, 2005 to Plaintiffs' Counsel, Defendants' Liaison Counsel, and Defendants' Counsel of Record as listed on the service list maintained by the Clerk of Court in regard to Massachusetts Asbestos Litigation.

Lawrence T. Gingrow, III



COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS
SUPERIOR COURT
C.A. No: 05-0925

CHARLES CLAYTON,
    Plaintiff

VS.

METROPOLITAN LIFE INSURANCE COMPANY, ET AL,
    Defendants

## ACKNOWLEDGEMENT OF SERVICE

The Defendant, John Crane Inc. hereby acknowledges receipt of a summons and a copy of the Plaintiff's Complaint in this action.

The Defendant adopts its corresponding Model Answer and Affirmative Defenses on file and adopts the Model Cross-Claim of the Defendants.

The Defendant demands a trial by jury on all issues brought by or against the defendant in this action.

Defendant, John Crane Inc.,
By Its Attorneys:

/s/ David H. Stillman
David H. Stillman, Esquire, # 555554
Stillman & Associates, P.C.
51 Mill Street, Suite 5
Hanover, MA 02339
(781) 829-1077
F: (781) 829-2077

## CERTIFICATE OF SERVICE

I, David H. Stillman, attorney for Defendant John Crane Inc., hereby certify that on this date, May 13, 2005, I filed the within document with the Court, and further that I caused a copy of said document to be sent to all counsel of record electronically via LexisNexis File & Serve.

/s/ David H. Stillman
David H. Stillman, Esq. #555554
Stillman & Associates, P.C.

## COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX, ss.**

**SUPERIOR COURT
DEPARTMENT OF THE
TRIAL COURT**

|  |  |
|---|---|
| Charles Clayton, | ) |
| | ) |
| Plaintiff, | ) **DOCKET NO.: 05-0925** |
| Vs. | ) |
| | ) |
| Metropolitan Life Insurance Co., et. al., | ) |
| | ) |
| Defendants | ) |
| | ) |

## ACKNOWLEDGMENT OF SERVICE

Pursuant to Pre-Trial Order No. 4, DaimlerChrysler Corporation, hereby acknowledges receipt of a

summons and a copy of Plaintiff's Complaint in this action.

DaimlerChrysler Corporation hereby asserts its standard set of Affirmative Defenses on file in the

Massachusetts asbestos consolidated docket.

DaimlerChrysler Corporation does not adopt the Model Cross-Claim of Defendants.

DaimlerChrysler Corporation demands a trial by jury on all issues brought by or against defendant in this

action.

DaimlerChrysler Corporation hereby gives notice of its intent to assert a third-party claim against the

Manville Corporation Asbestos Disease Compensation Fund pursuant to paragraph I.B. (1) of the Order dated

October 18, 1989, amending Pretrial Order No. 4.

**DAIMLERCHRYSLER CORPORATION**
By Its Attorneys,

**CAMPBELL CAMPBELL EDWARDS &
CONROY
PROFESSIONAL CORPORATION**

Holly M Polglase, BBO #553271
Charles K. Mone, BBO #351660
One Constitution Plaza
Boston, MA 02129

## CERTIFICATE OF SERVICE
A true and correct copy of this document was electronically served on Verilaw which is charged with the
responsibility of electronic service on all counsel of record.

Original Signature on File with the Court
Holly M. Polglase BBO# 553271
Charles K. Mone, BBO# 351660

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
DEPARTMENT OF THE
TRIAL COURT
CIVIL ACTION NO. 05-0925

CHARLES CLAYTON,                    )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )
                                    )
METROPOLITAN LIFE INSURANCE         )
COMPANY, et al.,                    )
                                    )
        Defendants                  )

### ANSWER, AFFIRMATIVE DEFENSES AND
### CROSSCLAIM OF DEFENDANTS OWENS-ILLINOIS, INC.
### AND OWENS-ILLLINOIS GLASS COMPANY
### TO PLAINTIFF'S COMPLAINT

Defendants Owens-Illinois, Inc. and Owens-Illinois Glass Company (hereinafter referred

to as "Defendant") hereby answers Plaintiff's Complaint as follows:

### PARTY PLAINTIFF

1.      Defendant is without information or knowledge sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 1 of Plaintiff's Complaint and

therefore denies the same.

### PARTY DEFENDANTS

2A.     Defendant is without information or knowledge sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 2A of Plaintiff's Complaint and

therefore denies the same.

2B.     Defendant is without information or knowledge sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 2B of Plaintiff's Complaint and

therefore denies the same.

2C.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2C of Plaintiff's Complaint and therefore denies the same.

2D.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2D of Plaintiff's Complaint and therefore denies the same.

2E.    Defendant admits that it has its principal place of business located in Ohio, but denies the remainder of the allegations in Paragraph 2E of Plaintiffs' Complaint.

2F.    Defendant denies the allegations in Paragraph 2F of Plaintiff's Complaint.

2G.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2G of Plaintiff's Complaint and therefore denies the same.

2H.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2H of Plaintiff's Complaint and therefore denies the same.

2I.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2I of Plaintiff's Complaint and therefore denies the same.

2J.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2J of Plaintiff's Complaint and

2

therefore denies the same.

2K.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2K of Plaintiff's Complaint and therefore denies the same.

2L.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2L of Plaintiff's Complaint and therefore denies the same.

2M.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2M of Plaintiff's Complaint and therefore denies the same.

2N.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2N of Plaintiff's Complaint and therefore denies the same.

2O.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2O of Plaintiff's Complaint and therefore denies the same.

2P.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2P of Plaintiff's Complaint and therefore denies the same.

2Q.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2Q of Plaintiff's Complaint and

3

therefore denies the same.

2R.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2R of Plaintiff's Complaint and therefore denies the same.

2S.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2S of Plaintiff's Complaint and therefore denies the same.

2T.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2T of Plaintiff's Complaint and therefore denies the same.

2U.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2U of Plaintiff's Complaint and therefore denies the same.

2V.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2V of Plaintiff's Complaint and therefore denies the same.

3.    Defendant denies each and every allegation contained in Paragraph 3 of Plaintiff Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 3 as it relates to the other defendants and therefore denies the same.

4.    Defendant denies each and every allegation contained in Paragraph 4 of Plaintiff's

4

Complaint to the extent that they relate to the Defendants Owens-Illinois, Inc. and Owens-Illinois Glass Company, but admits the allegations contained in Paragraph 4 of Plaintiff's Complaint insofar as they relate to all other defendants.

5.     Defendant denies each and every allegation contained in Paragraph 5 of Plaintiff's Complaint to the extent that they relate to the Defendants Owens-Illinois, Inc. and Owens-Illinois Glass Company, but admits the allegations contained in Paragraph 5 of Plaintiff's Complaint insofar as they relate to all other defendants.

6.     Defendant denies each and every allegation contained in Paragraph 6 of Plaintiff's Complaint to the extent that they relate to the Defendants Owens-Illinois, Inc. and Owens-Illinois Glass Company, but admits the allegations contained in Paragraph 6 of Plaintiff's Complaint insofar as they relate to all other defendants.

7.     Defendant denies each and every allegation contained in Paragraph 7 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 7 as it relates to the other defendants and therefore denies the same.

8.     Defendant denies each and every allegation contained in Paragraph 8 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 8 as it relates to the other defendants and therefore denies the same.

WHEREFORE, Defendant requests that Plaintiff's Complaint be dismissed and Defendant awarded its costs.

## COUNT I

### NEGLIGENCE

9.      Defendant repeats and realleges each and every one of its answers to the allegations contained in Paragraphs 1 through 8 of Plaintiff's Complaint as if set forth herein in full.

10.     Defendant denies each and every allegation contained in Paragraph 10 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 10 as it relates to the other defendants and therefore denies the same.

11.     Defendant denies each and every allegation contained in Paragraph 11 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 11 as it relates to the other defendants and therefore denies the same.

12.     Defendant denies each and every allegation contained in Paragraph 12 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 12 as it relates to the other defendants and therefore denies the same.

13.     Defendant denies each and every allegation contained in Paragraph 13 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 13 as it relates to the other defendants and therefore denies the same.

14.     Defendant denies each and every allegation contained in Paragraph 14 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 14 as it relates to the other defendants and therefore denies the same.

15.     Defendant denies each and every allegation contained in Paragraph 15 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 15 as it relates to the other defendants and therefore denies the same.

WHEREFORE, Defendant requests that Plaintiff's Complaint be dismissed and Defendant awarded its costs.

## COUNT II

## BREACH OF EXPRESSED AND IMPLIED WARRANTIES

16.     Defendant repeats and realleges each and every one of its answers to the allegations contained in Count I of Plaintiff's Complaint as if set forth herein in full.

17.     Defendant denies each and every allegation contained in Paragraph 17 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 17 as it relates to the other defendants and therefore denies the same.

18.     Defendant denies each and every allegation contained in Paragraph 18 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 18 as it

7

relates to the other defendants and therefore denies the same.

19.     Defendant denies each and every allegation contained in Paragraph 19 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 19 as it relates to the other defendants and therefore denies the same.

20.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of Plaintiff's Complaint and therefore denies the same.

21.     Defendant denies each and every allegation contained in Paragraph 21 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 21 as it relates to the other defendants and therefore denies the same.

22.     Defendant denies each and every allegation contained in Paragraph 22 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 22 as it relates to the other defendants and therefore denies the same.

WHEREFORE, Defendant requests that Plaintiff's Complaint be dismissed and Defendant awarded its costs.

## COUNT III

## CONSPIRACY OR CONCERT OF ACTION:  METROPOLITAN ONLY

23.     Defendant repeats and realleges each and every one of its answers to the

8

allegations contained in Counts I and II of Plaintiff's Complaint as if set forth herein in full.

24.     Defendant denies each and every allegation contained in Paragraph 24 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 24 as it relates to the other defendants and therefore denies the same.

25(a-g).    Defendant denies each and every allegation contained in Paragraph 25 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 25 as it relates to the other defendants and therefore denies the same.

26.     Defendant denies each and every allegation contained in Paragraph 26 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 26 as it relates to the other defendants and therefore denies the same.

27(a-c).    Defendant denies each and every allegation contained in Paragraph 27 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 27 as it relates to the other defendants and therefore denies the same.

28.     Defendant denies each and every allegation contained in Paragraph 28 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 28 as it relates to the other defendants and therefore denies the same.

9

29.     Defendant denies each and every allegation contained in Paragraph 29 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 29 as it relates to the other defendants and therefore denies the same.

WHEREFORE, Defendant requests that Plaintiff's Complaint be dismissed and Defendant awarded its costs.

## COUNT IV

## UNDERTAKING OF SPECIAL DUTY: METROPOLITAN ONLY

30.     Defendant repeats and realleges each and every one of its answers to the allegations contained in Counts I through III of Plaintiff's Complaint as if set forth herein in full.

31(a-b).    Defendant denies each and every allegation contained in Paragraph 31 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 31 as it relates to the other defendants and therefore denies the same.

32.     Defendant denies each and every allegation contained in Paragraph 32 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 32 as it relates to the other defendants and therefore denies the same.

33.     Defendant denies each and every allegation contained in Paragraph 33 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 33 as it

10

relates to the other defendants and therefore denies the same.

34.     Defendant denies each and every allegation contained in Paragraph 34 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 34 as it relates to the other defendants and therefore denies the same.

35.     Defendant denies each and every allegation contained in Paragraph 35 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 35 as it relates to the other defendants and therefore denies the same.

WHEREFORE, Defendant requests that Plaintiff's Complaint be dismissed and Defendant awarded its costs.

## COUNT V

### MALICIOUS, WILLFUL, WANTON AND RECKLESS CONDUCT OR GROSS NEGLIGENCE

36.     Defendant repeats and realleges each and every one of its answers to the allegations contained in Counts I through IV of Plaintiff's Complaint as if set forth herein in full.

37.     Defendant denies each and every allegation contained in Paragraph 37 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 37 as it relates to the other defendants and therefore denies the same.

38.     Defendant denies each and every allegation contained in Paragraph 38 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or

11

knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 38 as it relates to the other defendants and therefore denies the same.

39. Defendant denies each and every allegation contained in Paragraph 39 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 39 as it relates to the other defendants and therefore denies the same.

40. Defendant denies each and every allegation contained in Paragraph 40 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 40 as it relates to the other defendants and therefore denies the same.

41. Defendant denies each and every allegation contained in Paragraph 41 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 41 as it relates to the other defendants and therefore denies the same.

42. Defendant denies each and every allegation contained in Paragraph 42 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 42 as it relates to the other defendants and therefore denies the same.

WHEREFORE, Defendant requests that Plaintiff's Complaint be dismissed and Defendant awarded its costs.

12

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action against Defendant upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

### THIRD DEFENSE

Defendant avers that the said injuries referred to in Plaintiff's Complaint were caused by the conduct of others for whom Defendant was not responsible, and not by the conduct of defendant.

### FOURTH DEFENSE

Plaintiff voluntarily assumed the risk of his injuries and, therefore, recovery is barred.

### FIFTH DEFENSE

Defendant has no knowledge or means of ascertaining the truth or falsity of the averments contained in the Complaint respecting the nature and extent of the injuries, damages, and losses claimed to have been sustained by the Plaintiff.

### SIXTH DEFENSE

Defendant avers that any claims for alleged breaches of warranty are barred by reason of the failure of the Plaintiff to give reasonable notice of the alleged breaches as required by the applicable provisions of the Uniform Commercial Code.

## SEVENTH DEFENSE

Defendant avers that any claims for alleged breaches of warranty are barred by reason of lack of privity.

## EIGHTH DEFENSE

If Plaintiff sustained injuries as alleged, then the same occurred as a result of the abuse and misuse of the products allegedly in question.

## NINTH DEFENSE

Defendant expressly denies that it manufactured, designed, and/or sold any products referred to in Plaintiff's Complaint which caused injury to Plaintiff. Notwithstanding, the products of Defendant which Plaintiff allegedly used or was exposed to, if any, were not in the same condition as when sold, having been materially altered sometime after the sale and prior to the use or exposure as alleged.

## TENTH DEFENSE

The claims of the Plaintiff are barred by the doctrine of laches in failing to notify the necessary parties of the claim or give due and timely notice of their claim against Defendant to the prejudice of Defendant.

## ELEVENTH DEFENSE

Punitive damages are unconstitutional for the following reasons:

a)      The subjecting of Defendant to multiple trials for the same course of conduct and the multiple impositions of punitive damages for the same course of conduct is a violation of both substantive and procedural due process under the United States Constitution and the

Constitution of the Commonwealth of Massachusetts;

b) The standard for the award of punitive damages is constitutionally void for vagueness;

c) There is no principle of limitation on the multiple imposition of punitive damage awards for the same course of conduct.

## TWELFTH DEFENSE

Defendant avers that the state of the medical and scientific knowledge regarding its products and/or their contents, at all times material hereto, was such that Defendant never knew or could have known that its products presented any risk or harm to the Plaintiff if such products were properly used.

## THIRTEENTH DEFENSE

Defendant avers that if Plaintiff applied for and received workers' compensation benefits, then this Complaint is barred by the provision of the Workers' Compensation Act.

## FOURTEENTH DEFENSE

Defendant avers that there has been an insufficiency of process and an insufficiency of service of process.

## FIFTEENTH DEFENSE

If it is proven at trial that products of Defendant were furnished as alleged to Plaintiff's employers and said products were used in the fashion alleged, which is specifically denied, then any product manufactured or processed by this defendant which was or may have been so furnished and which was so used, was furnished in strict conformity to the conditions specified

15

or to the specifications issued by or under the direction of the said employers.

## SIXTEENTH DEFENSE

Defendant avers that if Plaintiff have settled with and/or released other defendants or entities who are tortfeasors in accordance with Massachusetts General Laws, Defendant Owens-Illinois, Inc. is entitled to a reduction of any judgment either in the total of all the settlement amounts or the pro-rata share of fault of said tortfeasors as determined by the Court or jury, whichever is greater.

## SEVENTEENTH DEFENSE

This Court lacks subject matter jurisdiction over each and every Count contained in Plaintiff's Complaint.

## EIGHTEENTH DEFENSE

This Court lacks personal jurisdiction over the Defendant with respect to each and every Count contained in Plaintiff's Complaint.

## NINETEENTH DEFENSE

Plaintiff is not a person whom the Defendant could reasonably have expected to use, consume, or be affected by its products.

## TWENTIETH DEFENSE

The injuries complained of by the Plaintiff are wholly or partially caused by independent means, including inter alia, the conduct and habits of Plaintiff and exposure to other particulates in                                    the                                    environment.

16

## TWENTY FIRST DEFENSE

The Defendant had no duty to give instructions to Plaintiff or to warn Plaintiff of any hazards attendant to the contact with, use of, or exposure to its products containing asbestos, whether known or constructively known by Defendant, because those hazards were known by other persons who controlled or supervised Plaintiff in the course of or incidental to his employment.

## TWENTY SECOND DEFENSE

There was no privity of contract between Defendant and Plaintiff.

## TWENTY THIRD DEFENSE

An action for breach of warranty was not available to Plaintiff during the period of the allegedly injurious exposure to, use of, or contact with products allegedly manufactured by Defendant.

## TWENTY FOURTH DEFENSE

The Plaintiff's claims are barred for failure of the Plaintiff to give notice to Defendant of any alleged breach.

## TWENTY FIFTH DEFENSE

No warranty of any kind was extended to Plaintiff in this matter.

## TWENTY SIXTH DEFENSE

Defendant never made any affirmation of fact, representation or conducted itself in any manner so as to constitute an express or implied warranty.

17

## TWENTY SEVENTH DEFENSE

Applicable Massachusetts law provides no basis for the assertion of express warranty in favor of Plaintiff at the time when any sale or transfer of Defendant's products containing asbestos is alleged to have taken place.

## TWENTY EIGHTH DEFENSE

The utility of the products manufactured by Defendant outweighs the danger allegedly involved and, therefore, Plaintiff's claim is barred as a matter of public policy.

## TWENTY NINTH DEFENSE

No representation, affirmation of fact, or other conduct regarding the alleged sale of products containing asbestos was made or offered with the intent of the parties to such sale or transfer that such conduct constitutes a "basis of the bargain."

## THIRTIETH DEFENSE

The Plaintiff failed to state a claim in express or implied warranty of merchantability or fitness for a particular purpose because no particular purpose is alleged as between the buyer and sellers so as to permit a cause of action by these Plaintiff.

## THIRTY FIRST DEFENSE

Defendant Owens-Illinois, Inc. ceased to manufacture, sell and distribute asbestos-containing insulation products in 1958. It has not since engaged in any such business. As between Plaintiff and Defendant Owens-Illinois, the law applicable to this action is the law that existed in 1958 and before. It is unlawful, inequitable and in violation of Defendant Owens-Illinois' contractual, statutory and constitutional rights to apply statutes and principles of law

18

other than, or in a manner different from, that which existed for the period in which Defendant Owens-Illinois sold its asbestos-containing insulation products.

### THIRTY SECOND DEFENSE

The negligence of the Plaintiff's employer was a concurrent, proximate cause of the damages allegedly suffered by the Plaintiff, and the Defendant is entitled to have any judgment against it in favor of the Plaintiff reduced by the amount of any present or future compensation which the Plaintiff have or will receive under any state or federal workers' compensation statute or longshoremen's and harbor workers' lien.

### THIRTY THIRD DEFENSE

If Plaintiff establish any exposure to Defendant's products, said exposure would have been so minimal as to be insufficient to establish to a reasonable degree of probability that its products caused Plaintiff's claimed injuries.

### THIRTY FOURTH DEFENSE

If Plaintiff was exposed to any of Defendant's asbestos products, then the Defendant is not liable to the Plaintiff as a matter of law because of the government contract and/or government specification defenses.

### THIRTY FIFTH DEFENSE

The venue selected by the Plaintiff is improper.

### THIRTY SIXTH DEFENSE

The forum selected by Plaintiff is not convenient.

### THIRTY SEVENTH DEFENSE

Defendant hereby adopts and incorporates herein all of the Standard Affirmative Defenses, the Supplemental Standard Set of Affirmative Defenses and the Second Supplemental Standard Set of Affirmative Defenses filed IN RE: Massachusetts Asbestos Cases and dated December 10, 1985, January 6, 1996 and May 27, 1999, respectively.

WHEREFORE, Defendants request that Plaintiff's Complaint be dismissed and Defendant awarded its costs.

### CROSSCLAIM AGAINST ALL DEFENDANTS

Defendants Owens-Illinois, Inc. and Owens-Illinois Glass Company hereby complain against all present and future co-defendants, by adopting and incorporating herein each and every allegation set forth in the model Crossclaim referenced in Pretrial Order No. 4, section V(F), dated March 11, 1985.

Wherefore, the Defendants Owens-Illinois Inc. and Owens-Illinois Glass Company respectfully pray that each of the Crossclaims be sustained and that any judgment against them be reduced or vacated in accordance with the cross claims filed herein.

The Defendant demands a trial by jury.

Dated at Portland, Maine this ___9___ day of March, 2005.

_____

Peter J. Rubin, Esq., Bar # 432980
Todd S. Holbrook, Esq., Bar # 563828
Attorney for Defendants Owens-Illinois, Inc. and
Owens-Illinois Glass Company
BERNSTEIN, SHUR, SAWYER & NELSON
100 Middle Street, P.O. Box 9729
Portland, Maine 04101-5029
(207) 774-1200

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was copied to counsel of record via electronic service this __9__ day of May, 2005.

_____

21

COMMONWEALTH OF MASSACHUSETTS

5747835

May 4 2005
11:45AM

MIDDLESEX, ss.

SUPERIOR COURT
C.A. No. 05-0925

CHARLES CLAYTON,

    Plaintiff,

v.

ECKEL INDUSTRIES, INC., et al.

    Defendants.

## **ACKNOWLEDGMENT OF SERVICE**

Pursuant to Pre-Trial Order No. 4, Section V.D. dated March 11, 1985, the Defendant, Eckel Industries, Inc., hereby acknowledges receipt of a summons and a copy of Plaintiff's complaint in this action.

Pursuant to the Pretrial Order No. 4, Section V.D., the filing of this Acknowledgment of Service by Eckel Industries, Inc. does not constitute a waiver of Eckel Industries, Inc.'s right to challenge any defect in process or service of process. Eckel Industries, Inc. shall be deemed to have fulfilled the requirement of Massachusetts Rules of Civil Procedure, Rule 12 by filing this Acknowledgment of Service.

The Defendant, Eckel Industries, Inc., does not adopt the model cross-claim of Defendants. Instead Eckel Industries, Inc. adopts its own affirmative defenses and cross-claim filed on the Massachusetts Asbestos Litigation consolidated docket.

The Defendant, Eckel Industries, Inc., demands a trial by jury on all issues brought by or against it in this action.

Respectfully submitted,

The Defendant,
ECKEL INDUSTRIES, INC.,
By its attorneys,

/SIGNATURE ON FILE/
David M. Governo B.B.O. No. 205590
Jeniffer A. P. Carson B.B.O. No.: 643862
Governo Law Firm LLC
260 Franklin Street 15th Floor
Boston, MA 02110
(617) 737-9045

## CERTIFICATE OF SERVICE

I, Jeniffer A. P. Carson, attorney for the Defendant, Eckel Industries, Inc., in the above-entitled action, hereby certify that I served upon Plaintiff's attorney and all defense counsel of record a notice of the above Acknowledgement of Service via electronic filing on this 4th day of May, 2005.

/SIGNATURE ON FILE/

Jeniffer A. P. Carson

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Charles Clayton, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | |
| vs. ) | |
| ) | |
| Metropolitan Life Insurance Co., et. al., ) | |
| ) | |
| Defendants ) | |
| ) | |

## CORPORATE DISCLOSURE STATEMENT OF
## DAIMLERCHRYSLER CORPORATION

DaimlerChrysler has no parent corporation and no publicly owned company owns 10% or more of DaimlerChrysler stock.

DaimerChrysler Corporation is an indirect wholly owned subsidiary of DaimlerChrysler A.G.

Dated May 23, 2003

_____
**Attorney for DaimerChrysler**
**Corporation**

## CERTIFICATE OF SERVICE

I, Charles K. Mone, Counsel for the Defendant, do hereby certify that on May ___, 2005, a true copy of the above document was served on the plaintiff via Federal Express and email and on all defendants via email.

_____
Charles K. Mone

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Charles Clayton,                           )
                                           )
        Plaintiff,                         )        CIVIL ACTION NO.
                                           )
vs.                                        )
                                           )
Metropolitan Life Insurance Co., et. al., )
                                           )
        Defendants                         )
_____)

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 et seq., the Defendant DaimlerChrysler

Corporation ("Chrysler") hereby removes from the Superior Court of Middlesex County,

Massachusetts to the United States District Court for the District of Massachusetts, the

state court action entitled *Charles Clayton v. Metropolitan Life Insurance Co., et al.,*

Civil Action No. 05-0925 ("*Clayton* action"). As grounds for removal, Chrysler states

the following:

1.      Plaintiff originally commenced this civil action on April 28, 2005, alleging

bodily injury resulting from exposure to asbestos and asbestos-containing materials. A

copy of the Plaintiff's Complaint is attached hereto as composite Exhibit A pursuant to

the provisions of 28 U.S.C. § 1446 (a).

2.      In Plaintiff's Complaint, Plaintiff Charles Clayton identified having

exposure to asbestos-containing products at Federal Enclaves. Accordingly, this action

falls within the Courts' original federal question jurisdiction pursuant to 28 U.S.C. §

1331.

3.      Specifically, the Complaint provides that Plaintiff Charles Clayton was

exposed to asbestos-containing products while working as a food service worker aboard various ships at the Portsmouth Naval Shipyard, Kittery, Maine, in approximately 1953. *See* Exhibit A.

4.      Pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction over the claims of Plaintiff in the *Clayton* action, because such action asserts claims arising under the "Federal Enclave" Clause of the U.S. Constitution, Art. I, Sec. 8, cl. 17, thereby giving rise to federal question jurisdiction. Accordingly, removal is appropriate pursuant to 28 U.S.C. § 1441(a)(b) and (c). *See Akin v. Ashland Chemical Co.,* 156 F.3d 1030, 1034 n. 1 (10th Cir. 1998); *Akin v. Big Three Industries, Inc.,* 851 F. Supp. 819, 822 (E.D. Tex. 1994); *Reed v. Fina Oil & Chem. Co.,* 995 F. Supp. 705, 713 (E.D. Tex. 1998); and *Hines v. Acand S, Inc.,* 128 F. Supp.2d 1003 (N.D. Tex. 2001).

5.      Removal of this action is timely under the provisions of 28 U.S.C. § 1446(b), as this Notice of Removal was filed within thirty (30) days of receipt of information from which it first could be ascertained that the case was removable. *See Hines v. Acands, Inc.,* 128 F. Supp.2d 1003 (N.D. Tex. 2001).

6.      The remaining claims in this action are so related to the federal claims that they form part of the same transaction or controversy. Accordingly, this Court has supplemental jurisdiction over such claims pursuant to 28 U.S.C. § 1367(a).

7.     Pursuant to 28 U.S.C. § 1446(d), all adverse parties are being provided

with written notice of removal, and a copy of this Notice of Removal is being filed with

the Clerk of the Superior Court, Middlesex County, Massachusetts.

This the $\underline{23}$ day of May 2005.

                                   **DAIMLERCHRYSLER CORPORATION**
                                   **By Its Attorneys,**
                                   **CAMPBELL, CAMPBELL EDWARDS**
                                   **& CONROY**

                                   **Charles K. Mone, BBO#: 351660**
                                   One Constitution Plaza
                                   Boston, MA 02129
                                   (617) 241-3000

## CERTIFICATE OF SERVICE

I, Charles K. Mone, Counsel for the Defendant, do hereby certify that on May 23 2005. a true copy of the above document was served on the plaintiff via Federal Express and email and on all defendants via email.

                                   Charles K. Mone

# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX:  ss.                          SUPERIOR COURT
                                         DEPARTMENT OF THE
                                         TRIAL COURT

--------------------------------------------------------X
CHARLES CLAYTON,

                 Plaintiff,             Civil Action
                                        No. 05-0925

v.                                           **COMPLAINT**

METROPOLITAN LIFE INSURANCE COMPANY
EASTERN REFRACTORIES COMPANY, INC.      **PLAINTIFF DEMANDS**
ECKEL INDUSTRIES, INC.                   **A TRIAL BY JURY**
P.T. BRAKELINING COMPANY, INC.
OWENS-ILLINOIS, INC.
OWENS-ILLINOIS GLASS COMPANY
RAPID-AMERICAN CORPORATION
GARLOCK, INC.
INGERSOLL-RAND COMPANY
JOHN CRANE, INC.
UNIROYAL, INC.
BAYER CROPSCIENCE, INC. f/k/a
  AMCHEM PRODUCTS, INC.
PARKER-HANNIFIN CORPORATION
ITT INDUSTRIES, INC., AS
  SUCCESSOR TO GOULDS PUMPS, INC.
UNION CARBIDE CORPORATION
HONEYWELL INTERNATIONAL INC. f/k/a ALLIEDSIGNAL,
  INC. f/k/a THE BENDIX CORPORATION
BORG-WARNER CORPORATION n/k/a BURNS
  INTERNATIONAL SERVICES CORPORATION
DAIMLERCHRYSLER CORPORATION
FORD MOTOR COMPANY
GENERAL MOTORS CORPORATION
PNEUMO-ABEX CORPORATION
HAMPDEN AUTOMOTIVE SALES CORP.,

                 Defendants.
--------------------------------------------------------X

     Now comes the plaintiff, by his attorneys, and

files the following complaint:

          1.  PARTY PLAINTIFF

     Plaintiff, Charles Clayton, a single person,

resides at 3 Hillcrest Road, Apt. #2, Foxboro,

1

Massachusetts  02035.

2.  <u>PARTY DEFENDANTS</u>

2A.  The defendant, <u>Metropolitan Life Insurance Company</u> (hereinafter "Metropolitan"), is a foreign corporation which does or has done business in the Commonwealth of Massachusetts.

2B.  The defendant, <u>Eastern Refractories Company, Inc.</u>, is a corporation organized under the laws of the Commonwealth of Massachusetts with its principal place of business located in the Commonwealth of Massachusetts.

2C.  The defendant, <u>Eckel Industries, Inc.</u>, is a corporation organized under the laws of the Commonwealth of Massachusetts with a principal place of business located in the Commonwealth of Massachusetts.

2D.  The defendant, <u>P.T. Brakelining Company, Inc.</u>, is a Massachusetts corporation with a principal place of business in the Commonwealth of Massachusetts and has conducted business in the Commonwealth of Massachusetts.

2E.  The defendant, <u>Owens-Illinois, Inc.</u>, is a corporation incorporated under the laws of the State of Ohio, having a principal place of business outside the Commonwealth of Massachusetts, and has conducted business in the Commonwealth of Massachusetts.

2F.  The defendant, <u>Owens-Illinois Glass Company</u>, is a corporation incorporated under the laws of the

2

State of Ohio, having a principal place of business
outside the Commonwealth of Massachusetts and has
conducted business in the Commonwealth of
Massachusetts.

2G.   The defendant, <u>Rapid-American Corporation</u>, is
the legal successor to the Philip Carey Manufacturing
Company and is a corporation incorporated under the
laws of the State of Delaware, having a principal place
of business outside the Commonwealth of Massachusetts,
and on information and belief has conducted business in
the Commonwealth of Massachusetts itself and through
its predecessor corporation.

2H.   The defendant, <u>Garlock, Inc.</u>, is a foreign
corporation having a principal place of business in the
State of New York and has conducted business in the
Commonwealth of Massachusetts.

2I.   The defendant, <u>Ingersoll-Rand Company</u>, is a
New Jersey corporation having a principal place of
business in New Jersey and is registered to and has
conducted business in the Commonwealth of
Massachusetts.

2J.   The defendant, <u>John Crane, Inc.</u>, is a
Delaware corporation with a principal place of business
in the State of Illinois and has conducted business in
the Commonwealth of Massachusetts.

2K.   The defendant, <u>Uniroyal, Inc.</u>, is a foreign
corporation with a principal place of business outside

3

the Commonwealth of Massachusetts and has conducted business in the Commonwealth of Massachusetts.

2L.   The defendant, Bayer CropScience, Inc. f/k/a Amchem Products, Inc., is a Delaware corporation having a principal place of business in Pennsylvania which has conducted business in the Commonwealth of Massachusetts.

2M.   The defendant, Parker-Hannifin Corporation, is a corporation incorporated under the laws of the State of Ohio having a principal place of business in the State of Ohio and has conducted business in the Commonwealth of Massachusetts.

2N.   The defendant, ITT Industries, Inc., as Successor to Goulds Pumps, Inc., is a foreign corporation incorporated under the laws of the State of Indiana having a principal place of business in White Plains, New York, and has conducted business in the Commonwealth of Massachusetts.

2O.   The defendant, Union Carbide Corporation, is a Connecticut corporation with a principal place of business outside the Commonwealth of Massachusetts and has conducted business in the Commonwealth of Massachusetts.

2P.   The defendant, Honeywell International Inc. f/k/a AlliedSignal, Inc., f/k/a The Bendix Corporation, is a Delaware corporation having a principal place of business outside the Commonwealth of Massachusetts and

4

has conducted business in the Commonwealth of
Massachusetts.

2Q.  The defendant, <u>Borg-Warner Corporation n/k/a</u>
<u>Burns International Services Corporation</u>, is a Delaware
corporation with a principal place of business in the
State of Illinois and has conducted business in the
Commonwealth of Massachusetts.

2R.  The defendant, <u>DaimlerChrysler Corporation</u>,
is a Delaware corporation with a principal place of
business in the State of Michigan which has conducted
business in the Commonwealth of Massachusetts.

2S.  The defendant, <u>Ford Motor Company</u>, is a
Delaware corporation with a principal place of business
in the State of Michigan and has conducted business in
the Commonwealth of Massachusetts.

2T.  The defendant, <u>General Motors Corporation</u>, is
a Delaware corporation with a principal place of
business in the State of Michigan and has conducted
business in the Commonwealth of Massachusetts.

2U.  The defendant, <u>Pneumo-Abex Corporation, as</u>
<u>Successor in Interest to Abex Corporation</u>, is a foreign
corporation, with a principal place of business outside
the Commonwealth of Massachusetts which has conducted
business in the Commonwealth of Massachusetts.

2V.  The defendant, <u>Hampden Automotive Sales</u>
<u>Corp.</u>, is a corporation incorporated under the laws of
the Commonwealth of Massachusetts, having a principal

5

place of business at 117 Heath Street, Boston, Massachusetts.

As used in this Complaint, the term "defendant" shall include any party defendants identified in paragraphs 2A-2V hereof, and their predecessors, which shall include, but is not limited to, any person, corporation, company or business entity:  which formed part of any combination, consolidation, merger or reorganization from which any party defendant was created or was the surviving corporation; whose assets, stock, property, products or product line was acquired by any party defendant; whose patent rights, trademark rights, trade secrets or goodwill was acquired by any party defendant; or, which was dominated or controlled by any party defendant to such an extent that said party defendant was the "alter ego" of said corporation.

3.    The plaintiff's cause of action arises from the defendants: (a) transacting business in Massachusetts; (b) contracting to supply and/or sell goods in Massachusetts; (c) doing or causing a tortious act to be done within Massachusetts; and/or, (d) causing the consequence of a tortious act to occur within Massachusetts.

4.    Plaintiff, Charles Clayton, was exposed to defendants' asbestos and asbestos-containing materials while working as a mechanic from approximately 1938 to

6

1948; and as a food service worker aboard various ships at the Portsmouth Naval Shipyard, Kittery, Maine in approximately 1953.

5.   During the period of time set forth in Paragraph 4, the plaintiff was exposed to and did inhale and/or ingest asbestos dust, fibers, and particles, which dust, fibers, and particles came from the asbestos or asbestos-containing products which were mined, milled, manufactured, fabricated, supplied and/or sold by the defendant corporations.

6.   The asbestos and asbestos-containing products which the plaintiff was exposed to were mined, milled, manufactured, fabricated, supplied, and/or sold by the defendant corporations, acting through their duly authorized agents, servants, and employees, who were then and there acting in the course and scope of their employment and in furtherance of the business of the defendants.

7.   At all times pertinent hereto, the defendant corporations were engaged in the business of mining, milling, manufacturing, fabricating, supplying, and/or selling asbestos and asbestos-containing products.

8.   At all times pertinent hereto, the asbestos products were products mined, milled, manufactured, fabricated, supplied and/or sold by the defendant corporations and reached the plaintiff without any substantial change in the condition of the product or

7

products from the time that they were sold.

## COUNT I

### NEGLIGENCE

9.  Plaintiff realleges the allegations of
Paragraphs 1 through 8 of the Complaint, and by
reference, makes them part of this Count.

10.  It was the duty of the defendant corporations
to use and exercise reasonable and due care in the
manufacture, fabricating, testing, inspection,
production, marketing, packaging and sale of their
asbestos and asbestos-containing products.

11.  It was also the duty of the defendant
corporations to provide detailed and adequate
instructions relative to the proper and safe handing
and use of their asbestos and asbestos products, and to
provide detailed and adequate warnings concerning any
and all dangers, characteristics, and potentialities of
their asbestos and asbestos-containing products.

12.  It was the continuing duty of the defendant
corporations to advise and warn purchasers, consumers,
users, and prior purchasers, consumers, and users of
all dangers, characteristics, potentialities and
defects discovered subsequent to their initial
marketing or sale of their asbestos and asbestos-
containing products.

13.  Yet, nevertheless, wholly disregarding the
aforesaid duties, the defendant corporations breached

8

their duties by: (a) failing to warn the plaintiff of
the dangers, characteristics, and potentialities of
their asbestos-containing product or products when the
defendant corporations knew or should have known that
exposure to their asbestos-containing products would
cause disease and injury; (b) failing to warn the
plaintiff of the dangers to which he was exposed when
they knew or should have known of the dangers; (c)
failing to exercise reasonable care to warn the
plaintiff of what would be safe, sufficient, and proper
protective clothing, equipment, and appliances when
working with or near or being exposed to their asbestos
and asbestos-containing products; (d) failing to
provide safe, sufficient and proper protective
clothing, equipment and appliances with their asbestos-
containing product or products; (e) failing to test
their asbestos and asbestos products in order to
ascertain the extent of dangers involved upon exposure
thereto; (f) failing to conduct such research as should
have been conducted in the exercise of reasonable care,
in order to ascertain the dangers involved upon
exposure to their asbestos and asbestos-containing
products; (g) failing to remove the product or products
from the market when the defendant corporations knew or
should have known of the hazards of exposure to their
asbestos and asbestos-containing products; (h) failing
upon discovery of the dangers, hazards, and

9

potentialities of exposure to asbestos to adequately
warn and apprise the plaintiff of the dangers, hazards,
and potentialities discovered; (i) failing upon
discovery of the dangers, hazards, and potentialities
of exposure to asbestos to package said asbestos and
asbestos-containing products so as to eliminate said
dangers, hazards, and potentialities; and, (j)
generally using unreasonable, careless, and negligent
conduct in the manufacture, fabricating, supply, or
sale of their asbestos and asbestos-containing
products.

14.   As a direct and proximate result of the
unreasonable, careless, and negligent conduct of the
defendant corporation, the plaintiff has developed
malignant mesothelioma and other asbestos-related
disease, as a result of which the plaintiff has
incurred medical expenses, suffered a dramatic
reduction in his life expectancy, incurred great mental
and physical pain and suffering, and suffered an
impairment in his enjoyment of life, which damages are
continuing in nature.

15.   The defendants knew, or with the reasonable
exercise of care, should have known of the dangerous
characteristics, properties, and potentialities of
asbestos and asbestos-containing products.

WHEREFORE, plaintiff, Charles Clayton, demands
compensatory damages, plus interest and costs.

10

## COUNT II

### BREACH OF EXPRESSED AND IMPLIED WARRANTIES

16.   Plaintiff realleges the allegations of Paragraphs 1 through 15 of the Complaint, and by reference, makes them part of this Count.

17.   The plaintiff was a person whom the defendants could reasonably have expected to use, consume, or be affected by the defendants' asbestos and asbestos-containing products within the meaning of Massachusetts General Laws c. 106, sec. 2-318, as the defendants knew or had reason to know that their asbestos-containing products would be used in the insulation or construction industry and that individuals such as the plaintiff would come in contact with such asbestos materials.

18.   The defendants expressly and impliedly warranted that the asbestos and asbestos-containing products described above were merchantable, safe, and fit for their ordinary and the particular purposes and requirements of plaintiff.

19.   The defendants had reason to know of the particular purposes for which their asbestos and asbestos-containing products would be used.

20.   The plaintiff relied upon the defendants' skill or judgment in selecting suitable insulation or construction products for safe use.

21.   The defendants breached these warranties, in

11

that the asbestos-containing products they sold were not merchantable, safe, suitable, or fit for their ordinary or particular purposes.

22.   As a direct and proximate result of the defendants' breach of warranties, the plaintiff has developed malignant mesothelioma and other asbestos-related disease, as a result of which the plaintiff has incurred medical expenses, suffered a dramatic reduction in his life expectancy, incurred great mental and physical pain and suffering, and suffered an impairment in his enjoyment of life, which damages are continuing in nature.

WHEREFORE, plaintiff, Charles Clayton, demands compensatory damages, plus interest and costs.

## COUNT III

### CONSPIRACY OR CONCERT OF ACTION:  METROPOLITAN ONLY

23.   Plaintiff realleges the allegations of Paragraphs 1 through 22 of the Complaint, and by reference, makes them part of this Count.

24.   In addition, during the time period set forth in Paragraph 4, the plaintiff was exposed to and did inhale and/or ingest asbestos dust, fibers, and particles, which dust, fibers, and particles came from the asbestos or asbestos-containing products which were mined, milled, manufactured, fabricated, supplied and/or sold by the Johns Manville Corporation (hereinafter "Manville") and/or Raymark Industries,

12

Inc. (hereinafter "Raymark").

25.    The defendant, Metropolitan Life Insurance Company, (hereinafter "Metropolitan") together with Manville, Raymark and other persons and entities, known and unknown at times relevant hereto, engaged in a conspiracy or concert of action to inflict injury on the plaintiff, and to withhold, alter, suppress and misrepresent information about the health effects of asbestos exposure.  One or more of said conspirators did cause tortious injury to the plaintiff in the course of or as a consequence of the conspiracy or concert of action.  At least the following enumerated acts were undertaken by the conspirators in the course of and in furtherance of the conspiracy or concert of action.

a.    In 1932, Metropolitan, through its agents, Dr. Anthony Lanza and others, assisted Manville with medical examinations of over 1,000 employees of Manville's factory in Manville, New Jersey.  The report of this study shows that a large percentage of the employees suffered from asbestosis including employees not directly involved in the manufacturing process.  This 1932 medical survey was not published in the medical literature and, therefore, was unavailable to scientists studying the issue of asbestos

13

disease.  Further collaboration between
Manville and Metropolitan continued the
cover-up.

b.  Beginning in approximately 1934, Manville,
through its agents, Vandiver Brown and
Attorney J.C. Hobart, suggested to Dr.
Anthony Lanza, Associate Director of
Metropolitan, (insurer of Manville and
Raymark) that Lanza publish a study on
asbestosis in which Lanza would affirmatively
misrepresent material facts about the health
consequences of asbestos exposure.  This was
accomplished through intentional deletion of
Lanza's description of asbestosis as "fatal"
and through other selective editing that
affirmatively misrepresented asbestosis as a
disease process less serious than it actually
is and was known to be. As a result, Lanza's
study was published in the medical literature
in this misleading fashion in 1935.  The
conspirators were motivated, in part, to
effectuate this fraudulent misrepresentation
and fraudulent nondisclosure by the desire to
influence proposed legislation to regulate
asbestos exposure and to provide a defense in
lawsuits involving Manville, Raymark and
Metropolitan, as insurer.  Furthermore, upon

14

information and belief, it is alleged that
Metropolitan, at all times relevant hereto,
had substantial monetary investments in
Manville and Raymark, among other asbestos
product manufacturers and distributors.

c.    In 1936, the conspirators or some of them
including Manville, Raymark, and other
companies entered into an agreement with the
Saranac Laboratories in New York. Under this
agreement, these conspirators acquired the
power to decide what information Saranac
Laboratories could publish about asbestos
disease and to control in what form such
publications were to occur. This agreement
gave these conspirators power to
affirmatively misrepresent the results of the
work at Saranac, and also gave these
conspirators power to suppress material facts
included in any study. On numerous occasions
thereafter, the conspirators exercised their
power to prevent Saranac scientists from
disclosing material scientific data,
resulting in numerous misstatements of fact
being made at scientific meetings.

d.    By November 1948, or earlier, Manville,
Metropolitan (acting through Dr. Lanza),
Raymark, and others decided to exert their

15

influence to materially alter and
misrepresent material facts about the
substance of research started by Dr. Leroy
Gardner at the Saranac Laboratories beginning
in 1936.  Dr. Gardner's research involved
carcinogenicity of asbestos in mice and also
included an evaluation of the health effects
of asbestos on humans with a critical review
of the then-existing standards of dust
exposure for asbestos and asbestos products.

e.   At a meeting on November 11, 1948, these
conspirators and others intentionally and
affirmatively determined that Dr. Gardner's
work should be edited to specifically delete
material facts about the cancer-causing
propensity of asbestos and the health effects
of asbestos on humans and they determined
that only an edited version would be
published.  These conspirators thereby
fraudulently misrepresented the risks of
asbestos exposure to the public, in general,
and to the class of persons exposed to
asbestos, including the plaintiff.

f.   As a direct result of influence exerted by
the above-described conspirators, Dr. Arthur
Vorwald published Dr. Gardner's edited work
in the Journal of Industrial Hygiene, AMA

16

Archives of Industrial Hygiene and

Occupational Health in 1951 in a form that

stressed those portions of Dr. Gardner's work

that the conspirators wished stressed, but

which omitted references to human asbestosis

and cancer, thereby fraudulently and

affirmatively misrepresenting the extent of

the risks.  The conspirators affirmatively

and deliberately disseminated this misleading

Vorwald publication to university libraries,

government officials, agencies and others.

g.    Such action constituted a material

affirmative misrepresentation of the material

facts involved in Dr. Gardner's work and

resulted in creating an appearance that

inhalation of asbestos was a less serious

health concern than Dr. Gardner's unedited

work indicated.

26.    Plaintiff further alleges that Metropolitan,

Manville, Raymark and/or their predecessors in interest

knowingly agreed, contrived, combined, confederated and

conspired among themselves to cause plaintiff injuries,

diseases, and/or illnesses by exposing plaintiff to

harmful and dangerous asbestos-containing products

and/or machinery requiring or calling for the use of

asbestos and/or asbestos-containing products.

Metropolitan, Manville, and Raymark further knowingly

17

agreed, contrived, combined, confederated and conspired
to deprive plaintiff of the opportunity of informed
free choice as to whether to use said asbestos-
containing products and/or machinery requiring or
calling for the use of asbestos and/or asbestos-
containing products or to expose themselves to said
dangers.  In this connection, plaintiff has sued the
Metropolitan Life Insurance Company in its capacity as
a conspirator and because it committed tortious act in
concert with others pursuant to a common design.
Metropolitan, Manville, and Raymark committed the
above-described wrongs by willfully misrepresenting and
suppressing the truth as to the risks and dangers
associated with the use of and exposure to Manville's
and/or Raymark's asbestos-containing products and/or
machinery requiring or calling for the use of asbestos
and/or asbestos-containing products.

27.  In furtherance of said conspiracies,
Metropolitan, Manville, and Raymark performed the
following overt acts:

a.   for many decades, Metropolitan, individually,
jointly and in conspiracy with Manville and
Raymark, have been in possession of medical
and scientific data, literature and test
reports which clearly indicated that the
inhalation of asbestos dust and fibers
resulting from the ordinary foreseeable use

18

of said asbestos-containing products and/or
machinery requiring or calling for the use of
asbestos or asbestos-containing products were
unreasonably dangerous, hazardous,
deleterious to human health, carcinogenic,
and potentially deadly;

b.    despite the medical and scientific data,
literature and test reports possessed by and
available to Metropolitan, individually and
in conspiracy with Manville and Raymark,
fraudulently, willfully and maliciously:

(i)    withheld, concealed and suppressed said
medical and scientific data, literature,
and test reports regarding the risks of
asbestosis, cancer, mesothelioma and
other illnesses and diseases from
plaintiff who were using and being
exposed to Manville or Raymark asbestos-
containing products and/or machinery
requiring or calling for the use of
asbestos and/or asbestos-containing
products;

(ii) caused to be released, published and
disseminated medical and scientific
data, literature, and test reports
containing information and statements
regarding the risks of asbestosis,

19

cancer, mesothelioma and other illnesses
and diseases, which Metropolitan,
Manville, and Raymark knew were either
incorrect, incomplete, outdated and
misleading; and

(iii) distorted the results of medical
examinations conducted upon workers such
as plaintiff who were using asbestos-
containing products and/or machinery
requiring or calling for the use of
asbestos and/or asbestos-containing
products and being exposed to the
inhalation of asbestos dust and fibers
by falsely stating and/or concealing the
nature and extent of the harm to which
workers such as plaintiff has suffered;
and

(iv) failing to adequately warn the plaintiff
of the dangers to which he was exposed
when they knew of the dangers.

c.   by the false and fraudulent representations,
omissions, failures, and concealments set
forth above, Metropolitan, Manville, and
Raymark, individually, jointly, and in
conspiracy with each other, intended to
induce the plaintiff to rely upon said false
and fraudulent representations, omissions,

20

failures, and concealments, to continue to
expose themselves to the dangers inherent in
the use of and exposure to their asbestos-
containing products and/or machinery
requiring or calling for the use of asbestos
and/or asbestos-containing products.

Said misrepresentations were false, incomplete,
and misleading and constitute negligent
misrepresentations as defined by Sections 311 and 522
of the Restatement (Second) of Torts.

28.    Plaintiff reasonably and in good faith relied
upon the false and fraudulent representations,
omissions, failures, and concealments made by
Metropolitan, Manville, and Raymark regarding the
nature of their asbestos-containing products and/or
machinery requiring or calling for the use of asbestos
and/or asbestos-containing products.

29.    As a direct and proximate result of the
conspiracy and concert of action between Metropolitan,
Manville and Raymark, the plaintiff has been deprived
of the opportunity of informed free choice and
connection with the use of and exposure to Manville and
Raymark's asbestos and asbestos-containing products,
and therefore continued to work with and be exposed to
the co-conspirator corporation's asbestos and asbestos-
containing products and as a result contracted
asbestos-related diseases and other conditions, and/or

21

aggravated pre-existing conditions, as a result of
which the plaintiff has suffered a dramatic reduction
of his life expectancy, incurred great mental and
physical pain and suffering, sustained lost wages and
lost earning capacity, incurred medical expenses, and
their enjoyment of life has been greatly impaired,
which damages are continuing in nature.

WHEREFORE, Plaintiff, Charles Clayton, demands
compensatory damages, plus interest and costs.

### COUNT IV

### UNDERTAKING OF SPECIAL DUTY:  METROPOLITAN ONLY

30.   Plaintiff realleges the allegations of
Paragraphs 1 through 29 of the Complaint, and by
reference, makes them part of this Count.

31.   Defendant Metropolitan, through its
Policyholders Service Bureau, undertook duties owed by
entities which manufactured, sold, supplied, or
distributed asbestos-containing products, including
Manville and Raymark to plaintiff by testing of
asbestos workers and the conduct of scientific studies.
These duties included, without limitation, as follows:

a.   to test fully and adequately for health risks
concomitant to the normal and intended use of
their products; and

b.   to instruct fully and adequately in the use
of their products so as to eliminate or
reduce the health hazards concomitant with

22

their normal or intended use.

In undertaking these duties, Metropolitan knew or should have known that it was providing testing services for the ultimate protection of third persons, including the plaintiff.

32. In both conducting said tests and publishing their alleged results, Metropolitan failed to exercise reasonable care to conduct or publish complete, adequate, and accurate tests of the health effects of asbestos. Metropolitan also caused to be published intentionally false, misleading, inaccurate and deceptive information about the health effects of asbestos exposure. In so acting, Metropolitan breached their special responsibility by failing to exercise reasonable care to protect their undertaking, as described above.

33. The plaintiff unwittingly but justifiably relied upon the thoroughness of Metropolitan's tests and information dissemination, the results of which Metropolitan published in leading medical journals.

34. In failing to test fully and adequately for the adverse health effects from exposure asbestos; in delaying the publication of such results; and in falsely editing such results as were obtained; in suppressing relevant medical inquiry and knowledge about those hazards to promote the sale and distribution of asbestos as a harmless product; and in

23

collaborating with entities which manufactured, sold, supplied, or distributed asbestos-containing products, including Manville and Raymark materially to understate the hazards of asbestos exposure, all for pecuniary profit and gain, Metropolitan acted recklessly, wantonly, and in calculated disregard for the welfare of the general public, including the plaintiff.

35.    As a direct and proximate result of Metropolitan's failures to conduct or accurately publish adequate test or disseminate accurate and truthful information, after undertaking to do so; (i) the risk of harm to the plaintiff from asbestos exposure was increased, and (ii) plaintiff contracted asbestos-related diseases and other conditions, and/or aggravated pre-existing conditions, as a result of which the plaintiff has suffered a dramatic reduction of their life expectancy, incurred great mental and physical pain and suffering, sustained lost wages and lost earning capacity, incurred medical expenses, and their enjoyment of life has been greatly impaired, which damages are continuing in nature.

WHEREFORE, Plaintiff, Charles Clayton, demands compensatory damages, plus interest and costs.

### COUNT V

### MALICIOUS, WILLFUL, WANTON AND RECKLESS
### CONDUCT OR GROSS NEGLIGENCE

36.    Plaintiff realleges the allegations of

24

41.   The defendants acted maliciously, willfully, wantonly, and recklessly, or with gross negligence, by continuing to market their asbestos products, with reckless disregard for the health and safety of Plaintiff's and other users and consumers, knowing the dangerous characteristics and propensities of said asbestos products, but still depriving those affected by the dangers from information about those dangers.

42.   Because the defendants acted maliciously, willfully, wantonly, and recklessly, or with gross negligence, in marketing their hazardous asbestos and asbestos-containing products, in ignoring the medical and scientific data which was available to them, and depriving consumers, users, and the general public from that medical and scientific data, the plaintiff is entitled to compensatory damages.

WHEREFORE, the plaintiff, Charles Clayton, demands punitive damages in addition to the damages demanded in Counts I through IV, plus interest and costs.

Plaintiff demands a trial by jury on all issues.

DATED:   March 18, 2005

Respectfully submitted,

Brad J. Mitchell
(BBO #639845)
THORNTON & NAUMES, LLP
100 Summer Street, 30th floor
Boston, MA 02110
(617) 720-1333

26

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Charles Clayton | Metropolitan Life Insurance Co., et. al. |

**(b)** County of Residence of First Listed Plaintiff    Norfolk County, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    New York, New York
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

Thornton & Naumes, 100 Summer Street, 30th Floor, Boston, MA 02110
(617) 720-1333

Attorneys (If Known)

See Attachment

05  11078  DPW

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☒ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

| | | | | | | | Appeal to District |
|---|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1331

Brief description of cause:
Personal injury action from exposure to asbestos and asbestos-containing materials.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE                    DOCKET NUMBER

| DATE   5/23/05 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____

**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only)____Charles Clayton v. Metropolitan Life Insurance Co.____

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

|   |   |   |   |
|---|---|---|---|
| ☐ | I. | 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT. | |
| ✓ | II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. | *Also complete AO 120 or AO 121 for patent, trademark or copyright cases |
| ☐ | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891. | |
| ☐ | IV. | 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900. | |
| ☐ | V. | 150, 152, 153. | |

05 CV 1 1 0 7 DPW

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

_____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES ☐    NO ✓

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

YES ☐    NO ✓

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES ☐    NO ✓

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES ☐    NO ✓

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

YES ✓    NO ☐

    A. If yes, in which division do all of the non-governmental parties reside?

        Eastern Division ✓    Central Division ☐    Western Division ☐

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)

YES ☐    NO ✓

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME ___Charles K. Mone___
ADDRESS ___One Constitution Plaza, Boston, MA 02110___
TELEPHONE NO. ___(617) 241-3000___

(CategoryForm.wpd - 5/2/05)

Clayton v. Metropolitan Life Insurance Co., et. al.

**DEFENDANTS**

For Eckel Industries, Inc.
David M. Governo
Jennifer A.P. Carson
Governo Law Firm LLC
260 Franklin Street, 15th Floor
Boston, MA 02110
(617) 737-9045



For Owens-Illinois, Inc. and Owens-Illinois Glass Company
Peter J. Rubin
100 Middle Street
Portland, ME
(207) 774-1200

For Rapid-American Corporation
Barbara S. Hamelburg
155 Seaport Boulevard
Boston, MA 02110
(617) 832-1000

For Garlock, Inc.
Craig R. Waksler
Lawrence T. Gingrow, III.
Taylor, Duane, Barton & Gilman, LLP
160 Federal Street
Boston, MA 02110
(617) 654-8200

For Ingersoll-Rand Company
Richard B. Kirby
Keegan Werlin LLP
265 Franklin Street
Boston, MA 02110
(617) 951-1400

For John Crane, Inc.
David H. Stillman
Stillman & Associates, P.C.
51 Mill Street, Suite 5
Hanover, MA 02339
(781) 829-1077

For DaimlerChrysler Coporation, Ford Motor Company, and General Motors Corporation
Charles K. Mone
Campbell Campbell Edwards & Conroy, PC
One Constitution Plaza
Boston, MA 02129
(617) 241-3000