**MICV2005-00925**

**Charles Clayton**

**v.**

**Metropolitan Life Insurance Co., et al.**

**Removed to United States District Court**

**Commonwealth of Massachusetts**
**SUPERIOR COURT DEPARTMENT**
**THE TRIAL COURT**
**CAMBRIDGE**

MICV2005-00925

I, Mary Rosa, Deputy Assistant Clerk of the Superior Court, within and for said County of Middlesex, do certify that the annexed papers are true copies made by photographic process of pleadings entered in the Superior Court on the 23rd day of May, in the year of our Lord, Two Thousand Five.



In testimony whereof, I hereunto set my hand and affix the seal of said Superior Court, at Cambridge, in said County, this 23rd day of May, in the year of our Lord, Two Thousand Five.

_____
Deputy Assistant Clerk



FILED
IN CLERKS OFFICE **UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
2005 MAY 23  P 4: 02

I hereby certify on
foregoing documents
☐ electronic d
electronically
original filed
Sarah A
Clerk, U
District o

Charles Clayton, COURT
DISTRICT OF MASS.
        Plaintiff,                    )
                                      )
                                      )
vs.                                   )
                                      )
                                      )
Metropolitan Life Insurance Co., et. al.,  )
                                      )
      Defendants                      )

By:_____
Deputy Clerk

**CIVIL ACTION NO.**

# 05 c 11078 DPW

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 et seq., the Defendant DaimlerChrysler

Corporation ("Chrysler") hereby removes from the Superior Court of Middlesex County,

Massachusetts to the United States District Court for the District of Massachusetts, the

state court action entitled *Charles Clayton v. Metropolitan Life Insurance Co., et al.,*

Civil Action No. 05-0925 ("*Clayton* action"). As grounds for removal, Chrysler states

the following:

1.    Plaintiff originally commenced this civil action on April 28, 2005, alleging

bodily injury resulting from exposure to asbestos and asbestos-containing materials. A

copy of the Plaintiff's Complaint is attached hereto as composite Exhibit A pursuant to

the provisions of 28 U.S.C. § 1446 (a).

2.    In Plaintiff's Complaint, Plaintiff Charles Clayton identified having

exposure to asbestos-containing products at Federal Enclaves. Accordingly, this action

falls within the Courts' original federal question jurisdiction pursuant to 28 U.S.C. §

1331.

3.    Specifically, the Complaint provides that Plaintiff Charles Clayton was

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX
MAY 23 2005
Edward J Sullivan
CLERK

exposed :o asbestos-containing products while working as a food service worker aboard various ships at the Portsmouth Naval Shipyard, Kittery, Maine, in approximately 1953. *See* Exhi it A.

4       Pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction over the :laims of Plaintiff in the *Clayton* action, because such action asserts claims arising under the "Federal Enclave" Clause of the U.S. Constitution, Art. I, Sec. 8, cl. 17, thereby giving rise to federal question jurisdiction. Accordingly, removal is appropriate pursuant to 28 U.S.C. § 1441(a)(b) and (c). *See Akin v. Ashland Chemical Co.,* 156 F.3d 1030, 1034 n. 1 (10th Cir. 1998); *Akin v. Big Three Industries, Inc.,* 851 F. Supp. 819, 822 (E.D. Tex. 1994); *Reed v. Fina Oil & Chem. Co.,* 995 F. Supp. 705, 713 (E.D. Tex. 1998); and *Hines v. Acand S, Inc.,* 128 F. Supp.2d 1003 (N.D. Tex. 2001).

5.       Removal of this action is timely under the provisions of 28 U.S.C. § 1446(b), as this Notice of Removal was filed within thirty (30) days of receipt of information from which it first could be ascertained that the case was removable. *See* *Hines v. Acands, Inc.,* 128 F. Supp.2d 1003 (N.D. Tex. 2001).

6.       The remaining claims in this action are so related to the federal claims that they form part of the same transaction or controversy. Accordingly, this Court has supplemental jurisdiction over such claims pursuant to 28 U.S.C. § 1367(a).

7.    Pursuant to 28 U.S.C. § 1446(d), all adverse parties are being provided

with written notice of removal, and a copy of this Notice of Removal is being filed with

the Clerk of the Superior Court, Middlesex County, Massachusetts.

This the _23_ day of May 2005.

> **DAIMLERCHRYSLER CORPORATION**
> **By Its Attorneys,**
> **CAMPBELL, CAMPBELL EDWARDS**
> **& CONROY**
>
> **Charles K. Mone, BBO#: 351660**
> One Constitution Plaza
> Boston, MA 02129
> (617) 241-3000

## CERTIFICATE OF SERVICE

I, Charles K. Mone, Counsel for the Defendant, do hereby certify that on May 23, 2005. a true copy of the above document was served on the plaintiff via Federal Express and email and on all defendants via email.

Charles K. Mone

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05-0925 | Trial Court of Massachusetts Superior Court Department County: MIDDLESEX  |
|---|---|---|

| PLAINTIFF(S) CHARLES CLAYTON | DEFENDANT(S) METROPOLITAN LIFE INSURANCE COMPANY, et al. |
|---|---|
| ATTORNEY, FIRM, ADDRESS AND TELEPHONE (617) 720-1333 Brad J. Mitchell, Esq. THORNTON & NAUMES, LLP 100 Summer St., 30th fl , Boston, MA 02110 Board of Bar Overseers number: 639845 | ATTORNEY (if known) |

## Origin code and track designation

Place and x in one box only:
☒ 1.FO1 Original Complaint
☐ 2.FO2 Removal to Sup.Ct. C.231, s.104
(Before trial) (F)
☐ 3.FO3 Retransfer to Sup.Ct.C.231,s.102C(X)

☐ 4.FO4 District Court Appeal c.231,s.97 & 104
(After trial) (X)
☐ 5.FO5 Reactivated after rescript; relief
from judgment/Order (Mass.R.Civ.P.60) (X)
☐ 6.E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See Reverse Side)

CODE NO.        TYPE OF ACTION (specify)      TRACK        IS THIS A JURY CASE?

B19        Asbestos        (A)        ( x ) Yes    ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $..see attached..
  2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $..see attached..
  3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $..see attached..
  4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $..see attached..
  5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $..see attached..
      Subtotal $..see attached..
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . $..see attached..
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $..see attached..
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . $..see attached..
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $..see attached..
F. Other documented items of damages (describe)
      $..see attached..
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Plaintiff suffers from an asbestos-related disease arising out of his
exposure to asbestos and asbestos-containing products mined, milled,
manufactured, fabricated, supplied and/or sold by defendants.        $..see attached..
      TOTAL $..800,000.00..

*[Stamp: FILED IN THE OFFICE OF THE CLERK OF THE COURTS FOR THE COUNTY OF MIDDLESEX MAR 18 2005    CLERK]*

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $...............

PLEASE IDENTIFY BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT        Eastern Counties Massachusetts Asbestos Litigation Docket

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record_____        DATE:  3/18/05
      Brad J. Mitchell, Esq.

COMMONWEALTH OF MASSACHUSETTS



MIDDLESEX:  ss.

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

MAR 18 2005

CLERK

SUPERIOR COURT
DEPARTMENT OF THE
TRIAL COURT

05-0925

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

CHARLES CLAYTON

Plaintiff

Civil Action
No.

v.

**COMPLAINT**

METROPOLITAN LIFE INSURANCE COMPANY
EASTERN REFRACTORIES COMPANY, INC.
ECKEL INDUSTRIES, INC.
P.T. BRAKELINING COMPANY, INC.
OWENS-ILLINOIS, INC.
OWENS-ILLINOIS GLASS COMPANY
RAPID-AMERICAN CORPORATION
GARLOCK, INC.
INGERSOLL-RAND COMPANY
JOHN CRANE, INC.
UNIROYAL, INC.
BAYER CROPSCIENCE, INC. f/k/a
  AMCHEM PRODUCTS, INC.
PARKER-HANNIFIN CORPORATION
ITT INDUSTRIES, INC., AS
  SUCCESSOR TO GOULDS PUMPS, INC.
UNION CARBIDE CORPORATION
HONEYWELL INTERNATIONAL INC. f/k/a ALLIEDSIGNAL,
  INC. f/k/a THE BENDIX CORPORATION
BORG-WARNER CORPORATION n/k/a BURNS
  INTERNATIONAL SERVICES CORPORATION
DAIMLERCHRYSLER CORPORATION
FORD MOTOR COMPANY
GENERAL MOTORS CORPORATION
PNEUMO-ABEX CORPORATION
HAMPDEN AUTOMOTIVE SALES CORP.,

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

5495E000003/18/05CIVIL
5495E000003/18/05SUR CHARGE
5495E000003/18/05SECC

240.00
15.00
20.00

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - -X

Now comes the plaintiff, by his attorneys, and

files the following complaint:

1.  PARTY PLAINTIFF

Plaintiff, Charles Clayton, a single person,

resides at 3 Hillcrest Road, Apt. #2, Foxboro,

1

Massachusetts 02035.

    2.  PARTY DEFENDANTS

    2A.  The defendant, <u>Metropolitan Life Insurance
Company</u> (hereinafter "Metropolitan"), is a foreign
corporation which does or has done business in the
Commonwealth of Massachusetts.

    2B.  The defendant, <u>Eastern Refractories Company,
Inc.</u>, is a corporation organized under the laws of the
Commonwealth of Massachusetts with its principal place
of business located in the Commonwealth of
Massachusetts.

    2C.  The defendant, <u>Eckel Industries, Inc.</u>, is a
corporation organized under the laws of the
Commonwealth of Massachusetts with a principal place of
business located in the Commonwealth of Massachusetts.

    2D.  The defendant, <u>P.T. Brakelining Company,
Inc.</u>, is a Massachusetts corporation with a principal
place of business in the Commonwealth of Massachusetts
and has conducted business in the Commonwealth of
Massachusetts.

    2E.  The defendant, <u>Owens-Illinois, Inc.</u>, is a
corporation incorporated under the laws of the State of
Ohio, having a principal place of business outside the
Commonwealth of Massachusetts, and has conducted
business in the Commonwealth of Massachusetts.

    2F.  The defendant, <u>Owens-Illinois Glass Company</u>,
is a corporation incorporated under the laws of the

2

State of Ohio, having a principal place of business outside the Commonwealth of Massachusetts and has conducted business in the Commonwealth of Massachusetts.

2G. The defendant, Rapid-American Corporation, is the legal successor to the Philip Carey Manufacturing Company and is a corporation incorporated under the laws of the State of Delaware, having a principal place of business outside the Commonwealth of Massachusetts, and on information and belief has conducted business in the Commonwealth of Massachusetts itself and through its predecessor corporation.

2H. The defendant, Garlock, Inc., is a foreign corporation having a principal place of business in the State of New York and has conducted business in the Commonwealth of Massachusetts.

2I. The defendant, Ingersoll-Rand Company, is a New Jersey corporation having a principal place of business in New Jersey and is registered to and has conducted business in the Commonwealth of Massachusetts.

2J. The defendant, John Crane, Inc., is a Delaware corporation with a principal place of business in the State of Illinois and has conducted business in the Commonwealth of Massachusetts.

2K. The defendant, Uniroyal, Inc., is a foreign corporation with a principal place of business outside

3

the Commonwealth of Massachusetts and has conducted business in the Commonwealth of Massachusetts.

2L.   The defendant, Bayer CropScience, Inc. f/k/a Amchem Products, Inc., is a Delaware corporation having a principal place of business in Pennsylvania which has conducted business in the Commonwealth of Massachusetts.

2M.   The defendant, Parker-Hannifin Corporation, is a corporation incorporated under the laws of the State of Ohio having a principal place of business in the State of Ohio and has conducted business in the Commonwealth of Massachusetts.

2N.   The defendant, ITT Industries, Inc., as Successor to Goulds Pumps, Inc., is a foreign corporation incorporated under the laws of the State of Indiana having a principal place of business in White Plains, New York, and has conducted business in the Commonwealth of Massachusetts.

2O.   The defendant, Union Carbide Corporation, is a Connecticut corporation with a principal place of business outside the Commonwealth of Massachusetts and has conducted business in the Commonwealth of Massachusetts.

2P.   The defendant, Honeywell International Inc. f/k/a AlliedSignal, Inc., f/k/a The Bendix Corporation, is a Delaware corporation having a principal place of business outside the Commonwealth of Massachusetts and

4

has conducted business in the Commonwealth of Massachusetts.

2Q.   The defendant, Borg-Warner Corporation n/k/a Burns International Services Corporation, is a Delaware corporation with a principal place of business in the State of Illinois and has conducted business in the Commonwealth of Massachusetts.

2R.   The defendant, DaimlerChrysler Corporation, is a Delaware corporation with a principal place of business in the State of Michigan which has conducted business in the Commonwealth of Massachusetts.

2S.   The defendant, Ford Motor Company, is a Delaware corporation with a principal place of business in the State of Michigan and has conducted business in the Commonwealth of Massachusetts.

2T.   The defendant, General Motors Corporation, is a Delaware corporation with a principal place of business in the State of Michigan and has conducted business in the Commonwealth of Massachusetts.

2U.   The defendant, Pneumo-Abex Corporation, as Successor in Interest to Abex Corporation, is a foreign corporation, with a principal place of business outside the Commonwealth of Massachusetts which has conducted business in the Commonwealth of Massachusetts.

2V.   The defendant, Hampden Automotive Sales Corp., is a corporation incorporated under the laws of the Commonwealth of Massachusetts, having a principal

5

place of business at 117 Heath Street, Boston,
Massachusetts.

As used in this Complaint, the term "defendant"
shall include any party defendants identified in
paragraphs 2A-2V hereof, and their predecessors, which
shall include, but is not limited to, any person,
corporation, company or business entity:  which formed
part of any combination, consolidation, merger or
reorganization from which any party defendant was
created or was the surviving corporation; whose assets,
stock, property, products or product line was acquired
by any party defendant; whose patent rights, trademark
rights, trade secrets or goodwill was acquired by any
party defendant; or, which was dominated or controlled
by any party defendant to such an extent that said
party defendant was the "alter ego" of said
corporation.

3.    The plaintiff's cause of action arises from
the defendants: (a) transacting business in
Massachusetts; (b) contracting to supply and/or sell
goods in Massachusetts; (c) doing or causing a tortious
act to be done within Massachusetts; and/or, (d)
causing the consequence of a tortious act to occur
within Massachusetts.

4.    Plaintiff, Charles Clayton, was exposed to
defendants' asbestos and asbestos-containing materials
while working as a mechanic from approximately 1938 to

1948; and as a food service worker aboard various ships at the Portsmouth Naval Shipyard, Kittery, Maine in approximately 1953.

5.   During the period of time set forth in Paragraph 4, the plaintiff was exposed to and did inhale and/or ingest asbestos dust, fibers, and particles, which dust, fibers, and particles came from the asbestos or asbestos-containing products which were mined, milled, manufactured, fabricated, supplied and/or sold by the defendant corporations.

6.   The asbestos and asbestos-containing products which the plaintiff was exposed to were mined, milled, manufactured, fabricated, supplied, and/or sold by the defendant corporations, acting through their duly authorized agents, servants, and employees, who were then and there acting in the course and scope of their employment and in furtherance of the business of the defendants.

7.   At all times pertinent hereto, the defendant corporations were engaged in the business of mining, milling, manufacturing, fabricating, supplying, and/or selling asbestos and asbestos-containing products.

8.   At all times pertinent hereto, the asbestos products were products mined, milled, manufactured, fabricated, supplied and/or sold by the defendant corporations and reached the plaintiff without any substantial change in the condition of the product or

7

products from the time that they were sold.

## COUNT I

### NEGLIGENCE

9. Plaintiff realleges the allegations of Paragraphs 1 through 8 of the Complaint, and by reference, makes them part of this Count.

10. It was the duty of the defendant corporations to use and exercise reasonable and due care in the manufacture, fabricating, testing, inspection, production, marketing, packaging and sale of their asbestos and asbestos-containing products.

11. It was also the duty of the defendant corporations to provide detailed and adequate instructions relative to the proper and safe handing and use of their asbestos and asbestos products, and to provide detailed and adequate warnings concerning any and all dangers, characteristics, and potentialities of their asbestos and asbestos-containing products.

12. It was the continuing duty of the defendant corporations to advise and warn purchasers, consumers, users, and prior purchasers, consumers, and users of all dangers, characteristics, potentialities and defects discovered subsequent to their initial marketing or sale of their asbestos and asbestos-containing products.

13. Yet, nevertheless, wholly disregarding the aforesaid duties, the defendant corporations breached

8

their duties by: (a) failing to warn the plaintiff of the dangers, characteristics, and potentialities of their asbestos-containing product or products when the defendant corporations knew or should have known that exposure to their asbestos-containing products would cause disease and injury; (b) failing to warn the plaintiff of the dangers to which he was exposed when they knew or should have known of the dangers; (c) failing to exercise reasonable care to warn the plaintiff of what would be safe, sufficient, and proper protective clothing, equipment, and appliances when working with or near or being exposed to their asbestos and asbestos-containing products; (d) failing to provide safe, sufficient and proper protective clothing, equipment and appliances with their asbestos-containing product or products; (e) failing to test their asbestos and asbestos products in order to ascertain the extent of dangers involved upon exposure thereto; (f) failing to conduct such research as should have been conducted in the exercise of reasonable care, in order to ascertain the dangers involved upon exposure to their asbestos and asbestos-containing products; (g) failing to remove the product or products from the market when the defendant corporations knew or should have known of the hazards of exposure to their asbestos and asbestos-containing products; (h) failing upon discovery of the dangers, hazards, and

9

potentialities of exposure to asbestos to adequately warn and apprise the plaintiff of the dangers, hazards, and potentialities discovered; (i) failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos to package said asbestos and asbestos-containing products so as to eliminate said dangers, hazards, and potentialities; and, (j) generally using unreasonable, careless, and negligent conduct in the manufacture, fabricating, supply, or sale of their asbestos and asbestos-containing products.

14.   As a direct and proximate result of the unreasonable, careless, and negligent conduct of the defendant corporation, the plaintiff has developed malignant mesothelioma and other asbestos-related disease, as a result of which the plaintiff has incurred medical expenses, suffered a dramatic reduction in his life expectancy, incurred great mental and physical pain and suffering, and suffered an impairment in his enjoyment of life, which damages are continuing in nature.

15.   The defendants knew, or with the reasonable exercise of care, should have known of the dangerous characteristics, properties, and potentialities of asbestos and asbestos-containing products.

WHEREFORE, plaintiff, Charles Clayton, demands compensatory damages, plus interest and costs.

10

COUNT II

BREACH OF EXPRESSED AND IMPLIED WARRANTIES

16.  Plaintiff realleges the allegations of Paragraphs 1 through 15 of the Complaint, and by reference, makes them part of this Count.

17.  The plaintiff was a person whom the defendants could reasonably have expected to use, consume, or be affected by the defendants' asbestos and asbestos-containing products within the meaning of Massachusetts General Laws c. 106, sec. 2-318, as the defendants knew or had reason to know that their asbestos-containing products would be used in the insulation or construction industry and that individuals such as the plaintiff would come in contact with such asbestos materials.

18.  The defendants expressly and impliedly warranted that the asbestos and asbestos-containing products described above were merchantable, safe, and fit for their ordinary and the particular purposes and requirements of plaintiff.

19.  The defendants had reason to know of the particular purposes for which their asbestos and asbestos-containing products would be used.

20.  The plaintiff relied upon the defendants' skill or judgment in selecting suitable insulation or construction products for safe use.

21.  The defendants breached these warranties, in

11

that the asbestos-containing products they sold were not merchantable, safe, suitable, or fit for their ordinary or particular purposes.

22.   As a direct and proximate result of the defendants' breach of warranties, the plaintiff has developed malignant mesothelioma and other asbestos-related disease, as a result of which the plaintiff has incurred medical expenses, suffered a dramatic reduction in his life expectancy, incurred great mental and physical pain and suffering, and suffered an impairment in his enjoyment of life, which damages are continuing in nature.

WHEREFORE, plaintiff, Charles Clayton, demands compensatory damages, plus interest and costs.

COUNT III

CONSPIRACY OR CONCERT OF ACTION:   METROPOLITAN ONLY

23.   Plaintiff realleges the allegations of Paragraphs 1 through 22 of the Complaint, and by reference, makes them part of this Count.

24.   In addition, during the time period set forth in Paragraph 4, the plaintiff was exposed to and did inhale and/or ingest asbestos dust, fibers, and particles, which dust, fibers, and particles came from the asbestos or asbestos-containing products which were mined, milled, manufactured, fabricated, supplied and/or sold by the Johns Manville Corporation (hereinafter "Manville") and/or Raymark Industries,

12

Inc. (hereinafter "Raymark").

25.   The defendant, Metropolitan Life Insurance
Company, (hereinafter "Metropolitan") together with
Manville, Raymark and other persons and entities, known
and unknown at times relevant hereto, engaged in a
conspiracy or concert of action to inflict injury on
the plaintiff, and to withhold, alter, suppress and
misrepresent information about the health effects of
asbestos exposure.   One or more of said conspirators
did cause tortious injury to the plaintiff in the
course of or as a consequence of the conspiracy or
concert of action.   At least the following enumerated
acts were undertaken by the conspirators in the course
of and in furtherance of the conspiracy or concert of
action.

　　　　a.   In 1932, Metropolitan, through its agents,
　　　　　　　Dr. Anthony Lanza and others, assisted
　　　　　　　Manville with medical examinations of over
　　　　　　　1,000 employees of Manville's factory in
　　　　　　　Manville, New Jersey.   The report of this
　　　　　　　study shows that a large percentage of the
　　　　　　　employees suffered from asbestosis including
　　　　　　　employees not directly involved in the
　　　　　　　manufacturing process.   This 1932 medical
　　　　　　　survey was not published in the medical
　　　　　　　literature and, therefore, was unavailable to
　　　　　　　scientists studying the issue of asbestos

13

disease. Further collaboration between Manville and Metropolitan continued the cover-up.

b. Beginning in approximately 1934, Manville, through its agents, Vandiver Brown and Attorney J.C. Hobart, suggested to Dr. Anthony Lanza, Associate Director of Metropolitan, (insurer of Manville and Raymark) that Lanza publish a study on asbestosis in which Lanza would affirmatively misrepresent material facts about the health consequences of asbestos exposure. This was accomplished through intentional deletion of Lanza's description of asbestosis as "fatal" and through other selective editing that affirmatively misrepresented asbestosis as a disease process less serious than it actually is and was known to be. As a result, Lanza's study was published in the medical literature in this misleading fashion in 1935. The conspirators were motivated, in part, to effectuate this fraudulent misrepresentation and fraudulent nondisclosure by the desire to influence proposed legislation to regulate asbestos exposure and to provide a defense in lawsuits involving Manville, Raymark and Metropolitan, as insurer. Furthermore, upon

14

information and belief, it is alleged that
Metropolitan, at all times relevant hereto,
had substantial monetary investments in
Manville and Raymark, among other asbestos
product manufacturers and distributors.

c.   In 1936, the conspirators or some of them
including Manville, Raymark, and other
companies entered into an agreement with the
Saranac Laboratories in New York.  Under this
agreement, these conspirators acquired the
power to decide what information Saranac
Laboratories could publish about asbestos
disease and to control in what form such
publications were to occur.  This agreement
gave these conspirators power to
affirmatively misrepresent the results of the
work at Saranac, and also gave these
conspirators power to suppress material facts
included in any study.  On numerous occasions
thereafter, the conspirators exercised their
power to prevent Saranac scientists from
disclosing material scientific data,
resulting in numerous misstatements of fact
being made at scientific meetings.

d.   By November 1948, or earlier, Manville,
Metropolitan (acting through Dr. Lanza),
Raymark, and others decided to exert their

15

influence to materially alter and
misrepresent material facts about the
substance of research started by Dr. Leroy
Gardner at the Saranac Laboratories beginning
in 1936. Dr. Gardner's research involved
carcinogenicity of asbestos in mice and also
included an evaluation of the health effects
of asbestos on humans with a critical review
of the then-existing standards of dust
exposure for asbestos and asbestos products.

e.   At a meeting on November 11, 1948, these
conspirators and others intentionally and
affirmatively determined that Dr. Gardner's
work should be edited to specifically delete
material facts about the cancer-causing
propensity of asbestos and the health effects
of asbestos on humans and they determined
that only an edited version would be
published.  These conspirators thereby
fraudulently misrepresented the risks of
asbestos exposure to the public, in general,
and to the class of persons exposed to
asbestos, including the plaintiff.

f.   As a direct result of influence exerted by
the above-described conspirators, Dr. Arthur
Vorwald published Dr. Gardner's edited work
in the Journal of Industrial Hygiene, AMA

16

Archives of Industrial Hygiene and

Occupational Health in 1951 in a form that

stressed those portions of Dr. Gardner's work

that the conspirators wished stressed, but

which omitted references to human asbestosis

and cancer, thereby fraudulently and

affirmatively misrepresenting the extent of

the risks.  The conspirators affirmatively

and deliberately disseminated this misleading

Vorwald publication to university libraries,

government officials, agencies and others.

g.    Such action constituted a material

affirmative misrepresentation of the material

facts involved in Dr. Gardner's work and

resulted in creating an appearance that

inhalation of asbestos was a less serious

health concern than Dr. Gardner's unedited

work indicated.

26.   Plaintiff further alleges that Metropolitan,

Manville, Raymark and/or their predecessors in interest

knowingly agreed, contrived, combined, confederated and

conspired among themselves to cause plaintiff injuries,

diseases, and/or illnesses by exposing plaintiff to

harmful and dangerous asbestos-containing products

and/or machinery requiring or calling for the use of

asbestos and/or asbestos-containing products.

Metropolitan, Manville, and Raymark further knowingly

17

agreed, contrived, combined, confederated and conspired to deprive plaintiff of the opportunity of informed free choice as to whether to use said asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products or to expose themselves to said dangers. In this connection, plaintiff has sued the Metropolitan Life Insurance Company in its capacity as a conspirator and because it committed tortious act in concert with others pursuant to a common design. Metropolitan, Manville, and Raymark committed the above-described wrongs by willfully misrepresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to Manville's and/or Raymark's asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

27.   In furtherance of said conspiracies, Metropolitan, Manville, and Raymark performed the following overt acts:

    a.    for many decades, Metropolitan, individually, jointly and in conspiracy with Manville and Raymark, have been in possession of medical and scientific data, literature and test reports which clearly indicated that the inhalation of asbestos dust and fibers resulting from the ordinary foreseeable use

18

of said asbestos-containing products and/or
machinery requiring or calling for the use of
asbestos or asbestos-containing products were
unreasonably dangerous, hazardous,
deleterious to human health, carcinogenic,
and potentially deadly;

b.   despite the medical and scientific data,
literature and test reports possessed by and
available to Metropolitan, individually and
in conspiracy with Manville and Raymark,
fraudulently, willfully and maliciously:

(i)   withheld, concealed and suppressed said
medical and scientific data, literature,
and test reports regarding the risks of
asbestosis, cancer, mesothelioma and
other illnesses and diseases from
plaintiff who were using and being
exposed to Manville or Raymark asbestos-
containing products and/or machinery
requiring or calling for the use of
asbestos and/or asbestos-containing
products;

(ii)  caused to be released, published and
disseminated medical and scientific
data, literature, and test reports
containing information and statements
regarding the risks of asbestosis,

19

cancer, mesothelioma and other illnesses
and diseases, which Metropolitan,
Manville, and Raymark knew were either
incorrect, incomplete, outdated and
misleading; and

(iii) distorted the results of medical
examinations conducted upon workers such
as plaintiff who were using asbestos-
containing products and/or machinery
requiring or calling for the use of
asbestos and/or asbestos-containing
products and being exposed to the
inhalation of asbestos dust and fibers
by falsely stating and/or concealing the
nature and extent of the harm to which
workers such as plaintiff has suffered;
and

(iv) failing to adequately warn the plaintiff
of the dangers to which he was exposed
when they knew of the dangers.

c.  by the false and fraudulent representations,
omissions, failures, and concealments set
forth above, Metropolitan, Manville, and
Raymark, individually, jointly, and in
conspiracy with each other, intended to
induce the plaintiff to rely upon said false
and fraudulent representations, omissions,

20

> failures, and concealments, to continue to
> expose themselves to the dangers inherent in
> the use of and exposure to their asbestos-
> containing products and/or machinery
> requiring or calling for the use of asbestos
> and/or asbestos-containing products.

Said misrepresentations were false, incomplete,
and misleading and constitute negligent
misrepresentations as defined by Sections 311 and 522
of the Restatement (Second) of Torts.

28.   Plaintiff reasonably and in good faith relied
upon the false and fraudulent representations,
omissions, failures, and concealments made by
Metropolitan, Manville, and Raymark regarding the
nature of their asbestos-containing products and/or
machinery requiring or calling for the use of asbestos
and/or asbestos-containing products.

29.   As a direct and proximate result of the
conspiracy and concert of action between Metropolitan,
Manville and Raymark, the plaintiff has been deprived
of the opportunity of informed free choice and
connection with the use of and exposure to Manville and
Raymark's asbestos and asbestos-containing products,
and therefore continued to work with and be exposed to
the co-conspirator corporation's asbestos and asbestos-
containing products and as a result contracted
asbestos-related diseases and other conditions, and/or

21

aggravated pre-existing conditions, as a result of which the plaintiff has suffered a dramatic reduction of his life expectancy, incurred great mental and physical pain and suffering, sustained lost wages and lost earning capacity, incurred medical expenses, and their enjoyment of life has been greatly impaired, which damages are continuing in nature.

WHEREFORE, Plaintiff, Charles Clayton, demands compensatory damages, plus interest and costs.

### COUNT IV

### UNDERTAKING OF SPECIAL DUTY:  METROPOLITAN ONLY

30.  Plaintiff realleges the allegations of Paragraphs 1 through 29 of the Complaint, and by reference, makes them part of this Count.

31.  Defendant Metropolitan, through its Policyholders Service Bureau, undertook duties owed by entities which manufactured, sold, supplied, or distributed asbestos-containing products, including Manville and Raymark to plaintiff by testing of asbestos workers and the conduct of scientific studies. These duties included, without limitation, as follows:

    a.    to test fully and adequately for health risks concomitant to the normal and intended use of their products; and

    b.    to instruct fully and adequately in the use of their products so as to eliminate or reduce the health hazards concomitant with

22

collaborating with entities which manufactured, sold, supplied, or distributed asbestos-containing products, including Manville and Raymark materially to understate the hazards of asbestos exposure, all for pecuniary profit and gain, Metropolitan acted recklessly, wantonly, and in calculated disregard for the welfare of the general public, including the plaintiff.

35.    As a direct and proximate result of Metropolitan's failures to conduct or accurately publish adequate test or disseminate accurate and truthful information, after undertaking to do so; (i) the risk of harm to the plaintiff from asbestos exposure was increased, and (ii) plaintiff contracted asbestos-related diseases and other conditions, and/or aggravated pre-existing conditions, as a result of which the plaintiff has suffered a dramatic reduction of their life expectancy, incurred great mental and physical pain and suffering, sustained lost wages and lost earning capacity, incurred medical expenses, and their enjoyment of life has been greatly impaired, which damages are continuing in nature.

WHEREFORE, Plaintiff, Charles Clayton, demands compensatory damages, plus interest and costs.

### COUNT V

### MALICIOUS, WILLFUL, WANTON AND RECKLESS

### CONDUCT OR GROSS NEGLIGENCE

36.    Plaintiff realleges the allegations of

24

Paragraphs 1 through 35 of the Complaint, and by reference, makes them part of this Count.

37.   As early as 1929, the defendants, or some of them, possessed medical and scientific data clearly indicating that asbestos and asbestos-containing products were hazardous to the health and safety of Charles Clayton and others in his position.

38.   The defendants, or some of them, during the 1930's, 1940's, 1950's, and 1960's became possessed of voluminous medical and scientific data, studies, and reports, which information conclusively established that asbestos and asbestos-containing products were hazardous to the health and safety of Charles Clayton and all other persons exposed to the products.

39.   The defendants, or some of them, since the 1930's have had numerous workmen's compensation claims filed against them by former asbestos workers or employees, or knew such claims were filed against asbestos product suppliers and manufacturers.

40.   Prompted by pecuniary motives, the defendants ignored and failed to act upon such medical and scientific data and conspired to deprive the public, and particularly the users, from access to said medical and scientific data, thereby depriving them of the opportunity of free choice as to whether or not to expose themselves to the asbestos products of the defendants.

25

41.    The defendants acted maliciously, willfully, wantonly, and recklessly, or with gross negligence, by continuing to market their asbestos products, with reckless disregard for the health and safety of Plaintiff's and other users and consumers, knowing the dangerous characteristics and propensities of said asbestos products, but still depriving those affected by the dangers from information about those dangers.

42.    Because the defendants acted maliciously, willfully, wantonly, and recklessly, or with gross negligence, in marketing their hazardous asbestos and asbestos-containing products, in ignoring the medical and scientific data which was available to them, and depriving consumers, users, and the general public from that medical and scientific data, the plaintiff is entitled to compensatory damages.

WHEREFORE, the plaintiff, Charles Clayton, demands punitive damages in addition to the damages demanded in Counts I through IV, plus interest and costs.

Plaintiff demands a trial by jury on all issues.
DATED:   March 18, 2005

Respectfully submitted,

Brad J. Mitchell
(BBO #639845)
THORNTON & NAUMES, LLP
100 Summer Street, 30th floor
Boston, MA 02110
(617) 720-1333

26

ATTORNEYS AT LAW

# Thornton & Naumes LLP

100 Summer St. • 30th Floor • Boston, MA 02110 • 617-720-1333
Toll Free 800-431-4600   FAX# 617-720-2445
www.tenlaw.com

05-0925

Michael P. Thornton (NH, ME & MA)
John T. Barrett (NH & MA)
Robert T. Naumes
Neil T. Leifer (ME, NI & MA)
David J. McMorris (NY & MA)
Edwin L. Wallace
Robert M. Byrne, Jr.
David C. Strouss
Joseph R. Donohue (ME & MA)
Patricia M. Flannery
Andrew S. Wainwright
Michael A. Lesser
Marilyn T. McGoldrick
Garrett J. Bradley
Brad J. Mitchell
Kristen Marquis Fritz
Zoran Malesevic
Allyson S. Hauck

Of Counsel
Elizabeth M. Shost
Admitted in NY & PA only

March 18, 2005

> FILED
> IN THE OFFICE OF THE
> CLERK OF THE COURTS
> FOR THE COUNTY OF MIDDLESEX
>
> **MAR 18** 2005
>
> CLERK

## VIA HAND DELIVERY

Asbestos Filing Clerk
**MIDDLESEX SUPERIOR COURT**
40 Thorndike Street
Cambridge, MA   02141

      RE:   CHARLES CLAYTON
      vs.   Metropolitan Life Insurance Company, et al.

Dear Sir/Madam:

      With regard to the above-referenced matter, enclosed
herewith please find the following:

      1.   $275.00 check for filing fee;
      2.   Civil Action Cover Sheet;
      3.   Complaint.

      Kindly file same.

      Thank you for your anticipated cooperation.

                Very truly yours,

                Brad J. Mitchell

BJM/dcv
Enclosures

MAS-20041243
holllave

Case 1:05-cv-11078-NG Document 11 Filed 05/27/2005 Page 35 of 40

Commonwealth of Massachusetts
MIDDLESEX SUPERIOR COURT
Case Summary
Civil Docket

05/24/2005
09:57 AM

# MICV2005-00925
## Clayton v Metropolitan Life Insurance Company et al

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 03/18/2005 | **Status** | Disposed: transfered to other court (dtrans) | | | |
| **Status Date** | 05/23/2005 | **Session** | S - Cv S (12A Cambridge) | | | |
| **Origin** | 1 | **Case Type** | B19 - Asbestos | | | |
| **Lead Case** | | **Track** | A | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Service** | 06/16/2005 | **Answer** | 08/15/2005 | **Rule12/19/20** | 08/15/2005 |
| **Rule 15** | 06/11/2006 | **Discovery** | 05/07/2007 | **Rule 56** | 07/06/2007 |
| **Final PTC** | 11/03/2007 | **Disposition** | 03/17/2008 | **Jury Trial** | Yes |

**Plaintiff**
Charles Clayton
3 Hillcrest Road
Apartment #2
Foxboro, MA 02035
Active 03/18/2005

**Private Counsel 639845**
Brad J Mitchell
Thornton & Naumes
100 Summer Street
30th floor
Boston, MA 02110
Phone: 617-720-1333
Fax: 617-720-2445
Active 03/18/2005 Notify

**Defendant**
Metropolitan Life Insurance Company
Service pending 03/18/2005

**Defendant**
Eastern Refractories Company, Inc.
Service pending 03/18/2005

**Defendant**
Eckel Industries, Inc.
Service pending 03/18/2005

MAS20041243
holllave

Case 1:05-cv-11078-NG    Document 11    Filed 05/27/2005    Page 36 of 40

Commonwealth of Massachusetts
MIDDLESEX SUPERIOR COURT
Case Summary
Civil Docket

05/24/2005
09:57 AM

## MICV2005-00925
## Clayton v Metropolitan Life Insurance Company et al

| | |
|---|---|
| **Defendant**<br>P.T. Brakelining Company, Inc.<br>Service pending 03/18/2005 | |
| **Defendant**<br>Owens-Illinois, Inc.<br>Answered: 05/11/2005<br>Answered 05/11/2005 | **Private Counsel 432980**<br>Peter J Rubin<br>Bernstein Shur Sawyer & Nelson<br>100 Middle Street<br>PO Box 9729<br>Portland, ME 04104-5029<br>Phone: 207-774-1200<br>Fax: 207-774-1127<br>Active 05/11/2005 Notify |
| **Defendant**<br>Owens-Illinois Glass Company<br>Answered: 05/11/2005<br>Answered 05/11/2005 | *** See Attorney Information Above *** |
| **Defendant**<br>Rapid-American Corporation<br>Answered: 05/19/2005<br>Answered 05/19/2005 | **Private Counsel 218670**<br>Barbara S Hamelburg<br>Foley Hoag LLP<br>155 Seaport Boulevard<br>Boston, MA 02110<br>Phone: 617-832-1000<br>Fax: 617-832-7000<br>Active 05/19/2005 Notify |
| **Defendant**<br>Garlock, Inc.<br>Service pending 03/18/2005 | |

Case 1:05-cv-11078-NG    Document 11    Filed 05/27/2005    Page 37 of 40

### MICV2005-00925
### Clayton v Metropolitan Life Insurance Company et al

| | |
|---|---|
| **Defendant**<br>Ingersoll-Rand Company<br>Answered: 05/20/2005<br>Answered 05/20/2005 | **Private Counsel 273600**<br>Richard B Kirby<br>Keegan Werlin & Pabian<br>265 Franklin Street<br>Boston, MA 02110-3113<br>Phone: 617-951-1400<br>Fax: 617-951-1354<br>Active 05/20/2005 Notify |
| **Defendant**<br>John Crane, Inc.<br>Answered: 05/16/2005<br>Answered 05/16/2005 | **Private Counsel 555554**<br>David H Stillman<br>Stillman & Associates, P.C.<br>51 Mill Street, Suite 5<br>Hanover, MA 02339<br>Phone: 781-829-1077<br>Fax: 781-829-2077<br>Active 05/16/2005 Notify |
| **Defendant**<br>Uniroyal, Inc.<br>Service pending 03/18/2005 | |
| **Defendant**<br>Bayer Cropscience, Inc., f/k/a Amchem Products, Inc.<br>Service pending 03/18/2005 | |
| **Defendant**<br>Parker-Hannifin Corporation<br>Service pending 03/18/2005 | |
| **Defendant**<br>ITT Industries, Inc., As Successor To Goulds Pumps, Inc.<br>Service pending 03/18/2005 | |

MAS20041243

holllave

Case 1:05-cv-11078-NG    Document 11    Filed 05/27/2005    Page 38 of 40

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
Case Summary
Civil Docket

05/24/2005
09:57 AM

## MICV2005-00925
## Clayton v Metropolitan Life Insurance Company et al

**Defendant**
Union Carbide Corporation
Service pending 03/18/2005

**Defendant**
Honeywell International Inc., f/k/a Alliedsignal Inc.,
f/k/a
Bendix Corporation
Service pending 03/18/2005

**Defendant**
Borg-Warner Corporation n/k/a Burns International
Services
Corp.
Service pending 03/18/2005

**Defendant**
Daimlerchrysler Corporation
Service pending 03/18/2005

**Defendant**
Ford Motor Company
Service pending 03/18/2005

**Defendant**
Gneral Motors Corporation
Service pending 03/18/2005

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
Case Summary
Civil Docket

# MICV2005-00925
## Clayton v Metropolitan Life Insurance Company et al

**Defendant**
Pneumo-Abex Corporation
Service pending 03/18/2005

**Defendant**
Hampden Automotive Sales Corp.
Service pending 03/18/2005

| Date | Paper | Text |
|------|-------|------|
| 03/18/2005 | 1.0 | Complaint (asbestos) & civil action cover sheet filed |
| 03/18/2005 | | Origin 1, Type B19, Track A. |
| 05/05/2005 | 2.0 | Acknowledgement of Service: Eckel Industries, Inc. |
| 05/11/2005 | 3.0 | ANSWER: Owens-Illinois, Inc.(Defendant)and crossclaim against all |
| | | defendants and jury demand |
| 05/11/2005 | | ANSWER: Owens-Illinois Glass Company(Defendant)and crossclaim |
| | | against all defendants and jury demand |
| 05/16/2005 | 4.0 | ACKNOWLEDGEMENT OF SERVICE:  John Crane, Inc.(Defendant) |
| 05/17/2005 | 5.0 | Acknowledgement of Service: Garlock, Inc. |
| 05/19/2005 | 6.0 | ACKNOWLEDGEMENT OF SERVICE:  Rapid-American Corporation(Defendant) |
| 05/20/2005 | 7.0 | ACKNOWLEDGMENT OF SERVICE AND NOTICE OF INTENT:  Ingersoll-Rand |
| | | Company(Defendant) |
| 05/23/2005 | 8.0 | Case REMOVED this date to US District Court of Massachusetts by |
| | | Defendant Daimlerchrysler Corporation. |
| 05/23/2005 | | ABOVE ACTION THIS DAY REMOVED TO US DISTRICT COURT. |

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
C.A. No. 05-0925

CHARLES CLAYTON,

Plaintiff,

v.

ECKEL INDUSTRIES, INC., et al.

Defendants.

## ACKNOWLEDGMENT OF SERVICE

Pursuant to Pre-Trial Order No. 4, Section V.D. dated March 11, 1985, the Defendant, Eckel Industries, Inc., hereby acknowledges receipt of a summons and a copy of Plaintiff's complaint in this action.

Pursuant to the Pretrial Order No. 4, Section V.D., the filing of this Acknowledgment of Service by Eckel Industries, Inc. does not constitute a waiver of Eckel Industries, Inc.'s right to challenge any defect in process or service of process. Eckel Industries, Inc. shall be deemed to have fulfilled the requirement of Massachusetts Rules of Civil Procedure, Rule 12 by filing this Acknowledgment of Service.

The Defendant, Eckel Industries, Inc., does not adopt the model cross-claim of Defendants. Instead Eckel Industries, Inc. adopts its own affirmative defenses and cross-claim filed on the Massachusetts Asbestos Litigation consolidated docket.

The Defendant, Eckel Industries, Inc., demands a trial by jury on all issues brought by or against it in this action.

Respectfully submitted,

The Defendant,
ECKEL INDUSTRIES, INC.,
By its attorneys,

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
MAY 0 5 2005

David M. Governo B.B.O. No. 205590
Jeniffer A. P. Carson B.B.O. No.: 643862
Governo Law Firm LLC
260 Franklin Street 15th Floor
Boston, MA 02110
(617) 737-9045

## CERTIFICATE OF SERVICE

I, Jeniffer A. P. Carson, attorney for the Defendant, Eckel Industries, Inc., in the above-entitled action, hereby certify that I served upon Plaintiff's attorney and all defense counsel of record a notice of the above Acknowledgement of Service via electronic filing on this $4th$ day of May, 2005.

_____
Jeniffer A. P. Carson



## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
DEPARTMENT OF THE
TRIAL COURT
CIVIL ACTION NO. 05-0925

CHARLES CLAYTON,                    )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )
                                    )
METROPOLITAN LIFE INSURANCE         )
COMPANY, et al.,                    )
                                    )
        Defendants                  )

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS

MAY 11 2005

### ANSWER, AFFIRMATIVE DEFENSES AND
### CROSSCLAIM OF DEFENDANTS OWENS-ILLINOIS, INC.
### AND OWENS-ILLLINOIS GLASS COMPANY
### TO PLAINTIFF'S COMPLAINT

Defendants Owens-Illinois, Inc. and Owens-Illinois Glass Company (hereinafter referred to as "Defendant") hereby answers Plaintiff's Complaint as follows:

### PARTY PLAINTIFF

1.      Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore denies the same.

### PARTY DEFENDANTS

2A.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2A of Plaintiff's Complaint and therefore denies the same.

2B.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2B of Plaintiff's Complaint and

therefore denies the same.

2C.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2C of Plaintiff's Complaint and therefore denies the same.

2D.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2D of Plaintiff's Complaint and therefore denies the same.

2E.    Defendant admits that it has its principal place of business located in Ohio, but denies the remainder of the allegations in Paragraph 2E of Plaintiffs' Complaint.

2F.    Defendant denies the allegations in Paragraph 2F of Plaintiff's Complaint.

2G.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2G of Plaintiff's Complaint and therefore denies the same.

2H.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2H of Plaintiff's Complaint and therefore denies the same.

2I.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2I of Plaintiff's Complaint and therefore denies the same.

2J.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2J of Plaintiff's Complaint and

therefore denies the same.

2K.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2K of Plaintiff's Complaint and therefore denies the same.

2L.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2L of Plaintiff's Complaint and therefore denies the same.

2M    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2M of Plaintiff's Complaint and therefore denies the same.

2N.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2N of Plaintiff's Complaint and therefore denies the same.

2O.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2O of Plaintiff's Complaint and therefore denies the same.

2P.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2P of Plaintiff's Complaint and therefore denies the same.

2Q.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2Q of Plaintiff's Complaint and

3

therefore denies the same.

2R.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2R of Plaintiff's Complaint and therefore denies the same.

2S.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2S of Plaintiff's Complaint and therefore denies the same.

2T.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2T of Plaintiff's Complaint and therefore denies the same.

2U.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2U of Plaintiff's Complaint and therefore denies the same.

2V.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2V of Plaintiff's Complaint and therefore denies the same.

3.      Defendant denies each and every allegation contained in Paragraph 3 of Plaintiff Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 3 as it relates to the other defendants and therefore denies the same.

4.      Defendant denies each and every allegation contained in Paragraph 4 of Plaintiff's

4

Complaint to the extent that they relate to the Defendants Owens-Illinois, Inc. and Owens-Illinois Glass Company, but admits the allegations contained in Paragraph 4 of Plaintiff's Complaint insofar as they relate to all other defendants.

5.       Defendant denies each and every allegation contained in Paragraph 5 of Plaintiff's Complaint to the extent that they relate to the Defendants Owens-Illinois, Inc. and Owens-Illinois Glass Company, but admits the allegations contained in Paragraph 5 of Plaintiff's Complaint insofar as they relate to all other defendants.

6.       Defendant denies each and every allegation contained in Paragraph 6 of Plaintiff's Complaint to the extent that they relate to the Defendants Owens-Illinois, Inc. and Owens-Illinois Glass Company, but admits the allegations contained in Paragraph 6 of Plaintiff's Complaint insofar as they relate to all other defendants.

7.       Defendant denies each and every allegation contained in Paragraph 7 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 7 as it relates to the other defendants and therefore denies the same.

8.       Defendant denies each and every allegation contained in Paragraph 8 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 8 as it relates to the other defendants and therefore denies the same.

WHEREFORE, Defendant requests that Plaintiff's Complaint be dismissed and Defendant awarded its costs.

5

## COUNT I

### NEGLIGENCE

9.      Defendant repeats and realleges each and every one of its answers to the allegations contained in Paragraphs 1 through 8 of Plaintiff's Complaint as if set forth herein in full.

10.     Defendant denies each and every allegation contained in Paragraph 10 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 10 as it relates to the other defendants and therefore denies the same.

11.     Defendant denies each and every allegation contained in Paragraph 11 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 11 as it relates to the other defendants and therefore denies the same.

12.     Defendant denies each and every allegation contained in Paragraph 12 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 12 as it relates to the other defendants and therefore denies the same.

13.     Defendant denies each and every allegation contained in Paragraph 13 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 13 as it relates to the other defendants and therefore denies the same.

6

14. Defendant denies each and every allegation contained in Paragraph 14 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 14 as it relates to the other defendants and therefore denies the same.

15. Defendant denies each and every allegation contained in Paragraph 15 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 15 as it relates to the other defendants and therefore denies the same.

WHEREFORE, Defendant requests that Plaintiff's Complaint be dismissed and Defendant awarded its costs.

## COUNT II

### BREACH OF EXPRESSED AND IMPLIED WARRANTIES

16. Defendant repeats and realleges each and every one of its answers to the allegations contained in Count I of Plaintiff's Complaint as if set forth herein in full.

17. Defendant denies each and every allegation contained in Paragraph 17 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 17 as it relates to the other defendants and therefore denies the same.

18. Defendant denies each and every allegation contained in Paragraph 18 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 18 as it

7

relates to the other defendants and therefore denies the same.

19.     Defendant denies each and every allegation contained in Paragraph 19 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 19 as it relates to the other defendants and therefore denies the same.

20.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of Plaintiff's Complaint and therefore denies the same.

21.     Defendant denies each and every allegation contained in Paragraph 21 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 21 as it relates to the other defendants and therefore denies the same.

22.     Defendant denies each and every allegation contained in Paragraph 22 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 22 as it relates to the other defendants and therefore denies the same.

WHEREFORE, Defendant requests that Plaintiff's Complaint be dismissed and Defendant awarded its costs.

## COUNT III

### CONSPIRACY OR CONCERT OF ACTION: METROPOLITAN ONLY

23.     Defendant repeats and realleges each and every one of its answers to the

8

allegations contained in Counts I and II of Plaintiff's Complaint as if set forth herein in full.

24.    Defendant denies each and every allegation contained in Paragraph 24 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 24 as it relates to the other defendants and therefore denies the same.

25(a-g).    Defendant denies each and every allegation contained in Paragraph 25 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 25 as it relates to the other defendants and therefore denies the same.

26.    Defendant denies each and every allegation contained in Paragraph 26 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 26 as it relates to the other defendants and therefore denies the same.

27(a-c).    Defendant denies each and every allegation contained in Paragraph 27 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 27 as it relates to the other defendants and therefore denies the same.

28.    Defendant denies each and every allegation contained in Paragraph 28 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 28 as it relates to the other defendants and therefore denies the same.

9

29.    Defendant denies each and every allegation contained in Paragraph 29 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 29 as it relates to the other defendants and therefore denies the same.

WHEREFORE, Defendant requests that Plaintiff's Complaint be dismissed and Defendant awarded its costs.

## COUNT IV

## UNDERTAKING OF SPECIAL DUTY:  METROPOLITAN ONLY

30.    Defendant repeats and realleges each and every one of its answers to the allegations contained in Counts I through III of Plaintiff's Complaint as if set forth herein in full.

31(a-b).  Defendant denies each and every allegation contained in Paragraph 31 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 31 as it relates to the other defendants and therefore denies the same.

32.    Defendant denies each and every allegation contained in Paragraph 32 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 32 as it relates to the other defendants and therefore denies the same.

33.    Defendant denies each and every allegation contained in Paragraph 33 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 33 as it

relates to the other defendants and therefore denies the same.

34.    Defendant denies each and every allegation contained in Paragraph 34 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 34 as it relates to the other defendants and therefore denies the same.

35.    Defendant denies each and every allegation contained in Paragraph 35 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 35 as it relates to the other defendants and therefore denies the same.

WHEREFORE, Defendant requests that Plaintiff's Complaint be dismissed and Defendant awarded its costs.

## COUNT V

### MALICIOUS, WILLFUL, WANTON AND RECKLESS CONDUCT OR GROSS NEGLIGENCE

36.    Defendant repeats and realleges each and every one of its answers to the allegations contained in Counts I through IV of Plaintiff's Complaint as if set forth herein in full.

37.    Defendant denies each and every allegation contained in Paragraph 37 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 37 as it relates to the other defendants and therefore denies the same.

38.    Defendant denies each and every allegation contained in Paragraph 38 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or

11

knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 38 as it relates to the other defendants and therefore denies the same.

39.    Defendant denies each and every allegation contained in Paragraph 39 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 39 as it relates to the other defendants and therefore denies the same.

40.    Defendant denies each and every allegation contained in Paragraph 40 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 40 as it relates to the other defendants and therefore denies the same.

41.    Defendant denies each and every allegation contained in Paragraph 41 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 41 as it relates to the other defendants and therefore denies the same.

42.    Defendant denies each and every allegation contained in Paragraph 42 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 42 as it relates to the other defendants and therefore denies the same.

WHEREFORE, Defendant requests that Plaintiff's Complaint be dismissed and Defendant awarded its costs.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action against Defendant upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

### THIRD DEFENSE

Defendant avers that the said injuries referred to in Plaintiff's Complaint were caused by the conduct of others for whom Defendant was not responsible, and not by the conduct of defendant.

### FOURTH DEFENSE

Plaintiff voluntarily assumed the risk of his injuries and, therefore, recovery is barred.

### FIFTH DEFENSE

Defendant has no knowledge or means of ascertaining the truth or falsity of the averments contained in the Complaint respecting the nature and extent of the injuries, damages, and losses claimed to have been sustained by the Plaintiff.

### SIXTH DEFENSE

Defendant avers that any claims for alleged breaches of warranty are barred by reason of the failure of the Plaintiff to give reasonable notice of the alleged breaches as required by the applicable provisions of the Uniform Commercial Code.

13

### SEVENTH DEFENSE

Defendant avers that any claims for alleged breaches of warranty are barred by reason of lack of privity.

### EIGHTH DEFENSE

If Plaintiff sustained injuries as alleged, then the same occurred as a result of the abuse and misuse of the products allegedly in question.

### NINTH DEFENSE

Defendant expressly denies that it manufactured, designed, and/or sold any products referred to in Plaintiff's Complaint which caused injury to Plaintiff. Notwithstanding, the products of Defendant which Plaintiff allegedly used or was exposed to, if any, were not in the same condition as when sold, having been materially altered sometime after the sale and prior to the use or exposure as alleged.

### TENTH DEFENSE

The claims of the Plaintiff are barred by the doctrine of laches in failing to notify the necessary parties of the claim or give due and timely notice of their claim against Defendant to the prejudice of Defendant.

### ELEVENTH DEFENSE

Punitive damages are unconstitutional for the following reasons:

a)    The subjecting of Defendant to multiple trials for the same course of conduct and the multiple impositions of punitive damages for the same course of conduct is a violation of both substantive and procedural due process under the United States Constitution and the

14

Constitution of the Commonwealth of Massachusetts;

b)      The standard for the award of punitive damages is constitutionally void for vagueness;

c)      There is no principle of limitation on the multiple imposition of punitive damage awards for the same course of conduct.

## TWELFTH DEFENSE

Defendant avers that the state of the medical and scientific knowledge regarding its products and/or their contents, at all times material hereto, was such that Defendant never knew or could have known that its products presented any risk or harm to the Plaintiff if such products were properly used.

## THIRTEENTH DEFENSE

Defendant avers that if Plaintiff applied for and received workers' compensation benefits, then this Complaint is barred by the provision of the Workers' Compensation Act.

## FOURTEENTH DEFENSE

Defendant avers that there has been an insufficiency of process and an insufficiency of service of process.

## FIFTEENTH DEFENSE

If it is proven at trial that products of Defendant were furnished as alleged to Plaintiff's employers and said products were used in the fashion alleged, which is specifically denied, then any product manufactured or processed by this defendant which was or may have been so furnished and which was so used, was furnished in strict conformity to the conditions specified

15

or to the specifications issued by or under the direction of the said employers.

## SIXTEENTH DEFENSE

Defendant avers that if Plaintiff have settled with and/or released other defendants or entities who are tortfeasors in accordance with Massachusetts General Laws, Defendant Owens-Illinois, Inc. is entitled to a reduction of any judgment either in the total of all the settlement amounts or the pro-rata share of fault of said tortfeasors as determined by the Court or jury, whichever is greater.

## SEVENTEENTH DEFENSE

This Court lacks subject matter jurisdiction over each and every Count contained in Plaintiff's Complaint.

## EIGHTEENTH DEFENSE

This Court lacks personal jurisdiction over the Defendant with respect to each and every Count contained in Plaintiff's Complaint.

## NINETEENTH DEFENSE

Plaintiff is not a person whom the Defendant could reasonably have expected to use, consume, or be affected by its products.

## TWENTIETH DEFENSE

The injuries complained of by the Plaintiff are wholly or partially caused by independent means, including inter alia, the conduct and habits of Plaintiff and exposure to other particulates in                                    the                              environment.

16

## TWENTY FIRST DEFENSE

The Defendant had no duty to give instructions to Plaintiff or to warn Plaintiff of any hazards attendant to the contact with, use of, or exposure to its products containing asbestos, whether known or constructively known by Defendant, because those hazards were known by other persons who controlled or supervised Plaintiff in the course of or incidental to his employment.

## TWENTY SECOND DEFENSE

There was no privity of contract between Defendant and Plaintiff.

## TWENTY THIRD DEFENSE

An action for breach of warranty was not available to Plaintiff during the period of the allegedly injurious exposure to, use of, or contact with products allegedly manufactured by Defendant.

## TWENTY FOURTH DEFENSE

The Plaintiff's claims are barred for failure of the Plaintiff to give notice to Defendant of any alleged breach.

## TWENTY FIFTH DEFENSE

No warranty of any kind was extended to Plaintiff in this matter.

## TWENTY SIXTH DEFENSE

Defendant never made any affirmation of fact, representation or conducted itself in any manner so as to constitute an express or implied warranty.

17

### TWENTY SEVENTH DEFENSE

Applicable Massachusetts law provides no basis for the assertion of express warranty in favor of Plaintiff at the time when any sale or transfer of Defendant's products containing asbestos is alleged to have taken place.

### TWENTY EIGHTH DEFENSE

The utility of the products manufactured by Defendant outweighs the danger allegedly involved and, therefore, Plaintiff's claim is barred as a matter of public policy.

### TWENTY NINTH DEFENSE

No representation, affirmation of fact, or other conduct regarding the alleged sale of products containing asbestos was made or offered with the intent of the parties to such sale or transfer that such conduct constitutes a "basis of the bargain."

### THIRTIETH DEFENSE

The Plaintiff failed to state a claim in express or implied warranty of merchantability or fitness for a particular purpose because no particular purpose is alleged as between the buyer and sellers so as to permit a cause of action by these Plaintiff.

### THIRTY FIRST DEFENSE

Defendant Owens-Illinois, Inc. ceased to manufacture, sell and distribute asbestos-containing insulation products in 1958. It has not since engaged in any such business. As between Plaintiff and Defendant Owens-Illinois, the law applicable to this action is the law that existed in 1958 and before. It is unlawful, inequitable and in violation of Defendant Owens-Illinois' contractual, statutory and constitutional rights to apply statutes and principles of law

18

other than, or in a manner different from, that which existed for the period in which Defendant Owens-Illinois sold its asbestos-containing insulation products.

## THIRTY SECOND DEFENSE

The negligence of the Plaintiff's employer was a concurrent, proximate cause of the damages allegedly suffered by the Plaintiff, and the Defendant is entitled to have any judgment against it in favor of the Plaintiff reduced by the amount of any present or future compensation which the Plaintiff have or will receive under any state or federal workers' compensation statute or longshoremen's and harbor workers' lien.

## THIRTY THIRD DEFENSE

If Plaintiff establish any exposure to Defendant's products, said exposure would have been so minimal as to be insufficient to establish to a reasonable degree of probability that its products caused Plaintiff's claimed injuries.

## THIRTY FOURTH DEFENSE

If Plaintiff was exposed to any of Defendant's asbestos products, then the Defendant is not liable to the Plaintiff as a matter of law because of the government contract and/or government specification defenses.

## THIRTY FIFTH DEFENSE

The venue selected by the Plaintiff is improper.

## THIRTY SIXTH DEFENSE

The forum selected by Plaintiff is not convenient.

19

## THIRTY SEVENTH DEFENSE

Defendant hereby adopts and incorporates herein all of the Standard Affirmative Defenses, the Supplemental Standard Set of Affirmative Defenses and the Second Supplemental Standard Set of Affirmative Defenses filed IN RE: Massachusetts Asbestos Cases and dated December 10, 1985, January 6, 1996 and May 27, 1999, respectively.

WHEREFORE, Defendants request that Plaintiff's Complaint be dismissed and Defendant awarded its costs.

## CROSSCLAIM AGAINST ALL DEFENDANTS

Defendants Owens-Illinois, Inc. and Owens-Illinois Glass Company hereby complain against all present and future co-defendants, by adopting and incorporating herein each and every allegation set forth in the model Crossclaim referenced in Pretrial Order No. 4, section V(F), dated March 11, 1985.

Wherefore, the Defendants Owens-Illinois Inc. and Owens-Illinois Glass Company respectfully pray that each of the Crossclaims be sustained and that any judgment against them be reduced or vacated in accordance with the cross claims filed herein.

The Defendant demands a trial by jury.

20

Dated at Portland, Maine this _9_ day of March, 2005.

_____

Peter J. Rubin, Esq., Bar # 432980
Todd S. Holbrook, Esq., Bar # 563828
Attorney for Defendants Owens-Illinois, Inc. and
Owens-Illinois Glass Company
BERNSTEIN, SHUR, SAWYER & NELSON
100 Middle Street, P.O. Box 9729
Portland, Maine 04101-5029
(207) 774-1200

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was copied to counsel of record via electronic service this _9_ day of May, 2005.

_____

21

FILED
THE OFFICE OF THE
THE COURTS
MAY 1 1 2005

4

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS

SUPERIOR COURT
C.A. No: 05-0925

CHARLES CLAYTON,
    Plaintiff

VS.

METROPOLITAN LIFE INSURANCE COMPANY, ET AL,
    Defendants

### ACKNOWLEDGEMENT OF SERVICE

The Defendant, John Crane Inc. hereby acknowledges receipt of a summons and a copy of the Plaintiff's Complaint in this action.

The Defendant adopts its corresponding Model Answer and Affirmative Defenses on file and adopts the Model Cross-Claim of the Defendants.

The Defendant demands a trial by jury on all issues brought by or against the defendant in this action.

Defendant, John Crane Inc.,
By Its Attorneys:

David H. Stillman, Esquire, # 555554
Stillman & Associates, P.C.
51 Mill Street, Suite 5
Hanover, MA 02339
(781) 829-1077
F: (781) 829-2077

### CERTIFICATE OF SERVICE

I, David H. Stillman, attorney for Defendant John Crane Inc., hereby certify that on this date, May 13, 2005, I filed the within document with the Court, and further that I caused a copy of said document to be sent to all counsel of record electronically via LexisNexis File & Serve.

David H. Stillman, Esq. #555554
Stillman & Associates, P.C.

MAY 16 2005

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL DEPARTMENT

CHARLES CLAYTON )
      Plaintiff, )
       )    CIVIL ACTION NO.: 05-0925
      v. )
       )
GARLOCK SEALING TECHNOLOGIES )
LLC, Successor by Merger to Garlock, Inc et al., )
      Defendants. )

## ACKNOWLEDGEMENT

Defendant, Garlock Sealing Technologies LLC, Successor by Merger to Garlock Inc, hereby acknowledges receipt of a summons and a copy of plaintiff's complaint in this action.

Defendant:
(a)    adopts the Model Cross-Claim of Defendants;
(b)    demands a trial by jury on all issues brought by or against defendant in this action.

Date:  5/12/05

Respectfully submitted,
The Defendant,
GARLOCK SEALING TECHNOLOGIES
LLC, Successor by Merger to GARLOCK INC,
By Its Attorneys,

Craig R. Waksler, B.B.O. # 566087
Lawrence T. Gingrow, III, B.B.O. # 651475
TAYLOR, DUANE, BARTON
& GILMAN, LLP
160 Federal Street
Boston, MA 02110
(617) 654-8200
(617) 482-5350 fax

## CERTIFICATE OF SERVICE

I, Lawrence T. Gingrow, III, hereby certify that I served the foregoing
Acknowledgement of Service, electronically to all parties of record, this date May 13, 2005 to
Plaintiffs' Counsel, Defendants' Liaison Counsel, and Defendants' Counsel of Record as
listed on the service list maintained by the Clerk of Court in regard to Massachusetts
Asbestos Litigation.

Lawrence T. Gingrow, III

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS

MAY 1 7 2005

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, S.S.

SUPERIOR COURT
C.A. NO. 05-0925

CHARLES CLAYTON,

    Plaintiff,

v.

RAPID-AMERICAN CORPORATION,
ET AL.,

    Defendants.



FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX
MAY 19 2005
CLERK

## ACKNOWLEDGEMENT OF SERVICE OF
## RAPID-AMERICAN CORPORATION

The defendant, Rapid-American Corporation, hereby acknowledges receipt of a summons and a copy of the plaintiff's complaint in this action.

The defendant adopts the Model Cross-Claim of Defendants.

The defendant demands a trial by jury on all issues brought by or against it in this action.

RAPID-AMERICAN CORPORATION,

By its Attorney,

Barbara S. Hamelburg

_____
Barbara S. Hamelburg, BBO#218670
Foley Hoag, LLP
155 Seaport Boulevard
Boston, MA 02110
(617) 832-1000

Date: May 18, 2005

B3014206.1

## COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX, ss.**

**SUPERIOR COURT
CIVIL ACTION NO. 05-0925**

**CHARLES CLAYTON,**
    **Plaintiff,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, et al.**
    **Defendants.**

### ACKNOWLEDGMENT OF SERVICE AND NOTICE OF INTENT

The defendant, Ingersoll-Rand Company, hereby acknowledges receipt of a summons and a copy of plaintiff's complaint in this action.

The defendant, Ingersoll-Rand Company, hereby asserts its standard set of affirmative defenses on file in the Massachusetts asbestos consolidated docket.

The defendant, Ingersoll-Rand Company, does not adopt the model cross-claim of defendants.

The defendant, Ingersoll-Rand Company, demands a trial by jury on all issues brought by or against it in this action.

The defendant, Ingersoll-Rand Company, hereby gives notice of its intent to assert a third-party claim against the Manville Corporation Asbestos Disease Compensation Fund pursuant to paragraph I.B. (1) of the order dated October 18, 1989, amendments to Pretrial Order No. 4

Respectfully submitted,
For the defendant,
Ingersoll-Rand Company,
by its attorneys,

Richard B. Kirby, B.B.O. No.: 273600
Keegan Werlin LLP
265 Franklin Street
Boston, MA  02110
(617) 951-1400
(617) 951-1354 (facsimile)

FILED
CLERK
MAY 2 0 2005

### CERTIFICATE OF SERVICE

I, Richard B. Kirby, Attorney for the defendant, Ingersoll-Rand Company, in the above-entitled action, hereby certify that I served upon the attorneys of record a copy of the Acknowledgment of Service and Notice of Intent, by electronic filing, via LexisNexis File & Serve, on this, the 18th day of May 2005

Richard B. Kirby

47161-70772