UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES CLAYTON )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>GARLOCK SEALING TECHNOLOGIES )<br>LLC, Successor by Merger to Garlock, Inc et al., )<br>    Defendants. ) | CASE NUMBER: 05-11078DPW |

## DEFENDANT GARLOCK SEALING TECHNOLOGIES LLC, Successor by Merger to GARLOCK INC'S ANSWER TO PLAINTIFF'S COMPLAINT

The Defendant, Garlock Sealing Technologies LLC, Successor by Merger to Garlock Inc ("Garlock") hereby responds to the plaintiff's complaint as follows:

1. Garlock does not have sufficient knowledge or information available to respond to the allegations of paragraph 1 of the Complaint.

2A-2F. Garlock does not have sufficient knowledge or information available to respond to the allegations of paragraphs 2A-2F of the Complaint.

2H. Admitted.

2G-2V. Garlock does not have sufficient knowledge or information available to respond to the allegations of paragraphs 2G-2V of the Complaint.

3-8. Garlock does not have sufficient knowledge or information to respond to paragraphs 3-8 of the Complaint but to the extent they allege or imply wrongdoing, fault, liability or damages attributable to Garlock those allegations are denied.

## COUNT I

## NEGLIGENCE

9. Garlock incorporates its responses to Paragraphs 1-8 of the Complaint as if set forth at length.

10-15. Garlock does not have sufficient knowledge or information to respond to paragraphs 10-15 of the Complaint but to the extent they allege or imply wrongdoing, fault, liability or damages attributable to Garlock those allegations are denied.

## COUNT II

## BREACH OF EXPRESSED AND IMPLIED WARRANTY

16. Garlock incorporates its responses to Paragraphs 1-15 of the Complaint as if set forth at length.

17-22. Garlock does not have sufficient knowledge or information to respond to paragraphs 17-22 of the Complaint but to the extent they allege or imply wrongdoing, fault, liability or damages attributable to Garlock those allegations are denied.

## COUNT III

## CONSPIRACY OR CONCERT OF ACTION: METROPOLITAN ONLY

23. Garlock incorporates its responses to Paragraphs 1-22 of the Complaint as if set forth at length.

24-29. The allegations of paragraphs 24-29 are not directed at Garlock and no response is required. However, to the extent these allegations allege or imply wrongdoing, fault, liability or damages attributable to Garlock those allegations are denied.

## COUNT IV

## UNDERTAKING OF SPECIAL DUTY: METROPOLITAN ONLY

30. Garlock incorporates its responses to Paragraphs 1-29 of the Complaint as if set forth at length.

31-35. The allegations of paragraphs 31-35 are not directed at Garlock and no response is required. However, to the extent these allegations allege or imply wrongdoing, fault, liability or damages attributable to Garlock those allegations are denied.

## COUNT V

## MALICIOUS, WILLFUL, WANTON AND RECKLESS CONDUCT OR GROSS NEGLIGENCE

36. Garlock incorporates its responses to Paragraphs 1-35 of the Complaint as if set forth at length.

37-42. Garlock does not have sufficient knowledge or information to respond to paragraphs 37-42 of the Complaint but to the extent they allege or imply wrongdoing, fault, liability or damages attributable to Garlock those allegations are denied.

### FIRST AFFIRMATIVE DEFENSE

The defendant denies each and every material allegation of the Complaint except as specifically admitted.

### SECOND AFFIRMATIVE DEFENSE

The defendant denies that the plaintiff is entitled to the damages claimed or to the relief demanded.

### THIRD AFFIRMATIVE DEFENSE

The defendant states that the causes of action alleged in the plaintiff's Complaint were not brought within the time limited by statute for commencement of such actions.

### FOURTH AFFIRMATIVE DEFENSE

The defendant states that the Court lacks personal jurisdiction over the defendant pursuant to applicable statutes.

### FIFTH AFFIRMATIVE DEFENSE

The defendant states that the Court lacks subject matter jurisdiction over the causes of action alleged in plaintiff's Complaint pursuant to applicable statutes.

### SIXTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff's Complaint fails to state causes of action for conspiracy, sale by fraud or deceit, negligence, breach of warranty, strict tort liability, market share liability, wrongful death, reckless conduct, loss of consortium, and exemplary or punitive damages upon which relief could be granted.

### SEVENTH AFFIRMATIVE DEFENSE

The defendant states the plaintiff has failed to join a party or parties necessary for a just adjudication of this matter and has further omitted to state any reasons for such failure.

### EIGHTH AFFIRMATIVE DEFENSE

The defendant denies the applicability of the doctrine of strict liability in tort to this litigation.

### NINTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff-worker willingly, knowingly, and voluntarily assumed the risk of the alleged illnesses and injuries for which relief is sought in this matter.

### TENTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff's claims against the defendant are barred because damages or losses experienced, if any, were not due to any act or failure to act of the defendant, but were caused solely by the acts of a third-party or parties for whose acts or failure to act the defendant is not responsible.

### ELEVENTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff-worker was not in the exercise of due care, but rather the negligence of the plaintiff-worker contributed to or caused the injury or damage

complained of, and therefore, the recovery of the plaintiff is barred in whole or in part, or is subject to diminution.

### TWELFTH AFFIRMATIVE DEFENSE

The defendant states that the injuries and damage complained of were caused in whole or in party by the negligence of the plaintiff-worker or his servants or agents, such that he is guilty of contributory negligence.

### THIRTEENTH AFFIRMATIVE DEFENSE

The defendant states that any exposure of the plaintiff-worker to the defendant's product or products, which exposure the defendant vigorously denies, was so minimal as to be insufficient to establish a reasonable degree of probability that the product or products caused the claimed injuries.

### FOURTEENTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff's claims are barred by the equitable doctrine of laches.

### FIFTEENTH AFFIRMATIVE DEFENSE

The defendant states that at no time did either enter into any contracts with the plaintiff or the plaintiff-worker and denies that privity of contract existed between the plaintiff or the plaintiff-worker and the defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

The defendant gave no warranties, express or implied, to the plaintiff or the plaintiff-worker or to anyone acting on his behalf.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The defendant states that process and/or service of process was insufficient.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The defendant states that if there were express or implied warranties as alleged in the Complaint (allegations which the defendant specifically denies) the plaintiff-worker was not within the scope of any such alleged warranties was and no sale to the plaintiff-worker ever occurred of any product sold or distributed by the defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff's claims based on allegations of express or implied warranty are barred for the reason that no sale of goods occurred.

### TWENTIETH AFFIRMATIVE DEFENSE

The defendant states that if the defendant's agents or servants made any express warranties (allegations which the defendant specifically denies) then the agents or servants of the defendant did so without authority express or implied.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The defendant states that if the defendant, its agents or servants made any warranties, express or implied (allegations which the defendant specifically denies) then the defendant denies that it breached any of the warranties.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The defendant states that if the defendant, its servants or agents made any express warranties (allegations which the defendant specifically denies) then the plaintiff-worker did not rely on the express warranties and further, there was no such reliance by any person or entity authorized to represent the plaintiff-worker.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The defendant states that the plaintiff and/or the plaintiff-worker failed to give notice of the alleged breaches of warranties within a reasonable time as required by applicable statutes.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The defendant states that the failure of the plaintiff to give the required statutory notice of the alleged breaches of warranties to the defendant resulted in delay and prejudice to the defendant in this case and therefore, the plaintiff cannot recover.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The defendant states that neither the plaintiff nor the plaintiff-worker was a third party beneficiary with reference to any alleged warranties, either express or implied, and therefore, the plaintiff cannot recover in this action.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The defendant states that if it failed to perform any of its agreements contained in any instrument, all of which is specifically denied, it was excused from the performance of such agreements.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The defendant states that if it was liable, negligent or in breach of any warranty, all of which it expressly denies, the defendant's liability in any of all of those events has been terminated by the intervening acts, omissions, or negligence of others for whose conduct the defendant is not legally responsible.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The defendant states that if the plaintiff proves that the plaintiff-worker was injured as alleged, said injuries were caused by the intervening and/or superseding acts of third persons for whom the defendant is not liable.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff-worker's employer or employers were negligent with respect to the matter set forth in the Complaint, that such negligence caused in whole or in part whatever disease, injury or disability, if any, which plaintiff-worker may have sustained, as set forth in the Complaint, and that plaintiff-worker received workmen's compensation benefits from his employers or employers.

Therefore, even if plaintiff is entitled to recover against the defendant, which defendant specifically denies, they are not entitled to recover in the amount set forth in the Complaint because defendant is entitled to set off any and all of the aforesaid workmen's compensation payments against any judgment which might be rendered in the plaintiff's favor.

### THIRTIETH AFFIRMATIVE DEFENSE

The defendant states that pursuant to 33 U.S.C. §905, as amended, the plaintiff's exclusive remedy is either under the Longshoremen's and Harbor Workers' Compensation Act, or the Massachusetts Workmen's Compensation Act, M.G.L. Ch. 152, and therefore, the plaintiff is barred from recovery in this action.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

The defendant states that the plaintiff's claims are barred by estoppel or waiver.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

The defendant denies that any product manufactured or sold by the defendant caused any injury to the plaintiff-worker.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

The defendant denies that there was any defect or negligent mining, processing, manufacture, design, testing, investigation, fashioning, packaging, distributing, delivery and/or sale, in any asbestos product or material referred to in the plaintiff's Complaint, but if there was any defect or negligence as alleged, then the defendant is not liable as it justifiably relied upon inspection by others in the regular course of trade and business.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

The defendant states that at all times and places mentioned in the Complaint, the plaintiff-worker and/or persons without the defendant's knowledge and approval redesigned, modified, altered and used the defendant's products contrary to instructions and contrary to the custom and practice of the industry. This redesign, modification, alteration, and use so substantially changed the product's character that if there was a defect in the product, which the defendant specifically denies, such defect resulted solely from redesign, modification, alteration, or other such treatment of change and not from any act or omission by the defendant. Therefore, said defect, if any, was created by the plaintiff-worker and/or other persons, as the case may be, and was the direct and proximate cause of the injuries and damages, if any that the plaintiff-worker allegedly suffered.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

The defendant states that at all times and places mentioned in the Complaint, the plaintiff-worker and/or other persons used defendant's products, if indeed any were used, in an unreasonable manner, not reasonably foreseeable to the defendant, and for a purpose for which the products were not intended, manufactured, or designed; plaintiff-worker's injuries and damages, if any, were directly and proximately caused by said misuse and abuse, and plaintiff's recovery herein, if any, is barred or must be diminished in proportion to the fault attributable to the plaintiff-worker and/or such other parties and persons.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

The defendant states that if it supplied any asbestos product, either directly or indirectly, to the plaintiff-worker's employer, this product was supplied in accordance with specifications established and promulgated by that employer, agencies or departments of the United States of America, other persons and/or entities.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

The defendant states that any asbestos containing products containing asbestos manufactured sold by the defendant which give rise to plaintiff's claims herein were designed and manufactured pursuant to and in accordance with specifications mandated by the United States Government or its agencies. The knowledge of the United States Government and its agencies of any possible health hazards from use of such products was equal or superior to that of the defendant, and by reason thereof, the defendant is entitled to such immunity from liability as exists in favor of the United States Government or its agencies.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

The defendant states that at all relevant times hereto, the state of medical and scientific knowledge and the state of the art or the design and manufacture of asbestos-containing products were such that the defendant neither knew nor should have known that its products presented a significant risk of harm to the plaintiff-worker.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff-worker failed to mitigate damages and the plaintiff is, therefore, barred from recovery.

### FORTIETH AFFIRMATIVE DEFENSE

The defendant states that if the plaintiff-worker was a user of tobacco products, such use contributed to any lung disease from which the plaintiff-worker suffered and further, the defendant states that the tobacco industry placed warnings on its products notifying the public of potential hazards associated with its use, which hazards, the plaintiff-worker knew or should have known, may have adversely affected his health.

### FORTY-FIRST AFFIRMATIVE DEFENSE

The defendant states that the alleged injury or damage sustained as a result of the occupation of the plaintiff-worker was an occupational disease and accordingly defendant is not liable or responsible for any occupational disease which was suffered or sustained by plaintiff-worker in the course of his employment over a number of years.

### FORTY-SECOND AFFIRMATIVE DEFENSE

The defendant states that the utility of the products manufactured by the defendant outweigh the danger allegedly involved, and therefore, the plaintiff's claims are barred as a matter of public policy.

### FORTY-THIRD AFFIRMATIVE DEFENSE

The defendant states that since the plaintiff is unable to identify the supplier of the asbestos which allegedly caused injury to the plaintiff-worker, they fail to state a cause of action upon which relief can be granted, since, if such relief was granted, it would contravene the defendant's constitutional rights to substantive and procedural due process of law as preserved by the 14th Amendment to the United States Constitution and by the applicable provision of the States Constitution and would contravene defendant's constitutional rights to protection against the taking of property for public use without just compensation as preserved by the aforesaid constitutional provisions.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff has released, settled, entered into an accord and satisfaction or otherwise compromised their claims herein, and accordingly, said claims are barred by operation of law.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

The defendant states that if the plaintiff has heretofore settled or should hereafter settle for any of their alleged injuries and damages with any parties, then the defendant is entitled to a credit in the amount of said settlement.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

The defendant states that the Complaint fails to states any claim upon which relief can be granted to the extent that it seeks punitive or exemplary damages, which are not recoverable under the applicable law, including, but not limited to M.G.L. Ch. 229, given the facts of this case.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

The defendant states that an award of punitive damages against any of the defendant in these causes would be unconstitutional and in violation of the due process and equal protection clauses of the Fourteenth Amendment of the Constitution of the United States.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

The defendant states that the injuries or damages alleged were caused in whole or in part by the violation by the plaintiff-worker or his servants or agents, of the various statutes, ordinances and regulations governing the conduct of the parties at the time said injuries or damage was sustained.

### FORTY-NINTH AFFIRMATIVE DEFENSE

These defendant states that there was no negligence, gross negligence, willful, wanton, or malicious misconduct, reckless indifference or reckless disregard of the rights of the plaintiff, or malice (actual, legal or otherwise) on the part of the defendant as to the plaintiff-worker or the plaintiff.

### FIFTIETH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff's claims are barred by the Statute of Repose.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

The defendant states that the plaintiff's recovery, if any is barred or limited according to the applicable case law, statutes, and regulations including, but not limited to 45 U.S.C. §51, et seq. and/or 49 U.S.C. § 20101, et seq.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

The defendant hereby pleads any and all statutes of limitations created by the Regional Rail Reorganization Act, as amended, and therefore avers that the plaintiff's claims are barred by the specific statute of limitation as contained in and established by the Regional Rail Reorganization Act of 1973, as amended.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

The defendant hereby pleads all provisions of the Regional Rail Reorganization Act as a complete bar to the direct liability of this defendant.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

The defendant states that, while denying the plaintiff sustained injuries and damages alleged, any damages the plaintiff may ultimately be entitled to recover from the defendant may be or are possibly limited in scope by provisions of the Federal Employer's Liability Act, and said recovery may be limited as to those damages specifically enunciated therein. Accordingly, in the event said act is applicable, all sections of the plaintiff's complaint seeking damages other than those provided for in the Federal Employer's Liability Act fail to state a valid cause(s) of action upon which relief may be granted and should be dismissed. Alternatively, all said sections of the plaintiff complaint should be stricken.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff's claims are preempted by Federal Law under the Boiler Inspection Act, 49 U.S.C. § 20701 et seq., and the Safety Appliance Act, 49 U.S.C. §20301, et seq.

WHEREFORE, Garlock demands judgment in its favor, and dismissal of the Complaint with prejudice and with costs to Garlock.

### THE DEFENDANT DEMANDS A TRIAL BY JURY.

The Defendant,
GARLOCK SEALING TECHNOLOGIES,
LLC, SUCCESSOR BY MERGER TO
GARLOCK INC,
By its Attorneys,

_____
Craig R. Waksler, Esq.
B.B.O. # 566087
Lawrence T. Gingrow, III, Esq.
B.B.O. # 651475
TAYLOR, DUANE, BARTON
 & GILMAN, LLP
160 Federal Street, 5th Floor
Boston, MA  02110
(617) 654-8200
(617) 482-5350 fax

### CERTIFICATE OF SERVICE

I, Craig R. Waksler, Counsel for the Defendant, do hereby certify that a true copy of the above document was served on all Counsel via U.S Mail.

_____
Craig R. Waksler