**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

F I L E D
Clerk's Office
USDC, Mass.
Date 6\3\05
By_____
Deputy Clerk

|  |  |  |
|---|---|---|
| Charles Clayton | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action Docket No: |
| | ) | 1:05-cv-11078-DPW |
| v. | ) | Nb |
| | ) | |
| Metropolitan Life Insurance Co., et. al., | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S MOTION FOR REMAND

Plaintiff, by and through his undersigned counsel, moves to remand this action
pursuant to 28 U.S.C. § 1447(c), and states as follows:

1.    Plaintiffs originally filed this action against Defendants in the Superior
Court of Middlesex County, Massachusetts, at Civil Action No. 05-0925, to recover
damages for injuries caused by Plaintiff's exposure to asbestos-containing products.

2.    Defendant DaimlerChrysler received service of process on May 2, 2005.
See Summons attached as Appendix A.

3.    On May 23, 2005, Defendant DaimlerChrysler removed this action
purportedly pursuant to 28 U.S.C. §§ 1441 and 1446.

4.    The sole basis that DaimlerChrysler asserted for this Court's jurisdiction
over this action pursuant to 28 U.S.C. 1441 was "federal enclave jurisdiction." *See*
Notice of Removal at 1.

**Rule of Unanimity**

5.      Removal under 28 U.S.C. § 1446 requires the unanimous consent of all defendants. *See Chicago, R. I. P. R. Co. v. Martin*, 178 U.S. 245, 248 (1900); *Murphy v. Newell Operating Co.*, 245 F. Supp. 2d 316 (D. Mass. 2003).

6.      "This 'rule of unanimity' requires that all defendants file their notice of removal or consent to removal within thirty days of being served [with the Complaint]." *Murphy*, 245 F. Supp. 2d at 318.

7.      The failure of all defendants to file such a Notice or Consent in the requisite time period constitutes a defect in the removal procedure and alone constitutes grounds for remand. See *id.*

8.      The record in this action does not reflect that all Defendants filed a Notice of or Consent to Removal within thirty days of their being served with the Complaint in this action. As of June 1, 2005 the following named defendants were served at least thirty days ago, and failed to file the requisite consent forms with the court: P.T. Brakelining Company, Inc., Uniroyal, Inc., Bayer Cropscience, Inc., Parker Hannifin Corp., ITT Industries, Inc., Union Carbide Corporation, Honeywell International Inc., Borg-Warner Corporation, and Pneumo-Abex. See Complaint attached as Appendix B, relevant returns of service attached as Appendix C, and Docket Sheet attached as Appendix D.

9.      Because nine of the twenty-two defendants failed to file consent forms within thirty days of being served, DaimlerChrysler's removal of this action was procedurally defective. *See id.*

10.     For this reason alone, this action should be remanded to state court.

### Lack of Subject Matter Jurisdiction

11.     Substantively, this action lies outside the perimeter of jurisdiction granted by 28 U.S.C. §1331 and Art. I, §8 cl. 17 of the Constitution of the United States.

12.     Defendant DaimlerChrysler bases its removal upon Plaintiff's allegations of exposure to asbestos as set forth in paragraph 4 of the complaint. "Plaintiff, Charles Clayton, was exposed to defendants' asbestos and asbestos-containing materials while working as a mechanic from approximately 1938 to 1948; and as a food service worker aboard various ships at the Portsmouth Naval Shipyard, Kittery Maine in approximately 1953." See Appendix B.

13.     There is nothing in Plaintiff's allegations of exposure to asbestos while working as a mechanic that gives rise to federal enclave jurisdiction or removal.

14.     Exposure to asbestos and asbestos-containing materials onboard ships docked in naval shipyards is also outside of federal enclave jurisdiction. *See McCormick v. C.E. Thurston & Sons, Inc.* 977 F.Supp. 400 (E.D.Va.1997); *Anderson v. Crown Cork & Seal*, 93 F. Supp. 2d 697 (E.D. Va. 2000).

15.     In so far as Plaintiff's exposure occurred as a mechanic, for which there is no argument of federal enclave jurisdiction, and aboard ships at the Portsmouth Naval Shipyard, which has specifically been held to be outside federal enclave jurisdiction, there is no basis for defendant DaimlerChrysler to have removed this case from state court.

WHEREFORE, Plaintiff respectfully asks this Court to remand this action back to Superior Court of Middlesex County, and to require Daimler Chrysler, pursuant to 28 U.S.C. 1447(c), to pay Plaintiffs' just costs and actual expenses, including attorney fees, incurred as a result of the removal.

DATED: June 3, 2005

Respectfully submitted,

Andrew S. Wainwright, Esq.
BBO# 560060
THORNTON & NAUMES LLP
100 Summer Street, 30th Fl.
Boston, MA 02110
(617) 720-1333

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other by mail/hand on
6-2-05

**APPENDIX A**

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — ~~MOTOR VEHICLE TORT~~ — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

<table>
<tr><td>.......... MIDDLESEX .......... , ss<br>[seal]</td><td></td></tr>
</table>

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.

**CHARLES CLAYTON**

05-0925

............................................. , Plaintiff(s)

v.

METROPOLITAN LIFE INSURANCE COMPANY, et al.

....................................... , Defendant(s)

## SUMMONS

## DAIMLERCHRYSLER CORPORATION

To the above-named Defendant:

**THORNTON & NAUMES, LLP**

You are hereby summoned and required to serve upon .............................................................

.......................................... plaintiff's attorney, whose address is ......... 100 Summer St., 30th Fl.,

..... Boston, MA 02110 ........................................, an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ............... 40 Thorndike St.,

..... Cambridge, MA 02141 ........................ either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Barbara J. Rouse

Witness, ~~~~~~~~~~~~~ Esquire, at ...................................................................................

the ........ 18th .......................... day of ........... APRIL .............................

...................., in the year of our Lord .................................... 2005

\*     TRACKING ORDER; CIVIL ACTION COVER SHEET; and COMPLAINT

*Edward J. Sullivan*

Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
   for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

OFFICER'S RETURN

SUFFOLK SS.                    BOSTON                    DATE: **April 27, 2005**

I, THE UNDERSIGNED, A CONSTABLE PERMITTED TO MAKE SERVICE OF PROCESS UNDER
THE LAWS OF THIS COMMONWEALTH, DO HEREBY MAKE OATH AND SAY THAT ON **April
27, 2005**

I NOTIFIED THE WITHIN NAMED DEFENDANT:

**Daimler Chrysler Corporation**
**C/o Richard D. Houtman**
**Registered Agent**
**1000 Chrysler Drive East**
**Auburn Hills, MI 48326**

BY MAILING TO THEM BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, TRUE COPIES

OF THE SUMMONS, COMPLAINT, CIVIL ACTION COVER SHEET, AND TRACKING ORDER

DATED **Mar.22, 2005** TO THE ABOVE NAMED ADDRESS AND THE RECEIPT OF WHICH IS

AFFIXED HERETO.

SERVICE FEE:        $20.00
MAILING FEE:        $5.95



**APPENDIX B**

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX:  ss.                         SUPERIOR COURT
                                        DEPARTMENT OF THE
                                        TRIAL COURT

---------------------------------------------------------X
CHARLES CLAYTON,

                    Plaintiff,          Civil Action
                                        No.
v.
                                              **COMPLAINT**

METROPOLITAN LIFE INSURANCE COMPANY
EASTERN REFRACTORIES COMPANY, INC.      **PLAINTIFF DEMANDS**
ECKEL INDUSTRIES, INC.                   **A TRIAL BY JURY**
P.T. BRAKELINING COMPANY, INC.
OWENS-ILLINOIS, INC.
OWENS-ILLINOIS GLASS COMPANY
RAPID-AMERICAN CORPORATION
GARLOCK, INC.
INGERSOLL-RAND COMPANY
JOHN CRANE, INC.
UNIROYAL, INC.
BAYER CROPSCIENCE, INC. f/k/a
  AMCHEM PRODUCTS, INC.
PARKER-HANNIFIN CORPORATION
ITT INDUSTRIES, INC., AS
  SUCCESSOR TO GOULDS PUMPS, INC.
UNION CARBIDE CORPORATION
HONEYWELL INTERNATIONAL INC. f/k/a ALLIEDSIGNAL,
  INC. f/k/a THE BENDIX CORPORATION
BORG-WARNER CORPORATION n/k/a BURNS
  INTERNATIONAL SERVICES CORPORATION
DAIMLERCHRYSLER CORPORATION
FORD MOTOR COMPANY
GENERAL MOTORS CORPORATION
PNEUMO-ABEX CORPORATION
HAMPDEN AUTOMOTIVE SALES CORP.,

                    Defendants.
---------------------------------------------------------X

     Now comes the plaintiff, by his attorneys, and

files the following complaint:

     1.  PARTY PLAINTIFF

     Plaintiff, Charles Clayton, a single person,

resides at 3 Hillcrest Road, Apt. #2, Foxboro,

1

Massachusetts  02035.

2.  PARTY DEFENDANTS

2A.   The defendant, Metropolitan Life Insurance Company (hereinafter "Metropolitan"), is a foreign corporation which does or has done business in the Commonwealth of Massachusetts.

2B.   The defendant, Eastern Refractories Company, Inc., is a corporation organized under the laws of the Commonwealth of Massachusetts with its principal place of business located in the Commonwealth of Massachusetts.

2C.   The defendant, Eckel Industries, Inc., is a corporation organized under the laws of the Commonwealth of Massachusetts with a principal place of business located in the Commonwealth of Massachusetts.

2D.   The defendant, P.T. Brakelining Company, Inc., is a Massachusetts corporation with a principal place of business in the Commonwealth of Massachusetts and has conducted business in the Commonwealth of Massachusetts.

2E.   The defendant, Owens-Illinois, Inc., is a corporation incorporated under the laws of the State of Ohio, having a principal place of business outside the Commonwealth of Massachusetts, and has conducted business in the Commonwealth of Massachusetts.

2F.   The defendant, Owens-Illinois Glass Company, is a corporation incorporated under the laws of the

State of Ohio, having a principal place of business outside the Commonwealth of Massachusetts and has conducted business in the Commonwealth of Massachusetts.

2G.   The defendant, Rapid-American Corporation, is the legal successor to the Philip Carey Manufacturing Company and is a corporation incorporated under the laws of the State of Delaware, having a principal place of business outside the Commonwealth of Massachusetts, and on information and belief has conducted business in the Commonwealth of Massachusetts itself and through its predecessor corporation.

2H.   The defendant, Garlock, Inc., is a foreign corporation having a principal place of business in the State of New York and has conducted business in the Commonwealth of Massachusetts.

2I.   The defendant, Ingersoll-Rand Company, is a New Jersey corporation having a principal place of business in New Jersey and is registered to and has conducted business in the Commonwealth of Massachusetts.

2J.   The defendant, John Crane, Inc., is a Delaware corporation with a principal place of business in the State of Illinois and has conducted business in the Commonwealth of Massachusetts.

2K.   The defendant, Uniroyal, Inc., is a foreign corporation with a principal place of business outside

3

the Commonwealth of Massachusetts and has conducted
business in the Commonwealth of Massachusetts.

2L.   The defendant, Bayer CropScience, Inc. f/k/a
Amchem Products, Inc., is a Delaware corporation having
a principal place of business in Pennsylvania which has
conducted business in the Commonwealth of
Massachusetts.

2M.   The defendant, Parker-Hannifin Corporation,
is a corporation incorporated under the laws of the
State of Ohio having a principal place of business in
the State of Ohio and has conducted business in the
Commonwealth of Massachusetts.

2N.   The defendant, ITT Industries, Inc., as
Successor to Goulds Pumps, Inc., is a foreign
corporation incorporated under the laws of the State of
Indiana having a principal place of business in White
Plains, New York, and has conducted business in the
Commonwealth of Massachusetts.

2O.   The defendant, Union Carbide Corporation, is
a Connecticut corporation with a principal place of
business outside the Commonwealth of Massachusetts and
has conducted business in the Commonwealth of
Massachusetts.

2P.   The defendant, Honeywell International Inc.
f/k/a AlliedSignal, Inc., f/k/a The Bendix Corporation,
is a Delaware corporation having a principal place of
business outside the Commonwealth of Massachusetts and

4

has conducted business in the Commonwealth of Massachusetts.

2Q.   The defendant, Borg-Warner Corporation n/k/a Burns International Services Corporation, is a Delaware corporation with a principal place of business in the State of Illinois and has conducted business in the Commonwealth of Massachusetts.

2R.   The defendant, DaimlerChrysler Corporation, is a Delaware corporation with a principal place of business in the State of Michigan which has conducted business in the Commonwealth of Massachusetts.

2S.   The defendant, Ford Motor Company, is a Delaware corporation with a principal place of business in the State of Michigan and has conducted business in the Commonwealth of Massachusetts.

2T.   The defendant, General Motors Corporation, is a Delaware corporation with a principal place of business in the State of Michigan and has conducted business in the Commonwealth of Massachusetts.

2U.   The defendant, Pneumo-Abex Corporation, as Successor in Interest to Abex Corporation, is a foreign corporation, with a principal place of business outside the Commonwealth of Massachusetts which has conducted business in the Commonwealth of Massachusetts.

2V.   The defendant, Hampden Automotive Sales Corp., is a corporation incorporated under the laws of the Commonwealth of Massachusetts, having a principal

5

place of business at 117 Heath Street, Boston,
Massachusetts.

As used in this Complaint, the term "defendant"
shall include any party defendants identified in
paragraphs 2A-2V hereof, and their predecessors, which
shall include, but is not limited to, any person,
corporation, company or business entity:  which formed
part of any combination, consolidation, merger or
reorganization from which any party defendant was
created or was the surviving corporation; whose assets,
stock, property, products or product line was acquired
by any party defendant; whose patent rights, trademark
rights, trade secrets or goodwill was acquired by any
party defendant; or, which was dominated or controlled
by any party defendant to such an extent that said
party defendant was the "alter ego" of said
corporation.

3.   The plaintiff's cause of action arises from
the defendants: (a) transacting business in
Massachusetts; (b) contracting to supply and/or sell
goods in Massachusetts; (c) doing or causing a tortious
act to be done within Massachusetts; and/or, (d)
causing the consequence of a tortious act to occur
within Massachusetts.

4.   Plaintiff, Charles Clayton, was exposed to
defendants' asbestos and asbestos-containing materials
while working as a mechanic from approximately 1938 to

1948; and as a food service worker aboard various ships at the Portsmouth Naval Shipyard, Kittery, Maine in approximately 1953.

5. During the period of time set forth in Paragraph 4, the plaintiff was exposed to and did inhale and/or ingest asbestos dust, fibers, and particles, which dust, fibers, and particles came from the asbestos or asbestos-containing products which were mined, milled, manufactured, fabricated, supplied and/or sold by the defendant corporations.

6. The asbestos and asbestos-containing products which the plaintiff was exposed to were mined, milled, manufactured, fabricated, supplied, and/or sold by the defendant corporations, acting through their duly authorized agents, servants, and employees, who were then and there acting in the course and scope of their employment and in furtherance of the business of the defendants.

7. At all times pertinent hereto, the defendant corporations were engaged in the business of mining, milling, manufacturing, fabricating, supplying, and/or selling asbestos and asbestos-containing products.

8. At all times pertinent hereto, the asbestos products were products mined, milled, manufactured, fabricated, supplied and/or sold by the defendant corporations and reached the plaintiff without any substantial change in the condition of the product or

7

products from the time that they were sold.

## COUNT I

### NEGLIGENCE

9. Plaintiff realleges the allegations of Paragraphs 1 through 8 of the Complaint, and by reference, makes them part of this Count.

10. It was the duty of the defendant corporations to use and exercise reasonable and due care in the manufacture, fabricating, testing, inspection, production, marketing, packaging and sale of their asbestos and asbestos-containing products.

11. It was also the duty of the defendant corporations to provide detailed and adequate instructions relative to the proper and safe handing and use of their asbestos and asbestos products, and to provide detailed and adequate warnings concerning any and all dangers, characteristics, and potentialities of their asbestos and asbestos-containing products.

12. It was the continuing duty of the defendant corporations to advise and warn purchasers, consumers, users, and prior purchasers, consumers, and users of all dangers, characteristics, potentialities and defects discovered subsequent to their initial marketing or sale of their asbestos and asbestos-containing products.

13. Yet, nevertheless, wholly disregarding the aforesaid duties, the defendant corporations breached

8

their duties by: (a) failing to warn the plaintiff of
the dangers, characteristics, and potentialities of
their asbestos-containing product or products when the
defendant corporations knew or should have known that
exposure to their asbestos-containing products would
cause disease and injury; (b) failing to warn the
plaintiff of the dangers to which he was exposed when
they knew or should have known of the dangers; (c)
failing to exercise reasonable care to warn the
plaintiff of what would be safe, sufficient, and proper
protective clothing, equipment, and appliances when
working with or near or being exposed to their asbestos
and asbestos-containing products; (d) failing to
provide safe, sufficient and proper protective
clothing, equipment and appliances with their asbestos-
containing product or products; (e) failing to test
their asbestos and asbestos products in order to
ascertain the extent of dangers involved upon exposure
thereto; (f) failing to conduct such research as should
have been conducted in the exercise of reasonable care,
in order to ascertain the dangers involved upon
exposure to their asbestos and asbestos-containing
products; (g) failing to remove the product or products
from the market when the defendant corporations knew or
should have known of the hazards of exposure to their
asbestos and asbestos-containing products; (h) failing
upon discovery of the dangers, hazards, and

9

potentialities of exposure to asbestos to adequately
warn and apprise the plaintiff of the dangers, hazards,
and potentialities discovered; (i) failing upon
discovery of the dangers, hazards, and potentialities
of exposure to asbestos to package said asbestos and
asbestos-containing products so as to eliminate said
dangers, hazards, and potentialities; and, (j)
generally using unreasonable, careless, and negligent
conduct in the manufacture, fabricating, supply, or
sale of their asbestos and asbestos-containing
products.

14. As a direct and proximate result of the
unreasonable, careless, and negligent conduct of the
defendant corporation, the plaintiff has developed
malignant mesothelioma and other asbestos-related
disease, as a result of which the plaintiff has
incurred medical expenses, suffered a dramatic
reduction in his life expectancy, incurred great mental
and physical pain and suffering, and suffered an
impairment in his enjoyment of life, which damages are
continuing in nature.

15. The defendants knew, or with the reasonable
exercise of care, should have known of the dangerous
characteristics, properties, and potentialities of
asbestos and asbestos-containing products.

WHEREFORE, plaintiff, Charles Clayton, demands
compensatory damages, plus interest and costs.

## COUNT II

### BREACH OF EXPRESSED AND IMPLIED WARRANTIES

16.   Plaintiff realleges the allegations of Paragraphs 1 through 15 of the Complaint, and by reference, makes them part of this Count.

17.   The plaintiff was a person whom the defendants could reasonably have expected to use, consume, or be affected by the defendants' asbestos and asbestos-containing products within the meaning of Massachusetts General Laws c. 106, sec. 2-318, as the defendants knew or had reason to know that their asbestos-containing products would be used in the insulation or construction industry and that individuals such as the plaintiff would come in contact with such asbestos materials.

18.   The defendants expressly and impliedly warranted that the asbestos and asbestos-containing products described above were merchantable, safe, and fit for their ordinary and the particular purposes and requirements of plaintiff.

19.   The defendants had reason to know of the particular purposes for which their asbestos and asbestos-containing products would be used.

20.   The plaintiff relied upon the defendants' skill or judgment in selecting suitable insulation or construction products for safe use.

21.   The defendants breached these warranties, in

11

that the asbestos-containing products they sold were
not merchantable, safe, suitable, or fit for their
ordinary or particular purposes.

22.  As a direct and proximate result of the
defendants' breach of warranties, the plaintiff has
developed malignant mesothelioma and other asbestos-
related disease, as a result of which the plaintiff has
incurred medical expenses, suffered a dramatic
reduction in his life expectancy, incurred great mental
and physical pain and suffering, and suffered an
impairment in his enjoyment of life, which damages are
continuing in nature.

WHEREFORE, plaintiff, Charles Clayton, demands
compensatory damages, plus interest and costs.

## COUNT III

### CONSPIRACY OR CONCERT OF ACTION:  METROPOLITAN ONLY

23.  Plaintiff realleges the allegations of
Paragraphs 1 through 22 of the Complaint, and by
reference, makes them part of this Count.

24.  In addition, during the time period set forth
in Paragraph 4, the plaintiff was exposed to and did
inhale and/or ingest asbestos dust, fibers, and
particles, which dust, fibers, and particles came from
the asbestos or asbestos-containing products which were
mined, milled, manufactured, fabricated, supplied
and/or sold by the Johns Manville Corporation
(hereinafter "Manville") and/or Raymark Industries,

12

Inc. (hereinafter "Raymark").

25. The defendant, Metropolitan Life Insurance Company, (hereinafter "Metropolitan") together with Manville, Raymark and other persons and entities, known and unknown at times relevant hereto, engaged in a conspiracy or concert of action to inflict injury on the plaintiff, and to withhold, alter, suppress and misrepresent information about the health effects of asbestos exposure. One or more of said conspirators did cause tortious injury to the plaintiff in the course of or as a consequence of the conspiracy or concert of action. At least the following enumerated acts were undertaken by the conspirators in the course of and in furtherance of the conspiracy or concert of action.

a. In 1932, Metropolitan, through its agents, Dr. Anthony Lanza and others, assisted Manville with medical examinations of over 1,000 employees of Manville's factory in Manville, New Jersey. The report of this study shows that a large percentage of the employees suffered from asbestosis including employees not directly involved in the manufacturing process. This 1932 medical survey was not published in the medical literature and, therefore, was unavailable to scientists studying the issue of asbestos

13

disease. Further collaboration between
Manville and Metropolitan continued the
cover-up.

b.  Beginning in approximately 1934, Manville,
through its agents, Vandiver Brown and
Attorney J.C. Hobart, suggested to Dr.
Anthony Lanza, Associate Director of
Metropolitan, (insurer of Manville and
Raymark) that Lanza publish a study on
asbestosis in which Lanza would affirmatively
misrepresent material facts about the health
consequences of asbestos exposure. This was
accomplished through intentional deletion of
Lanza's description of asbestosis as "fatal"
and through other selective editing that
affirmatively misrepresented asbestosis as a
disease process less serious than it actually
is and was known to be. As a result, Lanza's
study was published in the medical literature
in this misleading fashion in 1935. The
conspirators were motivated, in part, to
effectuate this fraudulent misrepresentation
and fraudulent nondisclosure by the desire to
influence proposed legislation to regulate
asbestos exposure and to provide a defense in
lawsuits involving Manville, Raymark and
Metropolitan, as insurer. Furthermore, upon

14

information and belief, it is alleged that
Metropolitan, at all times relevant hereto,
had substantial monetary investments in
Manville and Raymark, among other asbestos
product manufacturers and distributors.

c.  In 1936, the conspirators or some of them
including Manville, Raymark, and other
companies entered into an agreement with the
Saranac Laboratories in New York.  Under this
agreement, these conspirators acquired the
power to decide what information Saranac
Laboratories could publish about asbestos
disease and to control in what form such
publications were to occur.  This agreement
gave these conspirators power to
affirmatively misrepresent the results of the
work at Saranac, and also gave these
conspirators power to suppress material facts
included in any study.  On numerous occasions
thereafter, the conspirators exercised their
power to prevent Saranac scientists from
disclosing material scientific data,
resulting in numerous misstatements of fact
being made at scientific meetings.

d.  By November 1948, or earlier, Manville,
Metropolitan (acting through Dr. Lanza),
Raymark, and others decided to exert their

15

influence to materially alter and
misrepresent material facts about the
substance of research started by Dr. Leroy
Gardner at the Saranac Laboratories beginning
in 1936.  Dr. Gardner's research involved
carcinogenicity of asbestos in mice and also
included an evaluation of the health effects
of asbestos on humans with a critical review
of the then-existing standards of dust
exposure for asbestos and asbestos products.

e.   At a meeting on November 11, 1948, these
conspirators and others intentionally and
affirmatively determined that Dr. Gardner's
work should be edited to specifically delete
material facts about the cancer-causing
propensity of asbestos and the health effects
of asbestos on humans and they determined
that only an edited version would be
published.  These conspirators thereby
fraudulently misrepresented the risks of
asbestos exposure to the public, in general,
and to the class of persons exposed to
asbestos, including the plaintiff.

f.   As a direct result of influence exerted by
the above-described conspirators, Dr. Arthur
Vorwald published Dr. Gardner's edited work
in the Journal of Industrial Hygiene, AMA

16

Archives of Industrial Hygiene and
Occupational Health in 1951 in a form that
stressed those portions of Dr. Gardner's work
that the conspirators wished stressed, but
which omitted references to human asbestosis
and cancer, thereby fraudulently and
affirmatively misrepresenting the extent of
the risks. The conspirators affirmatively
and deliberately disseminated this misleading
Vorwald publication to university libraries,
government officials, agencies and others.

g. Such action constituted a material
affirmative misrepresentation of the material
facts involved in Dr. Gardner's work and
resulted in creating an appearance that
inhalation of asbestos was a less serious
health concern than Dr. Gardner's unedited
work indicated.

26. Plaintiff further alleges that Metropolitan,
Manville, Raymark and/or their predecessors in interest
knowingly agreed, contrived, combined, confederated and
conspired among themselves to cause plaintiff injuries,
diseases, and/or illnesses by exposing plaintiff to
harmful and dangerous asbestos-containing products
and/or machinery requiring or calling for the use of
asbestos and/or asbestos-containing products.
Metropolitan, Manville, and Raymark further knowingly

17

agreed, contrived, combined, confederated and conspired
to deprive plaintiff of the opportunity of informed
free choice as to whether to use said asbestos-
containing products and/or machinery requiring or
calling for the use of asbestos and/or asbestos-
containing products or to expose themselves to said
dangers.  In this connection, plaintiff has sued the
Metropolitan Life Insurance Company in its capacity as
a conspirator and because it committed tortious act in
concert with others pursuant to a common design.
Metropolitan, Manville, and Raymark committed the
above-described wrongs by willfully misrepresenting and
suppressing the truth as to the risks and dangers
associated with the use of and exposure to Manville's
and/or Raymark's asbestos-containing products and/or
machinery requiring or calling for the use of asbestos
and/or asbestos-containing products.

    27.  In furtherance of said conspiracies,
Metropolitan, Manville, and Raymark performed the
following overt acts:

       a.   for many decades, Metropolitan, individually,
           jointly and in conspiracy with Manville and
           Raymark, have been in possession of medical
           and scientific data, literature and test
           reports which clearly indicated that the
           inhalation of asbestos dust and fibers
           resulting from the ordinary foreseeable use

18

of said asbestos-containing products and/or
machinery requiring or calling for the use of
asbestos or asbestos-containing products were
unreasonably dangerous, hazardous,
deleterious to human health, carcinogenic,
and potentially deadly;

b.   despite the medical and scientific data,
literature and test reports possessed by and
available to Metropolitan, individually and
in conspiracy with Manville and Raymark,
fraudulently, willfully and maliciously:

(i)   withheld, concealed and suppressed said
medical and scientific data, literature,
and test reports regarding the risks of
asbestosis, cancer, mesothelioma and
other illnesses and diseases from
plaintiff who were using and being
exposed to Manville or Raymark asbestos-
containing products and/or machinery
requiring or calling for the use of
asbestos and/or asbestos-containing
products;

(ii)  caused to be released, published and
disseminated medical and scientific
data, literature, and test reports
containing information and statements
regarding the risks of asbestosis,

19

cancer, mesothelioma and other illnesses
and diseases, which Metropolitan,
Manville, and Raymark knew were either
incorrect, incomplete, outdated and
misleading; and

(iii) distorted the results of medical
examinations conducted upon workers such
as plaintiff who were using asbestos-
containing products and/or machinery
requiring or calling for the use of
asbestos and/or asbestos-containing
products and being exposed to the
inhalation of asbestos dust and fibers
by falsely stating and/or concealing the
nature and extent of the harm to which
workers such as plaintiff has suffered;
and

(iv) failing to adequately warn the plaintiff
of the dangers to which he was exposed
when they knew of the dangers.

c. by the false and fraudulent representations,
omissions, failures, and concealments set
forth above, Metropolitan, Manville, and
Raymark, individually, jointly, and in
conspiracy with each other, intended to
induce the plaintiff to rely upon said false
and fraudulent representations, omissions,

failures, and concealments, to continue to
expose themselves to the dangers inherent in
the use of and exposure to their asbestos-
containing products and/or machinery
requiring or calling for the use of asbestos
and/or asbestos-containing products.

Said misrepresentations were false, incomplete,
and misleading and constitute negligent
misrepresentations as defined by Sections 311 and 522
of the Restatement (Second) of Torts.

28. Plaintiff reasonably and in good faith relied
upon the false and fraudulent representations,
omissions, failures, and concealments made by
Metropolitan, Manville, and Raymark regarding the
nature of their asbestos-containing products and/or
machinery requiring or calling for the use of asbestos
and/or asbestos-containing products.

29. As a direct and proximate result of the
conspiracy and concert of action between Metropolitan,
Manville and Raymark, the plaintiff has been deprived
of the opportunity of informed free choice and
connection with the use of and exposure to Manville and
Raymark's asbestos and asbestos-containing products,
and therefore continued to work with and be exposed to
the co-conspirator corporation's asbestos and asbestos-
containing products and as a result contracted
asbestos-related diseases and other conditions, and/or

21

aggravated pre-existing conditions, as a result of
which the plaintiff has suffered a dramatic reduction
of his life expectancy, incurred great mental and
physical pain and suffering, sustained lost wages and
lost earning capacity, incurred medical expenses, and
their enjoyment of life has been greatly impaired,
which damages are continuing in nature.

WHEREFORE, Plaintiff, Charles Clayton, demands
compensatory damages, plus interest and costs.

## COUNT IV

### UNDERTAKING OF SPECIAL DUTY: METROPOLITAN ONLY

30.  Plaintiff realleges the allegations of
Paragraphs 1 through 29 of the Complaint, and by
reference, makes them part of this Count.

31.  Defendant Metropolitan, through its
Policyholders Service Bureau, undertook duties owed by
entities which manufactured, sold, supplied, or
distributed asbestos-containing products, including
Manville and Raymark to plaintiff by testing of
asbestos workers and the conduct of scientific studies.
These duties included, without limitation, as follows:

a.  to test fully and adequately for health risks
    concomitant to the normal and intended use of
    their products; and

b.  to instruct fully and adequately in the use
    of their products so as to eliminate or
    reduce the health hazards concomitant with

22

their normal or intended use.

In undertaking these duties, Metropolitan knew or should have known that it was providing testing services for the ultimate protection of third persons, including the plaintiff.

32. In both conducting said tests and publishing their alleged results, Metropolitan failed to exercise reasonable care to conduct or publish complete, adequate, and accurate tests of the health effects of asbestos. Metropolitan also caused to be published intentionally false, misleading, inaccurate and deceptive information about the health effects of asbestos exposure. In so acting, Metropolitan breached their special responsibility by failing to exercise reasonable care to protect their undertaking, as described above.

33. The plaintiff unwittingly but justifiably relied upon the thoroughness of Metropolitan's tests and information dissemination, the results of which Metropolitan published in leading medical journals.

34. In failing to test fully and adequately for the adverse health effects from exposure asbestos; in delaying the publication of such results; and in falsely editing such results as were obtained; in suppressing relevant medical inquiry and knowledge about those hazards to promote the sale and distribution of asbestos as a harmless product; and in

23

collaborating with entities which manufactured, sold, supplied, or distributed asbestos-containing products, including Manville and Raymark materially to understate the hazards of asbestos exposure, all for pecuniary profit and gain, Metropolitan acted recklessly, wantonly, and in calculated disregard for the welfare of the general public, including the plaintiff.

35. As a direct and proximate result of Metropolitan's failures to conduct or accurately publish adequate test or disseminate accurate and truthful information, after undertaking to do so; (i) the risk of harm to the plaintiff from asbestos exposure was increased, and (ii) plaintiff contracted asbestos-related diseases and other conditions, and/or aggravated pre-existing conditions, as a result of which the plaintiff has suffered a dramatic reduction of their life expectancy, incurred great mental and physical pain and suffering, sustained lost wages and lost earning capacity, incurred medical expenses, and their enjoyment of life has been greatly impaired, which damages are continuing in nature.

WHEREFORE, Plaintiff, Charles Clayton, demands compensatory damages, plus interest and costs.

## COUNT V

## MALICIOUS, WILLFUL, WANTON AND RECKLESS

## CONDUCT OR GROSS NEGLIGENCE

36. Plaintiff realleges the allegations of

Paragraphs 1 through 35 of the Complaint, and by reference, makes them part of this Count.

37. As early as 1929, the defendants, or some of them, possessed medical and scientific data clearly indicating that asbestos and asbestos-containing products were hazardous to the health and safety of Charles Clayton and others in his position.

38. The defendants, or some of them, during the 1930's, 1940's, 1950's, and 1960's became possessed of voluminous medical and scientific data, studies, and reports, which information conclusively established that asbestos and asbestos-containing products were hazardous to the health and safety of Charles Clayton and all other persons exposed to the products.

39. The defendants, or some of them, since the 1930's have had numerous workmen's compensation claims filed against them by former asbestos workers or employees, or knew such claims were filed against asbestos product suppliers and manufacturers.

40. Prompted by pecuniary motives, the defendants ignored and failed to act upon such medical and scientific data and conspired to deprive the public, and particularly the users, from access to said medical and scientific data, thereby depriving them of the opportunity of free choice as to whether or not to expose themselves to the asbestos products of the defendants.

41. The defendants acted maliciously, willfully, wantonly, and recklessly, or with gross negligence, by continuing to market their asbestos products, with reckless disregard for the health and safety of Plaintiff's and other users and consumers, knowing the dangerous characteristics and propensities of said asbestos products, but still depriving those affected by the dangers from information about those dangers.

42. Because the defendants acted maliciously, willfully, wantonly, and recklessly, or with gross negligence, in marketing their hazardous asbestos and asbestos-containing products, in ignoring the medical and scientific data which was available to them, and depriving consumers, users, and the general public from that medical and scientific data, the plaintiff is entitled to compensatory damages.

WHEREFORE, the plaintiff, Charles Clayton, demands punitive damages in addition to the damages demanded in Counts I through IV, plus interest and costs.

Plaintiff demands a trial by jury on all issues.
DATED: March 18, 2005

Respectfully submitted,

_____
Brad J. Mitchell
(BBO #639845)
THORNTON & NAUMES, LLP
100 Summer Street, 30th floor
Boston, MA 02110
(617) 720-1333

**APPENDIX C**

**TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER**

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

......... MIDDLESEX ......... , ss
[seal]

**CHARLES CLAYTON**

No.
05-0925

........................................... , Plaintiff(s)

v.

METROPOLITAN LIFE INSURANCE COMPANY, et al.

........................................... , Defendant(s)

### SUMMONS

### P.T. BRAKELINING COMPANY, INC.

To the above-named Defendant:

THORNTON & NAUMES, LLP

You are hereby summoned and required to serve upon ....................................................................

..................................................... plaintiff's attorney, whose address is ............................................... 100 Summer St., 30th Fl.,

Boston, MA 02110 ......................................................, an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ........................................... 40 Thorndike St.,

Cambridge, MA 02141 ........................ either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.
Barbara J. Rouse

Witness, ~~Robert A. Mulligan~~, Esquire, at ...................................................................................................

the ................ 18th ............................... day of ................ APRIL .......................................

...................., in the year of our Lord ........................................... 2005

\*        TRACKING ORDER; CIVIL ACTION COVER SHEET; and COMPLAINT

**Clerk**

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
   for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

FORM NO. SUP. — 001

OFFICER'S RETURN

SUFFOLK SS.                    BOSTON                    DATE: **April 27, 2005**

I, THE UNDERSIGNED, A CONSTABLE PERMITTED TO MAKE SERVICE OF PROCESS UNDER
THE LAWS OF THIS COMMONWEALTH, DO HEREBY MAKE OATH AND SAY THAT ON **April 27, 2005**

I NOTIFIED THE WITHIN NAMED DEFENDANT:

**PT BRAKELINING CO., INC.**
**C/O Robert A. Baker, Treasurer**
**75 Stanley Road**
**Swampscott, MA 01907-1454**

BY MAILING TO THEM BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, TRUE COPIES

OF THE SUMMONS, COMPLAINT, CIVIL ACTION COVER SHEET,  AND TRACKING ORDER

DATED **Mar.22, 2005** TO THE ABOVE NAMED ADDRESS AND THE RECEIPT OF WHICH IS

AFFIXED HERETO.

SERVICE FEE:        $20.00
MAILING FEE:        $5.95



**TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER**

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

........MIDDLESEX............ , ss
   [seal]     **CHARLES CLAYTON**

No.
     05-0925

......................................... , Plaintiff(s)

v.
METROPOLITAN LIFE INSURANCE COMPANY, et al.

................................... , Defendant(s)

## SUMMONS

### JOHN CRANE, INC.

To the above-named Defendant:

                                         **THORNTON & NAUMES, LLP**

    You are hereby summoned and required to serve upon .................................................................

................................... plaintiff's attorney, whose address is ........................**100 Summer St., 30th Fl.,**

    **Boston, MA 02110**......................................., an answer to the complaint which* is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at .........................**40 Thorndike St.,**

    **Cambridge, MA 02141**......................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

    Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.
        **Barbara J. Rouse**
    Witness, Robert A. Mulligan, Esquire, at ....................................................................................

the ....................**18th**.............................. day of .................**APRIL**.......................................

...................., in the year of our Lord .........................................·2005

    *     TRACKING ORDER; CIVIL ACTION COVER SHEET; and COMPLAINT

                                _Edward J. Sullivan_
                                               **Clerk**

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
   for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

<div style="writing-mode: vertical">NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.</div>

OFFICER'S RETURN

SUFFOLK SS.                    BOSTON              DATE: **April 27, 2005**

I, THE UNDERSIGNED, A CONSTABLE PERMITTED TO MAKE SERVICE OF PROCESS UNDER
THE LAWS OF THIS COMMONWEALTH, DO HEREBY MAKE OATH AND SAY THAT ON **April
27, 2005**

I NOTIFIED THE WITHIN NAMED DEFENDANT:

**John Crane, Inc.**
**6400 West Oakton Street**
**Morton Grove, IL  60053**

BY MAILING TO THEM BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, TRUE COPIES

OF THE SUMMONS, COMPLAINT, CIVIL ACTION COVER SHEET, AND TRACKING ORDER

DATED **Mar.22, 2005** TO THE ABOVE NAMED ADDRESS AND THE RECEIPT OF WHICH IS

AFFIXED HERETO.

SERVICE FEE:         $20.00
MAILING FEE:         $5.95

U.S. Postal Service™
**CERTIFIED MAIL**... RECEIPT
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ 1.90 |
| Certified Fee | 2.30 |
| Return Reciept Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.95 |

John Crane, Inc.
6400 West Oakton Street
Morton Grove, IL   60053

BOSTON, MA

John Crane, Inc.
6400 West Oakton Street
Morton Grove, IL   60053

7003 0820 0004 6479 2002

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

............ MIDDLESEX ............ , ss
[seal]

CHARLES CLAYTON

No.
05-0925

............................................. , Plaintiff(s)

v.

METROPOLITAN LIFE INSURANCE COMPANY, et al.

...................................... , Defendant(s)

### SUMMONS

### UNIROYAL, INC.

To the above-named Defendant:

THORNTON & NAUMES, LLP

You are hereby summoned and required to serve upon ....................................................................

................................................. plaintiff's attorney, whose address is .......................................... 100 Summer St., 30th Fl.,

.... Boston, MA 02110 ............................................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ..................................... 40 Thorndike St.,

..... Cambridge, MA 02141 ......................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Barbara J. Rouse

Witness, Robert A. Mulligan Esquire, at ..................................................................................

the ................ 18th ............................... day of ................ APRIL ....................................

...................., in the year of our Lord ......................................... 2005

*    TRACKING ORDER; CIVIL ACTION COVER SHEET; and COMPLAINT

Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

FORM NO. SUP. — 001

OFFICER'S RETURN

SUFFOLK SS.                    BOSTON                    DATE: **April 27, 2005**

I, THE UNDERSIGNED, A CONSTABLE PERMITTED TO MAKE SERVICE OF PROCESS UNDER
THE LAWS OF THIS COMMONWEALTH, DO HEREBY MAKE OATH AND SAY THAT ON **April
27, 2005**

I NOTIFIED THE WITHIN NAMED DEFENDANT:

**UNIROYAL, INC.
C/O ROBERT D'ANGELO, AGENT
70 GREAT HILL ROAD
NAUGATUCK, CT 06770**

BY MAILING TO THEM BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, TRUE COPIES

OF THE SUMMONS, COMPLAINT, CIVIL ACTION COVER SHEET, AND TRACKING ORDER

DATED **Mar.22, 2005** TO THE ABOVE NAMED ADDRESS AND THE RECEIPT OF WHICH IS

AFFIXED HERETO.

SERVICE FEE:          $20.00
MAILING FEE:          $5.95



U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**O F F I C I A L   U S E**

| Postage | $ 1.90 |
| Certified Fee | 2.30 |
| Return Receipt Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.95 |

Uniroyal, Inc.
c/o Robert D'Angelo,
Agent
70 Great Hill Road
Naugatuck, CT   06770

BOSTON, MA

TO PLAINTIFF'S ATTORNEY: **PLEASE CIRCLE TYPE OF ACTION INVOLVED: —**
**TORT — MOTOR VEHICLE TORT — CONTRACT —**
**EQUITABLE RELIEF — OTHER**

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.
05-0925

MIDDLESEX ................ , ss
[seal]              **CHARLES CLAYTON**

............................................ , Plaintiff(s)

v.

METROPOLITAN LIFE INSURANCE COMPANY, et al.

........................................ , Defendant(s)

### SUMMONS

**BAYER CROPSCIENCE, INC. f/k/a AMCHEM PRODUCTS, INC.**

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant:

THORNTON & NAUMES, LLP

You are hereby summoned and required to serve upon .........................................................................
100 Summer St., 30th Fl.,
................................................... plaintiff's attorney, whose address is .........................................
Boston, MA 02110                                              *
........................................................................................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also
40 Thorndike St.,
required to file your answer to the complaint in the office of the Clerk of this court at .....................................
Cambridge, MA  02141
..................................................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.
Barbara J. Rouse
Witness, ~~Robert A. Mulligan~~, Esquire, at .............................................................................................
18th                                      APRIL
the .......................................................... day of ......................................................................

........................., in the year of our Lord ........................................... . 2005

\*      TRACKING ORDER; CIVIL ACTION COVER SHEET; and COMPLAINT

Edward J Sullivan
                                                                          Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
   for each defendant, each should be addressed to the particular defendant.

OFFICER'S RETURN

SUFFOLK SS.                          BOSTON                 DATE: **April 27, 2005**

I, THE UNDERSIGNED, A CONSTABLE PERMITTED TO MAKE SERVICE OF PROCESS UNDER
THE LAWS OF THIS COMMONWEALTH, DO HEREBY MAKE OATH AND SAY THAT ON **April
27, 2005**

I NOTIFIED THE WITHIN NAMED DEFENDANT:
**BAYER CROPSCIENCE, INC. f/k/a AMCHEM PRODUCTS, INC**
**c/o An Officer or Agent in Charge**
**CN-7500**
**Cranberry, NJ  08512**

BY MAILING TO THEM BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, TRUE COPIES

OF THE SUMMONS, COMPLAINT, CIVIL ACTION COVER SHEET, AND TRACKING ORDER

DATED **Mar.22, 2005** TO THE ABOVE NAMED ADDRESS AND THE RECEIPT OF WHICH IS

AFFIXED HERETO.

SERVICE FEE:          $20.00
MAILING FEE:          $5.95

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

............................ , ss
MIDDLESEX
[seal]

**CHARLES CLAYTON**

No.
05-0925

.......................................... , Plaintiff(s)

v.

METROPOLITAN LIFE INSURANCE COMPANY, et al.

...................................... , Defendant(s)

## SUMMONS

### BORG-WARNER CORPORATION n/k/a BURNS INTERNATIONAL SERVICES CORPORATION

To the above-named Defendant:

You are hereby summoned and required to serve upon ........................ THORNTON & NAUMES, LLP

.................................................. plaintiff's attorney, whose address is ......... 100 Summer St., 30th Fl.,

..... Boston, MA 02110 .........................................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ................. 40 Thorndike St.,

..... Cambridge, MA 02141 ......................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at ....................................................................................

the ................. 18th ............................. day of .............. APRIL ........................................

...................., in the year of our Lord ........................................ .
2005

\*    TRACKING ORDER; CIVIL ACTION COVER SHEET; and COMPLAINT

*Edward J. Sullivan*

Clerk

NOTICE TO DEFENDANT— You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

OFFICER'S RETURN

SUFFOLK SS.                    BOSTON              DATE: **April 27, 2005**

I, THE UNDERSIGNED, A CONSTABLE PERMITTED TO MAKE SERVICE OF PROCESS UNDER
THE LAWS OF THIS COMMONWEALTH, DO HEREBY MAKE OATH AND SAY THAT ON **April
27, 2005**

I NOTIFIED THE WITHIN NAMED DEFENDANT:

**BORG-WARNER CORPORATION n/k/a**
**BURNS INTERNATIONAL SERVICES CORPORATION**
**C/o Mr. JAMES FOX**
**4330 PARK TERRACE DRIVE**
**WESTLAKE VILLAGE, CA 91361**

BY MAILING TO THEM BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, TRUE COPIES

OF THE SUMMONS, COMPLAINT, CIVIL ACTION COVER SHEET, AND TRACKING ORDER

DATED **Mar.22, 2005** TO THE ABOVE NAMED ADDRESS AND THE RECEIPT OF WHICH IS

AFFIXED HERETO.

SERVICE FEE:        $20.00
MAILING FEE:        $5.95



TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.
05-0925

.......... MIDDLESEX .......... , ss
[seal]

**CHARLES CLAYTON**

.............................................. , Plaintiff(s)

v.

METROPOLITAN LIFE INSURANCE COMPANY, et al.

.......................................... , Defendant(s)

## SUMMONS

### HONEYWELL INTERNATIONAL INC. f/k/a ALLIEDSIGNAL, INC. f/k/a THE BENDIX CORPORATION

To the above-named Defendant:

You are hereby summoned and required to serve upon .......................... THORNTON & NAUMES, LLP

.................................................. plaintiff's attorney, whose address is ......... 100 Summer St., 30th Fl.,

.... Boston, MA 02110 ........................................, an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ................. 40 Thorndike St.,

.... Cambridge, MA 02141 ........................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Barbara J. Rouse

Witness, ...................., Esquire, at ................................................................................

the ................. 18th ..................................... day of ................................................................
APRIL

...................., in the year of our Lord ..........................................
2005

\*      TRACKING ORDER; CIVIL ACTION COVER SHEET; and COMPLAINT

Edward J Sullivan
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

FORM NO. SUP. — 001

OFFICER'S RETURN

SUFFOLK SS.                       BOSTON                    DATE: **April 27, 2005**

I, THE UNDERSIGNED, A CONSTABLE PERMITTED TO MAKE SERVICE OF PROCESS UNDER
THE LAWS OF THIS COMMONWEALTH, DO HEREBY MAKE OATH AND SAY THAT ON **April
27, 2005**

I NOTIFIED THE WITHIN NAMED:

**CORPORATION SERVICE COMPANY
84 State Street
Boston, MA 02109**

IN SERVICE FOR THE DEFENDANT:

**HONEYWELL INTERNATIONAL, INC. F/K/A ALLIED SIGNAL INC. F/K/A BENDIX CORP**

BY GIVING IN HAND TO THE AGENT IN CHARGE OF BUSINESS:

**Richard Dillon**

TRUE COPIES OF THE SUMMONS, COMPLAINT, CIVIL ACTION COVER SHEET, AND

TRACKING ORDER DATED: **Mar.22, 2005**

I DECLARE UNDER THE PENALTY OF PERJURY OF THE LAWS OF THIS COMMONWEALTH
THAT THE FOREGOING INFORMATION AND STATEMENT OF SERVICE IS TRUE AND
CORRECT.

SERVICE FEE: $20.00

Joseph P.Butler Jr.

RULE 4-C PROCESS SERVER

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: ---
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

............ MIDDLESEX ............ , ss
[seal]

**CHARLES CLAYTON**

No.    05-0925

.......................................... , Plaintiff(s)

v.

METROPOLITAN LIFE INSURANCE COMPANY, et al.

.................................... , Defendant(s)

### SUMMONS

## PARKER-HANNIFIN CORPORATION

To the above-named Defendant:

THORNTON & NAUMES, LLP

You are hereby summoned and required to serve upon ...............................................................

.......................................... plaintiff's attorney, whose address is ...................................... 100 Summer St., 30th Fl.,

Boston, MA 02110 ..............................................................., an answer to the complaint which is herewith *

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ...................................... 40 Thorndike St.,

Cambridge, MA 02141 ........................ either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse** ~~Robert A. Mulligan~~, Esquire, at ......................................................................

the ................18th.............................. day of ................APRIL.......................................

...................., in the year of our Lord ........................................... 2005

\*    TRACKING ORDER; CIVIL ACTION COVER SHEET; and COMPLAINT

Edward J. Sullivan

**Clerk**

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

*(left margin, rotated)* NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

OFFICER'S RETURN

SUFFOLK SS.                          BOSTON                    DATE: **April 27, 2005**

I, THE UNDERSIGNED, A CONSTABLE PERMITTED TO MAKE SERVICE OF PROCESS UNDER
THE LAWS OF THIS COMMONWEALTH, DO HEREBY MAKE OATH AND SAY THAT ON **April
27, 2005**

I NOTIFIED THE WITHIN NAMED:

**CT CORPORATION**
**101 Federal Street**
**Boston, MA  02110**


IN SERVICE FOR THE DEFENDANT:

**Parker- Hannifin Corporation**

BY GIVING IN HAND TO THE AGENT IN CHARGE OF BUSINESS:

**Alison Liberto**

TRUE COPIES OF THE SUMMONS, COMPLAINT, CIVIL ACTION COVER SHEET, AND

TRACKING ORDER DATED: **Mar.22, 2005**

I DECLARE UNDER THE PENALTY OF PERJURY OF THE LAWS OF THIS COMMONWEALTH
THAT THE FOREGOING INFORMATION AND STATEMENT OF SERVICE IS TRUE AND
CORRECT.

SERVICE FEE:  $20.00

Joseph P.Butler Jr.

RULE 4-C PROCESS SERVER

**TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —**
**TORT — MOTOR VEHICLE TORT — CONTRACT —**
**EQUITABLE RELIEF — OTHER**

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

............MIDDLESEX............ , ss
      [seal]            **CHARLES CLAYTON**

No.
      05-0925

.............................................. , Plaintiff(s)

v.

METROPOLITAN LIFE INSURANCE COMPANY, et al.

.......................................... , Defendant(s)

### SUMMONS

#### ITT INDUSTRIES, INC., AS SUCCESSOR TO GOULDS PUMPS, INC.

To the above-named Defendant:

THORNTON & NAUMES, LLP

You are hereby summoned and required to serve upon ...........................................................

.................................................... plaintiff's attorney, whose address is ......................................    100 Summer St., 30th Fl.,

Boston, MA 02110
................................................................................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ....................................   40 Thorndike St.,
Cambridge, MA   02141
.......................................................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.
                    **Barbara J. Rouse**
Witness, Robert A. Mulligan, Esquire, at ...................................................................................

the .............18th............................... day of ................APRIL.....................................

...................., in the year of our Lord ......................................... 2005

    *    TRACKING ORDER; CIVIL ACTION COVER SHEET; and COMPLAINT

*Edward J Sullivan*
                                                                              **Clerk**

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
   for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

OFFICER'S RETURN

SUFFOLK SS.                       BOSTON                       DATE: **April 27, 2005**

I, THE UNDERSIGNED, A CONSTABLE PERMITTED TO MAKE SERVICE OF PROCESS UNDER THE LAWS OF THIS COMMONWEALTH, DO HEREBY MAKE OATH AND SAY THAT ON **April 27, 2005**

I NOTIFIED THE WITHIN NAMED:

**CT CORPORATION**
**101 Federal Street**
**Boston, MA 02110**

IN SERVICE FOR THE DEFENDANT:

**ITT Industries Inc., as sucessor to Goulds Pumps, Inc.**

BY GIVING IN HAND TO THE AGENT IN CHARGE OF BUSINESS:

**Alison Liberto**

TRUE COPIES OF THE SUMMONS, COMPLAINT, CIVIL ACTION COVER SHEET, AND

TRACKING ORDER DATED: **Mar.22, 2005**

I DECLARE UNDER THE PENALTY OF PERJURY OF THE LAWS OF THIS COMMONWEALTH THAT THE FOREGOING INFORMATION AND STATEMENT OF SERVICE IS TRUE AND CORRECT.

SERVICE FEE:  $20.00

Joseph P.Butler Jr.

RULE 4-C PROCESS SERVER

**TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —**
**TORT — MOTOR VEHICLE TORT — CONTRACT —**
**EQUITABLE RELIEF — OTHER**

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

............MIDDLESEX............ , ss
[seal]

**CHARLES CLAYTON**

No.
05-0925

.......................................... , Plaintiff(s)

v.

METROPOLITAN LIFE INSURANCE COMPANY, et al.

.................................... , Defendant(s)

### SUMMONS

### UNION CARBIDE CORPORATION

To the above-named Defendant:

THORNTON & NAUMES, LLP

You are hereby summoned and required to serve upon ..................................................................

................................................ plaintiff's attorney, whose address is ........................ 100 Summer St., 30th Fl.,

....Boston, MA 02110............................................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ........................ 40 Thorndike St.,

....Cambridge, MA  02141.................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.
                    **Barbara J. Rouse**
Witness, ~~Robert A. Mulligan~~, Esquire, at ..............................................................................

the ................18th................................ day of .................APRIL........................................

...................., in the year of our Lord ........................................ 2005

\*      TRACKING ORDER; CIVIL ACTION COVER SHEET; and COMPLAINT

_Edward J. Sullivan_
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
   for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

OFFICER'S RETURN

SUFFOLK SS.                         BOSTON                    DATE: **April 27, 2005**

I, THE UNDERSIGNED, A CONSTABLE PERMITTED TO MAKE SERVICE OF PROCESS UNDER
THE LAWS OF THIS COMMONWEALTH, DO HEREBY MAKE OATH AND SAY THAT ON **April
27, 2005**

I NOTIFIED THE WITHIN NAMED:

**CT CORPORATION**
**101 Federal Street**
**Boston, MA  02110**

IN SERVICE FOR THE DEFENDANT:

**UNION CARBIDE**

BY GIVING IN HAND TO THE AGENT IN CHARGE OF BUSINESS:

**Alison Liberto**

TRUE COPIES OF THE SUMMONS, COMPLAINT, CIVIL ACTION COVER SHEET, AND

TRACKING ORDER DATED: **Mar.22, 2005**

I DECLARE UNDER THE PENALTY OF PERJURY OF THE LAWS OF THIS COMMONWEALTH
THAT THE FOREGOING INFORMATION AND STATEMENT OF SERVICE IS TRUE AND
CORRECT.

SERVICE FEE:  $20.00

JOSEPH P. BUTLER, JR.
RULE 4-C PROCESS SERVER

**TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER**

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

............ MIDDLESEX ............ , ss
[seal]

**CHARLES CLAYTON**

No.
05-0925

......................................... , Plaintiff(s)

v.
METROPOLITAN LIFE INSURANCE COMPANY, et al.

...................................... , Defendant(s)

## SUMMONS

## PNEUMO-ABEX CORPORATION

To the above-named Defendant:

THORNTON & NAUMES, LLP

You are hereby summoned and required to serve upon ..............................................................

........................................... plaintiff's attorney, whose address is ............................ 100 Summer St., 30th Fl.,

Boston, MA 02110 ............................................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ................... 40 Thorndike St.,

Cambridge, MA 02141 ...................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.
Barbara J. Rouse

Witness, Robert A. Mulligan, Esquire, at ...................................................................................

the ................ 18th ................................. day of .................. APRIL.....................................

........................., in the year of our Lord ........................................ 2005

\*      TRACKING ORDER; CIVIL ACTION COVER SHEET; and COMPLAINT

*Edward J Sullivan*

**Clerk**

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
   for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

OFFICER'S RETURN

SUFFOLK SS.                      BOSTON              DATE: **April 27, 2005**

I, THE UNDERSIGNED, A CONSTABLE PERMITTED TO MAKE SERVICE OF PROCESS UNDER
THE LAWS OF THIS COMMONWEALTH, DO HEREBY MAKE OATH AND SAY THAT ON **April
27, 2005**

I NOTIFIED THE WITHIN NAMED DEFENDANT:

**PNEUMO-ABEX CORPORATION**
**C/ O Corporation Service Comp[any**
**2711 Centerville Road, Suite 400**
**Wilmington, DE 19808**

BY MAILING TO THEM BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, TRUE COPIES
OF THE SUMMONS, COMPLAINT, CIVIL ACTION COVER SHEET, AND TRACKING ORDER
DATED **Mar.22, 2005** TO THE ABOVE NAMED ADDRESS AND THE RECEIPT OF WHICH IS
AFFIXED HERETO.

SERVICE FEE:       $20.00
MAILING FEE:       $5.95

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ 1.90 |
| Certified Fee | 2.30 |
| Return Receipt Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.95 |

Postmark Here
APR 27 2005

Pneumo-Abex Corporation, as Successor in Interest to
Abex Corporation
c/o Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

BOSTON, MA

7003 2260 0004 6679 8961

Pneumo-Abex Corporation, as Successor in Interest to
Abex Corporation
c/o Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

**APPENDIX D**

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:05-cv-11078-DPW

Clayton v. Metropolitian Life Insurance Co.,
Assigned to: Judge Douglas P. Woodlock
Case in other court: Middlesex Superior Court, 05-00925
Cause: 28:1331 Fed. Question: Personal Injury

Date Filed: 05/23/2005
Jury Demand: Plaintiff
Nature of Suit: 365 Personal Inj. Prod. Liability
Jurisdiction: Federal Question

**Plaintiff**

**Charles Clayton**

represented by **Andrew S. Wainwright**
Thornton & Naumes, LLP
100 Summer Street
30th Floor
Boston, MA 02110
617-720-1333
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Metropolitian Life Insurance Company**

represented by **Craig R. Waksler**
Taylor, Duane, Barton & Gilman
160 Federal Street
5th Floor
Boston, MA 02110
617-654-8200
Fax: 617-482-5350
Email: cwaksler@tdbgllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lawrence Gingrow**
Taylor, Duane, Barton & Gilman
111 Devonshire Street
Boston, MA 02109
617-654-8200
Fax: 617-482-5350
Email: lgingrow@tdbgllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Crane Inc.**

represented by **David H. Stillman**
Ciapciak and Associates
99 Access Rd.
Norwood, MA 02062
781-255-7401
Fax: 781-255-7402
Email: dhs@candalawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Garlock Sealing Technologies LLC**

represented by **Craig R. Waksler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rapid-American Corporation**

represented by **Barbara S. Hamelburg**
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210-2600
617-832-1132
Fax: 617-832-7000
Email: bhamelburg@foleyhoag.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ford Motor Company**

represented by **Charles K. Mone**
Campbell, Campbell, Edwards &
Conroy, PC
One Constitution Plaza
Boston, MA 02129
617-241-3000
Fax: 617-241-5115
Email:
cmone@campbell-trial-lawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Holly M. Polglase**
Campbell, Campbell, Edwards &
Conroy, PC
One Constitution Plaza
Boston, MA 02129
617-241-3000
Fax: 617-241-5115

Email:
hpolglase@campbell-trial-lawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Hampden Automotive Sales Corp.**        represented by **David M. Governo**
Governo Law Firm LLC
260 Franklin Street
Boston, MA 02110
617-737-9045
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeniffer A.P. Carson**
Governo Law Firm, LLC
15th Floor
260 Franklin Street
Boston, MA 02110
617-737-9265
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**General Motors Corporation**        represented by **Charles K. Mone**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Holly M. Polglase**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Eckel Industries, Inc.**        represented by **David M. Governo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeniffer A.P. Carson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ingersoll-Rand Company**

represented by **Richard B. Kirby**
Keegan, Werlin & Pabian, LLP
265 Franklin Street
Boston, MA 02110-3113
617-951-1400
Fax: 617-951-1323
Email: rkirby@kwplaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DaimlerChrysler Corporation**

represented by **Charles K. Mone**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Owens-Illinois, Inc.**

| Date Entered | # | Docket Text |
|---|---|---|
| 06/01/2005 | 12 | NOTICE by Owens-Illinois, Inc. *of Consent to Removal* (Heidorn, Scott) (Entered: 06/01/2005) |
| 06/01/2005 | | Notice of correction to docket made by Court staff. Correction: Docket entry #1 corrected because: the wrong filer was added (Nici, Richard) (Entered: 06/01/2005) |
| 05/31/2005 | 11 | STATE COURT Record Metropolitian Life Insurance Company served on 5/23/2005, answer due 6/13/2005.. (Attachments: # 1 Part 2)(Nici, Richard) (Entered: 05/31/2005) |
| 05/31/2005 | 10 | NOTICE of consent by Ingersoll-Rand Company re 1 Notice of Removal, (Nici, Richard) (Entered: 05/31/2005) |
| 05/31/2005 | 9 | NOTICE of consent by Eckel Industries, Inc. re 1 Notice of Removal, (Nici, Richard) (Entered: 05/31/2005) |
| 05/31/2005 | 8 | NOTICE of consent by General Motors Corporation re 1 Notice of Removal, (Nici, Richard) (Entered: 05/31/2005) |
| 05/31/2005 | 7 | NOTICE of Consent by Hampden Automotive Sales Corp. re 1 Notice of Removal, (Nici, Richard) (Entered: 05/31/2005) |
| 05/31/2005 | 6 | NOTICE of consent by Ford Motor Company re 1 Notice of Removal, (Nici, Richard) (Entered: 05/31/2005) |
| 05/31/2005 | 5 | NOTICE of Consent by Rapid-American Corporation re 1 Notice of Removal, (Nici, Richard) (Entered: 05/31/2005) |

| 05/31/2005 | 4 | NOTICE of Consent to removal by Garlock Sealing Tech. (Nici, Richard) (Entered: 05/31/2005) |
| 05/31/2005 | 3 | NOTICE of Consent to removal by Metropolitian Life Insurance Company re 1 Notice of Removal, (Nici, Richard) (Entered: 05/31/2005) |
| 05/24/2005 | | If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Collings. (Nici, Richard) (Entered: 05/24/2005) |
| 05/24/2005 | 2 | CORPORATE DISCLOSURE STATEMENT by Metropolitian Life Insurance Company. (Nici, Richard) (Entered: 05/24/2005) |
| 05/24/2005 | 1 | NOTICE OF REMOVAL by DaimlerChrysler Corporation from Middlesex Superior Court, case number 05-0925. $ 250, receipt number 64476, filed by Metropolitian Life Insurance Company. (Attachments: # 1 Exhibit A Part 1# 2 Exhibit A Part 2# 3 Exhibit A Part 3# 4 Exhibit A Part 4# 5 Cover Sheet)(Nici, Richard) Modified on 6/1/2005 (Nici, Richard). (Entered: 05/24/2005) |

# PACER Service Center

## Transaction Receipt

06/02/2005 11:47:30

| PACER Login: | af0498 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:05-cv-11078-DPW |
| Billable Pages: 2 | | Cost: | 0.16 |