UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES CLAYTON<br><br>    Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE<br>CO. et al.<br><br>    Defendants. | Civil Action No. 1:05-CV-11078-DPW |

## DEFENDANT HAMPDEN AUTOMOTIVE SALES CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

The Defendant, Hampden Automotive Sales Corporation's ("Hampden") hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

1.   Hampden is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the Plaintiff to prove the same.

2A-2U.   Hampden states that these paragraphs are not directed to it and, therefore, no answer is necessary; however, in the event a response is required, Hampden denies the allegation contained in these paragraphs.

2V.   Hampden admits that it was a Massachusetts corporation. Hampden denies the remaining allegations in this paragraph insofar as it is no longer an active Massachusetts corporation.

3.   Hampden states that this paragraph contains a legal conclusion for which no answer is necessary; however, to the extent that a response is required, Hampden denies the allegations contained in this paragraph.

4.   Hampden denies the allegations contained in this paragraph.

5.  Hampden denies the allegations contained in this paragraph.

6.  Hampden denies the allegations contained in this paragraph.

7.  Hampden denies the allegations contained in this paragraph.

8.  Hampden denies the allegations contained in this paragraph.

## COUNT I – NEGLIGENCE

9.  Hampden repeats and incorporates herein by reference its answers to paragraphs 1 through 8 and makes them its answers to this paragraph.

10. Hampden denies the allegations contained in this paragraph.

11. Hampden denies the allegations contained in this paragraph.

12. Hampden denies the allegations contained in this paragraph.

13. Hampden denies the allegations contained in this paragraph.

14. Hampden denies the allegations contained in this paragraph.

15. Hampden denies the allegations contained in this paragraph.

WHEREFORE, the Defendant, Hampden Automotive Sales Corporation demands that the Plaintiff's complaint be dismissed and that judgment enter in favor of Hampden Automotive Sales Corporation together with its costs, interest and reasonable attorneys' fees.

## COUNT II – BREACH OF EXPRESS AND IMPLIED WARRANTIES

16. Hampden repeats and incorporates herein by reference its answers to paragraphs 1 through 15 and makes them its answers to this paragraph.

17. Hampden denies the allegations contained in this paragraph.

18. Hampden denies the allegations contained in this paragraph.

19. Hampden denies the allegations contained in this paragraph.

20. Hampden denies the allegations contained in this paragraph.

21. Hampden denies the allegations contained in this paragraph.

22. Hampden denies the allegations contained in this paragraph.

WHEREFORE, the Defendant, Hampden Automotive Sales Corporation demands that the Plaintiff's complaint be dismissed and that judgment enter in favor of Automotive Sales Corporation together with its costs, interest and reasonable attorneys' fees.

## COUNT III – CONSPIRACY OR CONCERT OF ACTION: METROPOLITAN ONLY

23. Hampden repeats and incorporates herein by reference its answers to paragraphs 1 through 22 and makes them its answers to this paragraph.

24-29. Hampden states that these paragraphs are not directed to it and, therefore, no answer is necessary; however, in the event a response is required, Hampden denies the allegations contained in these paragraphs.

## COUNT IV – UNDERTAKING OF SPECIAL DUTY: METROPOLITAN ONLY

30. Hampden repeats and incorporates herein by reference its answers to paragraphs 1 through 29 and makes them its answers to this paragraph.

31-35. Hampden states that these paragraphs are not directed to it and, therefore, no answer is necessary; however, in the event a response is required, Hampden denies the allegations contained in these paragraphs.

## COUNT V – MALICIOUS, WILLFUL, WANTON AND RECKLESS CONDUCT OR GROSS NEGLIGENCE

36. Hampden repeats and incorporates herein by reference its answers to paragraphs 1 through 35 and makes them its answers to this paragraph.

37. Hampden denies the allegations contained in this paragraph.

38. Hampden denies the allegations contained in this paragraph.

39. Hampden denies the allegations contained in this paragraph.

40. Hampden denies the allegations contained in this paragraph.

41. Hampden denies the allegations contained in this paragraph.

42. Hampden denies the allegations contained in this paragraph.

WHEREFORE, the Defendant, Hampden Automotive Sales Corporation demands that the Plaintiff's complaint be dismissed and that judgment enter in favor of Hampden Automotive Sales Corporation together with its costs, interest and reasonable attorneys' fees.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

And further answering, Hampden states that if the Plaintiff proves that Plaintiff was injured as alleged, said injuries were caused by the misuse of materials by the Plaintiff, and the Plaintiff is thus barred from recovery.

## SECOND AFFIRMATIVE DEFENSE

And further answering, Hampden states that any asbestos-containing products allegedly supplied by Hampden which allegedly gave rise to Plaintiff's claims herein, which are expressly denied, were designed and manufactured pursuant to and an in accordance with specifications mandated by the United States Government or its agencies. The knowledge of the United States Government and its agencies of any possible health hazards from use of such products was equal or superior to that of

Hampden, and by reason therefore Hampden is entitled to such immunity from liability as exists in favor if the United States Government.

### THIRD AFFIRMATIVE DEFENSE

And further answering, Hampden states that pursuant to either 33 U.S.C. Section 905 or General Laws, Chapter 152, the Plaintiff's exclusive remedy is either under the Longshoreman's Compensation Act or the Massachusetts Worker's Compensation Act, wherefore the Plaintiff is barred from recovery in this action.

### FOURTH AFFIRMATIVE DEFENSE

And further answering, Hampden denies it knew of the particular purpose for which the alleged product was intended to be used by the Plaintiff and further denies that the Plaintiff relied on Hampden's, its agents, servants' or employees' skill or judgment in selecting the alleged product.

### FIFTH AFFIRMATIVE DEFENSE

And answering further, Hampden denies that any product allegedly supplied by it caused any injury to the Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

And further answering, Hampden denies that any product allegedly supplied by it caused any injury to the Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

And further answering, Hampden denies each and every material allegation of the Complaint not herein specifically admitted.

## EIGHTH AFFIRMATIVE DEFENSE

And further answering, Hampden states that all Counts of the Plaintiff's complaint fail to state a claim upon which relief can be granted.

## NINTH AFFIRMATIVE DEFENSE

And further answering, Hampden states that the Plaintiff's claims are barred by the Statute of Repose pursuant to M.G.L. Chapter 260, Section 2B.

## TENTH AFFIRMATIVE DEFENSE

And further answering, Hampden states that the acts complained of were not committed by a person for whose conduct Hampden was legally responsible.

## ELEVENTH AFFIRMATIVE DEFENSE

And further answering, Hampden states that if the Plaintiff proves that Hampden was negligent as alleged, the Plaintiff was negligent to a greater degree that Hampden and the Plaintiff is barred and/or limited from recovery under the Comparative Negligence law of the Commonwealth of Massachusetts.

## TWELFTH AFFIRMATIVE DEFENSE

And further answering, Hampden states that the Complaint should be dismissed pursuant to the Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## THIRTEENTH AFFIRMATIVE DEFENSE

And further answering, Hampden states that to the extent it had any obligations to the Plaintiff, such obligations have been fully, completely and properly performed in every respect.

## FOURTEENTH AFFIRMATIVE DEFENSE

And further answering, Hampden states that no notice of the alleged breaches of warranties was given to Hampden as required by law, and Hampden was thereby prejudiced.

## FIFTHEENTH AFFIRMATIVE DEFENSE

And further answering, Hampden states that the warranties claimed did not arise in the manner in the Plaintiff's Complaint and that Hampden did not breach any of these alleged warranties.

## SIXTEENTH AFFIRMATIVE DEFENSE

And further answering, Hampden states that the warranties claimed did not arise in the manner alleged in the Plaintiff's Complaint, and that Hampden did not breach any of these alleged warranties.

## SEVENTEENTH AFFIRMATIVE DEFENSE

And further answering, Hampden states that it has performed and fulfilled all promises and obligations arising under all applicable warranties and that, therefore, the Plaintiff is barred from recovery.

## EIGHTEENTH AFFIRMATIVE DEFENSE

And further answering, Hampden states that, upon information and belief, it is not responsible for the mining, milling, fabricating, supplying and/or selling of the alleged defective products and, accordingly, the Plaintiff's claims in this action must fail.

### NINETEENTH AFFIRMATIVE DEFENSE

And further answering, Hampden states that to the extent the Plaintiff's claims resulted from modifications and/or alterations made by other persons or entities, the Plaintiff's claims in this action must fail against Hampden.

### TWENTIETH AFFIRMATIVE DEFENSE

And further answering, Hampden states that there was insufficient process and the Complaint must be dismissed pursuant to Rule 12(b)(4).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

And further answering, Hampden states that there was insufficiency of service of process pursuant to Rule 12(b)(5).

### TWENTY-SECOND AFFIRMATIVE DEFENSE

And further answering, Hampden denies that the Plaintiff is entitled to the damages claimed or to the relief demanded.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

And further answering, Hampden states that the cause of action alleged in Plaintiff's Complaint were not brought within the time specified under the applicable statute of limitations.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

And further answering, Hampden states that the Plaintiff may not recover against the Hampden because any damages were not due to any act of failure to act of Hampden but were caused solely by the intervening or superseding acts of a third-party or parties for whom Hampden is not responsible.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

And further answering, Hampden states that the Plaintiff was not in the exercise of due care, but rather the negligence of the Plaintiff contributed to or caused the injury or damage complained of, wherefore, the Plaintiff's recovery is barred in whole or in part, or is subject to diminution as a result of the Plaintiff's conduct.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

And further answering, Hampden gave no warranties, express of implied, to the Plaintiff or to anyone acting on the Plaintiff's behalf.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

And further answering, Hampden states that any claim the Plaintiff may have based on alleged breaches or express or implied warranties (allegations which Hampden specifically denies) is barred because the Plaintiff was not in privy of contract with Hampden.

### TWENTY-EIGHTH DEFENSE

And further answering, Hampden states that if there were expressed of implied warranties as alleged in the Complaint (allegations which Hampden specifically denies) the Plaintiff was not within the scope of any such alleged warranties because he was not a purchaser, and no sale to the Plaintiff ever occurred of any product allegedly used by Hampden.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

And further answering, Hampden states that the Plaintiff's claims based on allegations of express or implied warranty are barred for the reason that no sale of goods occurred within the meaning of Article 2, M.G.L. c. 106.

### THIRTIETH AFFIRMATIVE DEFENSE

And further answering, Hampden states that it is not a merchant as alleged by Plaintiff and as defined by Article 2, M.G.L. c. 106, and therefore is not subject to the application of warranty law in Massachusetts.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

And further answering, Hampden states that it owed no duty to the Plaintiff in this case and, therefore, the Plaintiffs claims must fail.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

And further answering, Hampden states that if Hampden, its agents or servants made any warranties, express or implied, (allegations which Hampden specifically denies) then Hampden denies that it breached any of the warranties.

### THIRTY-THIRD AFFIRMATIVE DEFENSES

And further answering, Hampden states that if Hampden's servants or agents made any express warranties (allegations that Hampden specifically denies) then the Plaintiff did not rely on the express warranties and further, there was no such reliance by any person or entity authorized to represent the Plaintiff.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

And further answering, Hampden states that the Plaintiff failed to give notice of the alleged breaches of warranties within a reasonable time as required by applicable status.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

And further answering, Hampden states that the failure of the Plaintiff to give the required statutory notice of the alleged breaches of warranties and negligence to

Hampden resulted in delay and prejudice to Hampden in this case and therefore, the Plaintiff cannot recover.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

And further answering, Hampden states that the Plaintiff was not a third party beneficiary with reference to any alleged warranties, either express or implied, and therefore, the Plaintiff cannot recover in this action.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

And further answering, Hampden states that if it were liable, negligent or in breach of warranty, all of which it expressly denies, Hampden's liability in any or all of those events has been terminated by the intervening acts, omissions, or negligence of others for whose conduct Hampden is not legally responsible

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

And further answering, Hampden states that if the Plaintiff proves that Plaintiff was injured as alleged, said injuries were caused by the intervening and/or superceding acts of third persons for whom Hampden is not liable.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

And further answering, Hampden states that the Plaintiff's employer or employers were negligent with respect to the matters set forth in the Complaint, that such negligence caused in whole or in part whatever disease, injury or disability, if any, which Plaintiff may have sustained, as set forth in the Complaint, and that the Plaintiff received workers' compensation benefits from his/her employer or employers. As a consequence, even if the Plaintiff may be entitled to recover against Hampden which Hampden specifically denies, he is not entitled to recover the amount being sought because Hampden is entitled

to set off all of the workers' compensation payments against any judgment which might be rendered in the Plaintiff's favor.

### FORTIETH AFFIRMATIVE DEFENSE

And further answering, Hampden states that the Plaintiff's claims are barred by estoppel and/or waiver.

### FORTY-FIRST AFFIRMATIVE DEFENSE

And further answering, Hampden states that if it mined, milled, manufactured, fabricated, supplied, sold or used any asbestos product, either directly or indirectly, on any site, which expressly denied, such product was supplied in accordance with and pursuant to specifications established and promulgated for that site, by agencies or departments of the appropriate municipality, of the Commonwealth of Massachusetts or the United States of America, other persons and/or entities.

### FORTY-SECOND AFFIRMATIVE DEFENSE

And further answering, Hampden states that at all relevant times hereto, the state of medical and scientific knowledge and the state of the art or the design and manufacture of asbestos-containing materials was such that Hampden neither knew nor should have known that such products presented a significant risk of harm to the Plaintiff.

### FORTY-THIRD AFFIRMATIVE DEFENSE

And further answering, Hampden states that the Plaintiff failed to mitigate damages and are therefore barred from recovery.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

And further answering, Hampden states that if the Plaintiff was a user of tobacco products, such use contributed to any lung disease from which the Plaintiff may now

suffer and further answering, Hampden states that since the tobacco industry placed warnings on its products as to the hazards associated with smoking, the Plaintiff should be foreclosed from any recovery for any lung disease or other asbestos related disease which Plaintiff allegedly developed.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

And further answering, Hampden states that the alleged injury or damage sustained as a result of the occupation of the Plaintiff was an occupational disease and accordingly Hampden is not liable or responsible for any occupational disease which was suffered or sustained by Plaintiff in the course of his employment over a number of years.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

And further answering, Hampden states that the utility of any of the alleged materials allegedly mined, milled, manufactured, fabricated, supplied, sold or used by Hampden outweighs the danger allegedly involved, and therefore, the Plaintiff's claims are barred as a matter of public policy.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

And further answering, Hampden states that since the Plaintiff is unable to identify the entity which mined, milled, manufactured, fabricated, supplied, sold or used the asbestos which allegedly caused him injury, they fail to state a cause of action upon which relief can be granted.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

And further answering, Hampden states that the Complaint fails to state a claim upon which relief can be granted to the extent that is seeks punitive or exemplary damages, which are not recoverable under applicable law.

### FORTY-NINTH AFFIRMATIVE DEFENSES

And further answering, Hampden states that the injuries or damages alleged were caused in whole or in part by the violation by the Plaintiff or of the various statutes, ordinances and regulations governing the conduct of the parties at the time said injuries or damage was sustained.

### FIFTIETH AFFIRMATIVE DEFENSE

And further answering, Hampden states that there was no negligence, gross negligence, willful, wanton, or malicious misconduct, reckless indifference or reckless disregard of the rights of the Plaintiff, or malice (actual, legal or otherwise) on the part of Hampden as to the Plaintiff herein.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

And further answering, Hampden states that any exposure of the plaintiff to products allegedly manufactured by Hampden which exposure Hampden vigorously denies, was so minimal as to be insufficient to establish a reasonable degree of probability that the exposure caused his/her claimed injuries and illness.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

And further answering, Hampden states that the Plaintiff is guilty of latches in bringing this action and are therefore barred from recovery.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

And further answering, Hampden reserves the right to raise additional affirmative defenses after discovery under Rule 8(c) of the Massachusetts Rules of Civil Procedure.

Respectfully submitted,

The Defendant,
HAMPDEN AUTOMOTIVE SALES
CORPORATION
By its attorneys,

_____
David M. Governo B.B.O. No. 205590
Jeniffer A.P. Carson B.B.O. No. 643862
Governo Law Firm LLC
260 Franklin Street 15th Floor
Boston, MA  02110
(617) 737-9045

## CERTIFICATE OF SERVICE

I, Jeniffer A.P. Carson, attorney for the defendant, Hampden Automotive Sales Corporation, in the above-entitled action, hereby certify that I served upon the Plaintiff's counsel and all other counsel of record a copy of Hampden Automotive Sales Corporation's Answer and Affirmative Defenses to Plaintiff's Complaint on this 11th day of July, 2005.

_____
Jeniffer A.P. Carson

## SCHEDULE OF COUNSEL SERVED

### For Plaintiff:

Andrew S. Wainwright, Esq.
Thornton & Naumes, LLP
100 Summer Street, 30th Floor
Boston, MA 02110

### For Defendants:

Metropolitan Life Insurance Company
Craig R. Waksler, Esq.
Lawrence Gingrow, Esq.
Taylor, Duane, Barton & Gilman
160 Federal Street, 5th Floor
Boston, MA 02110

John Crane, Inc.
David H. Stillman, Esq.
Stillman & Associates, P.C.
51 Mill Street, Suite 5
Hanover, MA 02339

Garlock Sealing Technologies
Craig R. Waksler, Esq.
Taylor, Duane, Barton & Gilman
160 Federal Street, 5th Floor
Boston, MA 02110

Rapid-American Corporation
Barbara S. Hamelburg, Esq.
155 Seaport Boulevard
Boston, MA 02110

Owens-Illinois and Owens-Illinois Glass Company
Peter J. Rubin, Esq.
100 Middle Street
Portland, ME 04104

Ford Motor Company
General Motors Corporation
DaimlerChrysler Corporation
Charles K. Mone, Esq.
Campbell, Campbell, Edwards & Conroy, P.C.
One Constitution Plaza
Boston, MA 02129

Ingersoll-Rand Company
Richard B. Kirby, Esq.
Keegan, Werlin & Pabian, LLP
265 Franklin Street
Boston, MA 02110

Bayer CropScience, Inc.
Mark O. Denehy, Esq.
Victoria M. Almeida, Esq.
R. Bart Totten, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903