UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

-----------------------------------------------------------------------------------------------X

| | |
|---|---|
| Charles Clayton, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Case Number: 05-11078 DPW |
| Metropolitan Life Insurance | ) |
| Company, et. al. | ) |
| | ) |
|     Defendants | ) |

### DEFENDANT GENERAL MOTORS CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

The Defendant, General Motors Corporation ("General Motors") hereby responds to the plaintiff's complaint as follows:

1. General Motors does not have sufficient knowledge or information available to respond to the allegations of paragraph 1 of the Complaint.

2A-2S. General Motors does not have sufficient knowledge or information available to respond to the allegations of paragraphs 2A-2S of the Complaint.

2T. General Motors admits that it is a Delaware corporation with a principal place of business in Michigan and that it has conducted business in the Commonwealth of Massachusetts.

2U-2V. General Motors does not have sufficient knowledge or information available to respond to the allegations of paragraphs 2U-2V of the Complaint.

3-8. General Motors does not have sufficient knowledge or information to respond to paragraphs 3-8 of the Complaint but to the extent they allege or imply wrongdoing, fault, liability or damages attributable to General Motors those allegations are denied.

## COUNT I
## NEGLIGENCE

9. General Motors incorporates its responses to Paragraphs 1-8 of the Complaint as if set forth at length.

10-15. General Motors does not have sufficient knowledge or information to respond to paragraphs 10-15 of the Complaint but to the extent they allege or imply wrongdoing, fault, liability or damages attributable to General Motors those allegations are denied.

## COUNT II
## BREACH OF EXPRESSED AND IMPLIED WARRANTY

16. General Motors incorporates its responses to Paragraphs 1-15 of the Complaint as if set forth at length.

17-22. General Motors does not have sufficient knowledge or information to respond to paragraphs 17-22 of the Complaint but to the extent they allege or imply wrongdoing, fault, liability or damages attributable to General Motors those allegations are denied.

## COUNT III
## CONSPIRACY OR CONCERT OF ACTION: METROPOLITAN ONLY

23. General Motors incorporates its responses to Paragraphs 1-22 of the Complaint as if set forth at length.

24-29. The allegations of paragraphs 24-29 are not directed at General Motors and no response is required. However, to the extent these allegations allege or imply wrongdoing, fault, liability or damages attributable to General Motors those allegations are denied.

## COUNT IV
## UNDERTAKING OF SPECIAL DUTY: METROPOLITAN ONLY

30. General Motors incorporates its responses to Paragraphs 1-29 of the Complaint as if set forth at length.

31-35. The allegations of paragraphs 31-35 are not directed at General Motors and no response is required. However, to the extent these allegations allege or imply wrongdoing, fault, liability or damages attributable to General Motors those allegations

are denied.

## COUNT V
## MALICIOUS, WILLFUL, WANTON AND RECKLESS CONDUCT OR GROSS NEGLIGENCE

36. General Motors incorporates its responses to Paragraphs 1-35 of the Complaint as if set forth at length.

37-42. General Motors does not have sufficient knowledge or information to respond to paragraphs 37-42 of the Complaint but to the extent they allege or imply wrongdoing, fault, liability or damages attributable to General Motors those allegations are denied.

### First Defense

The Complaint, and each count thereof, fails to state a claim against General Motors upon which relief can be granted.

### Second Defense

The court lacks jurisdiction over General Motors because of the insufficiency of process and service of process, including untimely service of process.

### Third Defense

The court lacks subject matter jurisdiction over General Motors.

### Fourth Defense

Plaintiff's claims against General Motors are barred because plaintiff's exclusive remedy is recovery of workmen's compensation benefits.

### Fifth Defense

Plaintiff's claims are barred because they were not brought within the times prescribed by the applicable statutes of limitations.

### Sixth Defense

Plaintiff's claims are barred because the injuries and damages allegedly suffered by the plaintiff resulted from or were caused by the contributory negligence of the plaintiff.

### Seventh Defense

General Motors says that the injuries and damages allegedly suffered by the plaintiff resulted from or were caused or contributed to by the negligence of the plaintiff,

which negligence was equal to or greater than any alleged negligence of General Motors or any alleged total negligence of the defendants.

### Eighth Defense

General Motors performed each and every duty, if any, owed to the plaintiff and was not negligent.

### Ninth Defense

Any conduct allegedly causing liability on the part of General Motors was not a substantial or causative factor of the plaintiff resulting injuries or damages.

### Tenth Defense

Plaintiff are not entitled to recover in the amounts prayed for in the complaint because the negligence of the plaintiff has diminished whatever right, if any, plaintiff might ever have had to such recovery.

### Eleventh Defense

Plaintiff's claims are barred because the plaintiff knowingly assumed the risk of the injuries and damages allegedly suffered.

### Twelfth Defense

Plaintiff's claims are barred because the injuries and damages allegedly suffered by the plaintiff were caused by the intervening and/or superseding negligence or other acts or omissions of third persons or entities.

### Thirteenth Defense

Plaintiff is barred from maintaining this action by the doctrine of laches.

### Fourteenth Defense

Plaintiff's claims are barred by estoppel and waiver.

### Fifteenth Defense

Plaintiff may have failed to mitigate their damages.

### Sixteenth Defense

Plaintiff's claims are barred because the injuries and damages allegedly suffered by the plaintiff resulted from or were caused by misuse of products by the plaintiff.

### Seventeenth Defense

The injuries of which the plaintiff complains were caused by the acts and omissions of persons or entities for which General Motors is not responsible.

### Eighteenth Defense

Plaintiff's claims are barred because the injuries and damages allegedly suffered were caused in whole or in part by the violation by the Plaintiff, their servants or agents, of the various statutes, ordinances and regulations governing the conduct of the parties at the time said injuries or damages were sustained.

### Nineteenth Defense

Any asbestos products which may have been sold or used by General Motors were not unsafe.

### Twentieth Defense

General Motors did not fail to take reasonable precautions and did not fail to exercise reasonable care.

### Twenty-First Defense

Any asbestos products which may have been sold or used by General Motors were not incorrectly packaged.

### Twenty-Second Defense

General Motors did not mine asbestos or asbestos products.

### Twenty-Third Defense

Any asbestos products which may have been sold or used by General Motors were not defective.

### Twenty-Fourth Defense

General Motors denies that it or its agents or servants made any implied warranties as alleged.

### Twenty-Fifth Defense

General Motors says that if any of its agents or servants made any warranties (allegations which it specifically denies) then its agents or servants did so without authority, expressed or implied.

### Twenty-Sixth Defense

General Motors says that if its servants or agents made any warranties (allegations which it specifically denies) then the plaintiff did not rely on the warranties and further, there was no such reliance by any person or entity authorized to represent the plaintiff.

### Twenty-Seventh Defense

General Motors says that if it or its agents or servants made any warranties express or implied (allegations which the defendant specifically denies) then General Motors denies that it breached any of the warranties.

### Twenty-Eighth Defense

General Motors says that the plaintiff failed to give notice of the alleged breach of warranties within a reasonable time as required by applicable statutes.

### Twenty-Ninth Defense

General Motors says that the failure of the plaintiff to give the required statutory notice of the alleged breaches of warranties to General Motors resulted in delay and prejudice to General Motors in this case and therefore the plaintiff cannot recover.

### Thirtieth Defense

General Motors denies that privity of contract between the plaintiff and General Motors ever existed.

### Thirty-First Defense

General Motors says that the Plaintiff's employer or employers were negligent with respect to the matters set forth in the complaint, that such negligence caused in whole or in part whatever disease, injury or disability, if any, which the plaintiff may have sustained, as set forth in the complaint and that the plaintiff received workmen's compensation benefits from Plaintiff's employer or employers. Therefore, even if the plaintiff is entitled to recover against General Motors which General Motors specifically denies, they is not entitled to recover in the amount set forth in the complaint because General Motors is entitled to set off any and all of the aforesaid workmen's compensation payments against any judgment which might be rendered in the Plaintiff's favor.

### Thirty-Second Defense

Any asbestos products which may have been sold or used by General Motors were not unreasonably dangerous.

### Thirty-Third Defense

Any asbestos products which may have been sold or used by General Motors may have been substantially changed in their condition after said products left the possession and control of General Motors.

### Thirty-Fourth Defense

General Motors provided all necessary, required or adequate warnings and instructions.

### Thirty-Fifth Defense

The injuries and/or losses alleged to have been sustained were not caused by any product produced, sold or used by General Motors.

### Thirty-Sixth Defense

The injuries and/or losses alleged to have been sustained were not caused by the conduct of General Motors.

### Thirty-Seventh Defense

The liability of General Motors, if any, is barred or limited by the provisions of the applicable Workmen's Compensation Act or the Occupational Disease Act.

### Thirty-Eighth Defense

General Motors says that no sale of goods occurred within the meaning of Article 2 of the Uniform Commercial Code.

### Thirty-Ninth Defense

Recovery is barred by the doctrines of collateral estoppel and/or res judicata.

### ANSWERS TO ALL PENDING AND FUTURE CROSS-CLAIMS

General Motors answers the cross-claims of all co-defendants (including third-party defendants), however asserted or alleged, as follows:

1. General Motors denies all cross-claims for contribution alleged against it by any party-defendant.

2. General Motors denies all cross-claims for indemnification alleged against it by any party-defendant.

3. General Motors denies each and every allegation contained in the cross-claims not expressly admitted herein.

4. General Motors repeats and incorporates by reference its Affirmative Defenses set forth in the Answer of General Motors to the Complaint.

**WHEREFORE**, General Motors demands judgment in its favor on any and all

cross-claims asserted against it, together with costs and such further relief, as the court deems appropriate.

## JURY DEMAND

General Motors demands a trial by jury on all issues.

GENERAL MOTORS CORPORATION
By Its Attorneys,
CAMPBELL CAMPBELL EDWARDS & CONROY
PROFESSIONAL CORPORATION

_____
Holly M. Polglase # 553271
Charles K. Mone #351660
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

## CERTIFICATE OF SERVICE

I, Charles K. Mone, Counsel for the Defendant, do hereby certify that a true copy of the above document was served on all Counsel via ECF.

_____
Charles K. Mone